IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Keith Snyder**, on behalf of himself and all others similarly situated, | Case No. 1:14-cv-8461 |
| Plaintiffs, | Hon. Matthew F. Kennelly |
| v. | |
| **Ocwen Loan Servicing, LLC,** | Jury Trial Demanded |
| Defendant. | |

**Plaintiff's Motion for Class Certification**

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this Telephone Consumer Protection Act case as a class action for the following classes of similarly situated persons:

> All persons who had or have a number assigned to a cellular telephone service, which number was called by Defendant using an automatic telephone dialing system and/or an artificial or prerecorded voice from four years prior to the date of filing through the date of trial. Excluded from the class are persons who Defendant called for emergency purposes and persons who voluntarily provided their cellular telephone numbers to their original creditor during the transaction that resulted in the debt owed.

Plaintiff further requests that he be appointed as the class representative and that his counsel, the Ankcorn Law Firm, PC, and The Cabrera Firm, APC, be appointed as class counsel.

Plaintiff files this motion along with the complaint and before Defendant has been served or appeared in this matter in order to avoid the plaintiff from being "picked off" through a Rule 68 or individual settlement offer pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). Plaintiff respectfully requests that this

Court stay briefing on the motion and provide plaintiff sufficient discovery to further support and supplement this motion.

In further support of this motion, plaintiff states:

1. The Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") prohibits any person, including mortgage servicers, from calling cell phones using autodialers and/or prerecorded messages; so-called "robocalls." *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740, 745 (2012); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012). Any telephone system that has the capacity to dial numbers without human intervention is a "predictive dialer" and is regulated by the Act. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559, 566 paragraphs 12-14 (January 4, 2008).

2. Defendant called plaintiff on his cell phone using a predictive dialer and prerecorded message numerous times in order to collect a debt, even after plaintiff had demanded that the calls stop.

3. The United States Supreme Court recently found that federal question subject matter jurisdiction exists for debt collection TCPA claims against creditors, such as this one. The unanimous Court explained the Congressional intent of the law this way:

> In enacting the TCPA, Congress made several findings relevant here. Unrestricted telemarketing, Congress determined, can be an intrusive invasion of privacy. TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings). In particular, Congress reported many consumers are outraged over the proliferation of intrusive, nuisance telemarketing calls to their homes. Automated or prerecorded telephone calls made to private residences, Congress found, were rightly regarded by recipients as an invasion of privacy.

*Mims*, 132 S.Ct. 740, 745 (2012) (internal citations omitted).

4. The Seventh Circuit in *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012), explained why "robocalls" like those which are challenged in this case cause so much annoyance and frustration among consumers:

> The machine, called a predictive dialer, works autonomously until a human voice comes on the line. If that happens, an employee in Bill Collector's call center will join the call. But Customer no longer subscribes to Cell Number, which has been reassigned to Bystander. A human being who called Cell Number would realize that Customer was no longer the subscriber. But predictive dialers lack human intelligence and, like the buckets enchanted by the Sorcerer's Apprentice, continue until stopped by their true master. Meanwhile Bystander is out of pocket the cost of the airtime minutes and has had to listen to a lot of useless voicemail. (We use Bill Collector as the caller, but this simplified description could as easily use an advertiser that relies for consent on earlier transactions with Customer, or a box that Consumer checked on a vendor's web site.)

*Soppet*, 679 F.3d 637, 638-9 (7th Cir. 2012).

5. Numerous TCPA class actions have been certified. At least two such certification orders, *Balbarin v. North Star Capital Acquisition, LLC*, 1:10-cv-1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), and *Mitchem v. Illinois Collection Service*, 1:09-cv-7274, 2011 U.S. Dist. LEXIS 714 (N.D. Ill. Jan. 3, 2011) were §227(b) autodialer/prerecorded message cases against debt collection agencies, and are analogous to this case.

6. So-called "junk fax" TCPA cases, which are regularly certified in this District, are also analogous to this one. The Seventh Circuit recently refused to reverse Judge Bucklo's certification of a TCPA "junk fax" case on any ground other than the adequacy of the questionably truthful class representative in *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721 (7th Cir. 2011). While the District Judge was instructed to reevaluate adequacy, the Seventh Circuit stated that the merits of the case,

including the defendant's consent defense—win or lose—might well be suitable for determination on a classwide basis. *Id.*, at 728.

7. Other TCPA class certifications abound. *Sadowski v. Med1 Online, LLC*, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *Hinman v. M & M Rental Ctr.*, 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); *Kavu, Inc. v. Omnipak Corp.*, 246 F.R.D. 642 (W.D.Wash. 2007); *Gortho, Ltd., v. Websolv*, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Okla. Ct. App. 2006); *Display South, Inc. v. Express Computer Supply, Inc.*, 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions).

8. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

9. **Numerosity**. There is no reason to purchase or use a predictive dialer, other than to make a large volume of calls. Furthermore, given the nature of the alleged violations (making automatically dialed and prerecorded message calls), it is reasonable to infer that the defendant made impermissible robocalls to more than the 40 or so individuals necessary to satisfy numerosity. Joinder is therefore impracticable and satisfies the numerosity requirement for certification purposes. Fed.R.Civ.P.

23(a)(1). Plaintiff requests time enough in briefing this motion in order to obtain discovery on this issue.

10. **Common Questions Predominate.** There exist common questions of law and fact, which predominate over any individual questions. The class definition ensures that all of class members have identical claims, both factually and legally. Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

11. **Typicality.** Similarly, plaintiff's claims are typical of the other class members. All of the claims are based upon a substantially identical set of facts and circumstances because the same dialer or dialers and similar messages were used for the entire class. Fed.R.Civ.P. 23(a)(3).

12. **Adequacy.** Plaintiff and counsel will fairly and adequately represent the class. Plaintiff's interests in this litigation are aligned with those of the class, and he has hired attorneys who are experienced in class action and consumer litigation. Fed.R.Civ.P. 23(a)(4).

13. **Defendant's Actions are Generally Applicable.** The defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves. Defendant called each class member on his or her cellular telephone using an autodialer and/or prerecorded message. Class-wide injunctive relief is available under the TCPA (see 47 U.S.C. §227(b)(3)(A)), along with corresponding declaratory relief is therefore appropriate. Fed.R.Civ.P. 23(b)(2). All class members would benefit from the cessation of these annoying calls.

14. **Superiority.** It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions. Plaintiff is not aware of

any other cases alleging similar facts against this defendant, likely because the other members of the class are not aware that their rights have been violated. Further, a class action is necessary to determine that defendant's conduct is a violation of law and to redress the class members' statutory damages. Fed.R.Civ.P. 23(b)(3). The issue of whether defendant's equipment and messages complied with the TCPA predominates over any individual issues that may arise.

15. Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class. Plaintiff requests that the Court set a briefing schedule for this motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

16. There is an affirmative defense available to a TCPA creditor defendant like Ocwen Loan Servicing, LLC, which may be proven by showing through clear and convincing evidence that it received the phone number it called from the called party, with respect to the alleged debt about which it was calling. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GC Doc. 02-278, 23 FCC Rcd. 559, 565 ¶¶ 9-12 (January 4, 2008) ("We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.") The class in this case is defined so that the defense is not available to any class member, because defendant did not receive any class members' telephone number from the recipients of the calls, with respect to the alleged debt about which it was calling.

///

17. **Wherefore** plaintiff respectfully requests that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Keith Snyder as class representative, and his attorneys Ankcorn Law Firm, PC, and The Cabrera Firm, APC, as class counsel.

Respectfully submitted,

Dated: October 28, 2014

ANKCORN LAW FIRM, PC

*/s/ Mark Ankcorn*
N.D. Illinois General Bar No. 1159690
California Bar No. 166871
*mark@ankcorn.com*

11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600 phone
(619) 684-3541 fax

Local Office:
Ankcorn Law Firm, PC
1608 S. Ashland Ave. #92015
Chicago, Illinois 60608-2013

Guillermo Cabrera
(to be admitted pro hac vice)
*gil@cabrerafirm.com*
Jared Quient
(to be admitted pro hac vice)
THE CABRERA FIRM, APC
600 West Broadway, Suite 700
San Diego, California 92101
(619) 500-4880
(619) 785-3380 fax

Attorneys for Plaintiffs