IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Keith Snyder**, on behalf of himself and all others similarly situated, | Case No. 1:14-cv-8461 |
| Plaintiffs, | Hon. Matthew F. Kennelly |
| v. | |
| **Ocwen Loan Servicing, LLC,** | Jury Trial Demanded |
| Defendant. | |

**Plaintiff's Motion for Class Certification — FDCPA**

Plaintiff respectfully requests that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this Fair Debt Collection Practices Act case as a class action for the following classes of similarly situated persons:

> All persons from whom Defendant has collected or attempted to collect on a consumer debt that is no longer enforceable in a court action because it is past the statute of limitations under the applicable law of the state where the obligation was incurred, from one year prior to the date of filing through the date of trial.

Plaintiff further requests that he be appointed as the class representative and that his counsel, the Ankcorn Law Firm, PC, and The Cabrera Firm, APC, be appointed as class counsel.

Plaintiff files this motion along with the complaint and before Defendant has been served or appeared in this matter in order to avoid the plaintiff from being "picked off" through a Rule 68 or individual settlement offer pursuant to *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011). Plaintiff respectfully requests that this Court stay briefing on the motion and provide plaintiff sufficient discovery to further support and supplement this motion.

In further support of this motion, plaintiff states:

1. **The FDCPA**

The purpose of the Fair Debt Collection Practices Act ("FDCPA") is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). This law "is designed to protect consumers from unscrupulous collectors, regardless of the validity of the debt." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information about alleged debts, and about their rights as consumers. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

In enacting the FDCPA, Congress recognized the

> universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule.... [The] vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce.

95 S.Rep. 382, at 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1697. *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008) held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct. This intent cannot be underestimated." See *Sonmore v. CheckRite Recovery Services, Inc.*, 187 F.Supp.2d 1128, 1132 (D.Minn. 2001) (the FDCPA "is a remedial strict liability statute which was intended to be applied in a liberal manner"); *Owens v. Hellmuth & Johnson PLLC*, 550 F.Supp.2d 1060, 1063 (D.Minn. 2008) (same); and *Rosenau v. Unifund Corp.*, 539 F.3d 218,

221 (3d Cir. 2008) (the FDCPA should be "[construed]... broadly, so as to effect its purpose"). Further, "Congress intended the Act to be enforced primarily by consumers...." *Federal Trade Commission v. Shaffner*, 626 F.2d 32, 35 (7th Cir. 1980). The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

The Seventh Circuit has long held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003), held that the "test for determining whether a debt collector violated [the FDCPA] is objective, turning not on the question of what the debt collector knew but on whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer. *Gammon v. GC Servs. Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)."

FDCPA Plaintiffs need not prove intent, bad faith or negligence; "debt collectors whose conduct falls short of [the FDCPA's] requirements are liable irrespective of their intentions." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 805-806 (7th Cir. 2009). And pursuant to 15 U.S.C. §1692k, statutory damages are recoverable for violations regardless of whether the consumer proves actual damages — "[all] that is required is proof that the statute was violated, although even then it is within the district court's discretion to decide whether and if so how much to award, up to the $1,000 ceiling." *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); accord *Quiroz v. Revenue Production Management, Inc.*, 252 F.R.D. 438, 444 (N.D.Ill. 2008); *Blarek v. Encore Receivable Management*, 244 F.R.D. 525, 528 (E.D.Wis. 2007).

2.    **Standard for Class Certification**

Class actions are essential to enforce laws protecting consumers. As one appellate court noted in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 1004-1005; 574 N.E.2d 760, 766 (1st Dist. 1991):

> In a large and impersonal society, class actions are often the last barricade of consumer protection.... To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action – private suits or governmental actions – have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer.

Recently, the Second Circuit noted that class actions allow for the aggregation of small claims held by many consumers. Denial of certification would lead to a situation where consumers holding a small claim would be less likely to pursue relief given the costs involved, to the benefit of businesses which, in violating the law, obtain a significant financial benefit from their actions without fear of meaningful litigation. *Ross v. Bank of America, N.A.*, 524 F.3d 217 (2d Cir. 2008).

Congress expressly recognized the propriety of a class action under the FDCPA, by providing special damage provisions and criteria in 15 U.S.C. §§ 1692k(a) and 1692k(b) class action cases. As a result, numerous FDCPA class actions have been certified, including dozens in this District, such as *Hale v. AFNI, Inc.* 264 F.R.D. 402 (N.D.Ill. 2009); *Castro v. Collecto, Inc.*, 256 F.R.D. 534 (W.D.Tex. 2009); *Randolph v. Crown Asset Management LLC*, 254 F.R.D. 513 (N.D.Ill. 2008); *Herkert v. MRC Receivables Corp.*, 254 F.R.D. 344 (N.D.Ill. 2008); *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366 (N.D.Ill.

2008); *Wahl v. Midland Credit Management, Inc.*, 243 F.R.D. 291 (N.D.Ill. 2007); *Hernandez v. Midland Credit Management, Inc.*, 236 F.R.D. 406 (N.D.Ill. 2006); *Lucas v. GC Services LP*, 226 F.R.D. 337 (N.D.Ind. 2005) and others.

3.  **The Proposed Class Satisfies Rule 23**

All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.

1.  **Numerosity**. Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." *Driver v. AppleIllinois LLC*, 265 F.R.D. 293, 300 (N.D.Ill. 2010) held that "plaintiffs are not required to specify the exact number of persons in the class; a properly-supported estimate is sufficient." A court may make common sense assumptions to determine class size. *Hispanics United of DuPage Co. v. Village of Addison, Illinois*, 160 F.R.D. 681, 688 (N.D.Ill. 1995). The Seventh Circuit has not provided specific guidance about when a putative class is large enough to satisfy the numerosity requirement, but the minimum number of class members seems to be forty as a class with fewer members would be practical to join in a single action. *Pruitt v. City of Chicago*, 472 F.3d 925, 926 (7th Cir. 2006) ("joinder of fewer than 40 workers ... would be practical"). Here, Ocwen is the largest non-bank mortgage servicer in the United States and regularly purchases loan portfolios from other originating lenders. A significant portion, if not a majority, of the loans it services are in default at the time they are acquired by Ocwen and many have passed the statute of limitations for that defaulted loan. Furthermore, Ocwen places hundreds of thousands of phone calls per day in servicing these defaulted loans and uses automatic telephone dialing systems to do so, without regard to whether the recipient of the call has provided his or her express prior consent to be so contacted. By violating numerous state and federal laws

in its efforts to collect on consumer debts, Ocwen violates the FDCPA. It does so pursuant to established policies and procedures and using form letters which it sends to the persons it believes responsible for paying the loans. It is reasonable to assume that there are at least forty people in the class. Plaintiff will obtain the exact number of class members through discovery and requests a briefing schedule long enough to obtain such information.

  2. **Common Questions Predominate**. There exist common questions of law and fact, which predominate over any individual questions. The class definition ensures that all of class members have identical claims, both factually and legally. Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

  3. **Typicality**. Similarly, plaintiff's claims are typical of the other class members. All of the claims are based upon a substantially identical set of facts and circumstances because the same dialer or dialers and similar messages were used for the entire class, as well as the same set of standard correspondence. Fed.R.Civ.P. 23(a)(3).

  4. **Adequacy**. Plaintiff and counsel will fairly and adequately represent the class. Plaintiff's interests in this litigation are aligned with those of the class, and he has hired a lawyer experienced in class action and consumer litigation. Fed.R.Civ.P. 23(a)(4).

  5. **Defendant's Actions are Generally Applicable**. The defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves. Defendant called each class member on his or her cellular telephone using an autodialer and/or prerecorded message and sent similar form letters stating balances due to each borrower upon

acquisition of servicing rights. Class-wide injunctive relief is available under the FDCPA (see 15 U.S.C. § 1692k), along with corresponding declaratory relief is therefore appropriate. Fed.R.Civ.P. 23(b)(2). All class members would benefit from the cessation of these unfair and deceptive collection practices.

      6.    **Superiority**. It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions. Plaintiff is not aware of any other cases alleging similar facts against this defendant, likely because the other members of the class are not aware that their rights have been violated. Further, a class action is necessary to determine that defendant's conduct is a violation of law and to redress the class members' statutory damages. Fed.R.Civ.P. 23(b)(3). The issue of whether defendant's equipment and messages complied with the TCPA and whether defendant made appropriate disclosures to make its communications non-deceptive predominates over any individual issues that may arise.

      7.    Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class. Plaintiff requests that the Court set a briefing schedule for this motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

      ///

8. **Wherefore** plaintiff respectfully requests that this Court certify this case as a class action as to the class defined herein, and appoint plaintiff Keith Snyder as class representative, and his attorneys Ankcorn Law Firm, PC, and The Cabrera Firm, APC, as class counsel.

Respectfully submitted,

Dated: October 28, 2014

ANKCORN LAW FIRM, PC

*/s/ Mark Ankcorn*
N.D. Illinois General Bar No. 1159690
California Bar No. 166871
*mark@ankcorn.com*

11622 El Camino Real, Suite 100
San Diego, California 92130
(619) 870-0600 phone
(619) 684-3541 fax

Local Office:
Ankcorn Law Firm, PC
1608 S. Ashland Ave. #92015
Chicago, Illinois 60608-2013

Guillermo Cabrera
(to be admitted pro hac vice)
*gil@cabrerafirm.com*
Jared Quient
(to be admitted pro hac vice)
THE CABRERA FIRM, APC
600 West Broadway, Suite 700
San Diego, California 92101
(619) 500-4880
(619) 785-3380 fax

Attorneys for Plaintiffs