UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Keith Snyder and Susan Mansanarez, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Ocwen Loan Servicing, LLC, <br><br> Defendant. | Case No. 1:14-cv-08461 <br><br> Honorable Matthew F. Kennelly <br><br> Consolidated |
| Tracee A. Beecroft, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Ocwen Loan Servicing, LLC, <br><br> Defendant. | Case No. 1:14-cv-08461 <br><br> Honorable Matthew F. Kennelly <br><br> Consolidated |

**OCWEN'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
TO AMEND THEIR COMPLAINT TO ADD TRUSTEE DEFENDANTS**

## Table of Contents

Introduction ........................................................................................................................1

Argument ..........................................................................................................................2

The Court should deny Plaintiffs' motion for leave to amend
to add the Trustees as defendants......................................................................................2

    A.    Plaintiffs' request to amend has been unduly delayed. .........................................2

    B.    Plaintiffs' proposed amendment will prejudice the Trustees and Ocwen ............3

Conclusion ........................................................................................................................5

# Table of Authorities

**Cases**                                                                                                                       **Page(s)**

Bank of Am., N.A. v. Gould,
    2012 WL 3133609 (N.D. Ill. July 31, 2012)..................................................................4

Boyd v. Illinois State Police,
    2001 WL 726988 (N.D. Ill. June 28, 2001)..................................................................4

Cont'l Bank, N.A. v. Meyer,
    10 F.3d 1293 (7th Cir. 1993) .........................................................................................3

Feldman v. Allegheny Int'l Inc.,
    850 F.2d 1217 (7th Cir. 1988) ......................................................................................3

Lyons v. Cook Cty.,
    2015 WL 6673901 (N.D. Ill. Oct. 30, 2015)..............................................................2, 4

**Other Authorities**

Fed. R. Civ. P. 15 ..............................................................................................................2, 3

6 Charles Alan Wright & Arthur R. Miller,
    Federal Practices and Procedure, § 1488 (3d ed.).........................................................5

## Introduction

Plaintiffs seek to amend their complaint to add as defendants the trustees of the three mortgage securitization trusts (the "Trustees") to which Plaintiffs' mortgage loans were conveyed, alleging that the TCPA makes these Trustees liable for calls made by Ocwen that violate the TCPA. (Proposed Am. Compl. ¶¶ 88-109.) But Plaintiffs' motion is based on two very doubtful premises.

First, Plaintiffs claim that they didn't know until recently about Ocwen's supposed "inability to compensate Plaintiffs and the proposed class" for the calls they put in issue. (Pl. Mem. at 4.) Plaintiffs contend that their class contains approximately 1.5 million persons who, they claim, received approximately 150 million calls that violated the TCPA. (See Pl. Mem. in Support of Mot. for Prel. Inj., ECF 97, at 4.) That statute provides damages of $500 a call, or $1500 if the violation is held to be willful. Thus Plaintiffs' ad damnum is between $75 and $225 billion. Plaintiffs claim that they only recently learned that Ocwen can't pay such amounts. Simply put, Plaintiffs position is not believable. Ocwen is a publicly traded company, and thus is required to file detailed public financial reports. And even a cursory review of such reports makes clear that Ocwen has never had the ability to pay even a small fraction of these amounts.

Second, Plaintiffs claim that the Trustees will not be unduly prejudiced if they are added to the case because there are still six weeks left for discovery. The amended complaint seeks to impose many billions of dollars of liability on these Trustees, but to require them to live with the discovery record made to date and whatever other discovery they might be able to do in the time remaining would work a great injustice.

As a result, Plaintiffs' requested amendment is simply too late, too prejudicial, and does not satisfy Rule 15.[1]

## Argument

### The Court should deny Plaintiffs' motion for leave to amend to add the Trustees as defendants

**A.     Plaintiffs' request to amend has been unduly delayed.**

Plaintiffs themselves point out that the focus of a Rule 15 motion to amend "should be on the moving party's reasons for the delay." (Pl. Mem. at 3, citing Lyons v. Cook Cty., 2015 WL 6673901 at *2 (N.D. Ill. Oct. 30, 2015).) Plaintiffs' proffered reason for failing to seek to join the Trustees until now is that "Plaintiffs have learned information over the last two months that leads them to believe Ocwen may not be able to satisfy a judgment." (Pl. Mem. at 4.) But as long as this lawsuit has existed, Plaintiffs have had access to pertinent information about Ocwen's financial position from its public filings. This information makes it clear that Ocwen could not satisfy the vast judgment they are seeking. Plaintiffs' suggested reason is a pretext: rather, they have now determined that it's to their strategic advantage to seek to add the Trustees to the case.

Plaintiffs also argue that they didn't know who the Trustees were because Ocwen didn't "complet[e] its disclosures of the trusts that hold Plaintiffs' loans" until November 10, 2016. (Pl. Mem. at 1-2.) Again, this position is without merit. Plaintiffs' counsel didn't ask Ocwen to identify the trusts until November, 2016 -- over a year and a half after discovery had commenced and over two years after the complaint was filed.[2] Moreover, the individual Plaintiffs could at

---

[1]     Ocwen takes no position on whether the Proposed Amended Complaint would state a claim against the Trustees. The Trustees will no doubt make any such arguments in a motion to dismiss, if the amendment is allowed.

[2]     Plaintiffs claim that they asked for this information in an "all documents" request issued earlier in the litigation. Ocwen objected to that request because of its vagueness, and

any time have contacted Ocwen and asked for the names of the trusts which hold their loans. Indeed, as the Consumer Financial Protection Bureau website instructs borrowers: "The servicer is obligated to provide you, to the best of its knowledge, with the name, address and telephone number of the owner of your loan."[3] Thus, Plaintiffs did not even need to resort to formal discovery to obtain such information -- Ocwen was obligated to provide it upon their request at any time.

Plaintiffs could therefore have brought their claims against these Trustees at any time during the life of this lawsuit. They chose not to do so. Now, however, just six weeks before the close of discovery, they have changed their minds -- not because of any new facts, but because they have adopted a new strategy in the litigation. But an eleventh hour strategy change cannot excuse Plaintiffs' tardiness. E.g., Feldman v. Allegheny Int'l Inc., 850 F.2d 1217, 1225 (7th Cir. 1988) (Rule 15 is not a license for "gamesmanship"); Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1298 (7th Cir. 1993) (amendment was properly denied when the new claim could have been brought at any time, and amendment would require additional discovery). As a result, their Motion to Amend should be denied.

B. **Plaintiffs' proposed amendment will prejudice the Trustees and Ocwen.**

Plaintiffs' proposed amended complaint seeks to make the Trustees liable not only for all calls improperly made to the Plaintiffs, but for all calls made to any class members with loans conveyed to mortgage securitization trusts for which they are the Trustees. (Proposed Am. Compl. ¶ 126.)

---

Plaintiffs didn't take issue with that objection until the beginning of November when they issued further requests specifically requesting this information.
   [3]   http://www.consumerfinance.gov/askcfpb/214/how-can-i-tell-who-owns-my-mortgage.html, visited December 5, 2016.

- 3 -

The Trustees are connected to a significant percentage of the mortgage securitizations in the United States, likely acting as trustees for approximately 30% of all such securitizations. Plaintiffs claim that Ocwen made approximately 150 million calls in violation of the TCPA. By adding the Trustees, then, Plaintiffs are seeking to make the Trustees liable for at least 30% of these 150 million calls, amounting to damages between $22.5 and $67.5 billion. [4]

Even if the Court were to grant Plaintiffs' motion today, Plaintiff's delay would deprive the Trustees of any meaningful time to take discovery in order to defend themselves against this potential multi-billion dollar liability. Significantly, in virtually all of this Court's opinions that Plaintiffs cite in their Motion, the Court acknowledged that the amendment would likely require an extension of the discovery schedule. For example, Plaintiffs state that in Bank of Am., N.A. v. Gould, 2012 WL 3133609 at *6 (N.D. Ill. July 31, 2012), the Court allowed amendment to add new parties and claims even though only four months remained for discovery. (Pl. Mem. at 5-6.) But the Court there extended the discovery cut-off for a further 60 days to allow discovery regarding the new parties and claims, so there was 6 months left for discovery. Here there are fewer than 6 weeks left for discovery. Thus, adding the Trustees as defendants at such a procedurally mature stage would necessitate that the discovery period -- which has already been open for over a year and a half -- be extended significantly. See Boyd v. Illinois State Police, 2001 WL 726988 at *2, *5 (N.D. Ill. June 28, 2001) (cited Pl. Mem. at 5) ("any amendment inevitably results in new discovery and some delay"; granting amendment and re-opening discovery for 60 days); Lyons v. Cook Cty., 2015 WL 6673901 at *3 (N.D. Ill. Oct. 30, 2015) (cited Pl. Mem. at 3) (acknowledging that discovery into new plaintiffs added to a prisoner First Amendment case might have an effect on discovery schedule).

---

[4] Even if this 30% estimate were wrong by as much as a factor of 3, these Trustees' potential damages would still be many billions of dollars.

- 4 -

In addition, Plaintiffs' amendment would also prejudice Ocwen, as the Trustees would likely seek to require Ocwen to pay for their defense costs if they were added as defendants in the litigation. See, e.g., Pooling and Servicing Agreement for Mansanarez loan at § 7.03 (describing circumstances in which the servicer is to indemnify the trustee, for, inter alia, legal costs).[5]

## Conclusion

"[A]mendment clearly will not be allowed when the moving party has been guilty of delay in requesting leave to amend and, as a result of the delay, the proposed amendment, if permitted, would have the effect of prejudicing another party to the action." 6 Charles Alan Wright & Arthur R. Miller, Federal Practices and Procedure, § 1488 (3d ed.). For the reasons stated herein, Plaintiffs' delay was unreasonable and will cause substantial prejudice to both the Trustees and Ocwen, so the Court should deny their motion.

Respectfully submitted,

/s/ Ryan A. Becker
Brian V. Otero, Admitted Pro Hac Vice
botero@hunton.com
Stephen R. Blacklocks, Admitted Pro Hac Vice
sblacklocks@hunton.com
Ryan A. Becker, Admitted Pro Hac Vice
rbecker@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1000

Simon Fleischmann (6274929)
sfleischmann@lockelord.com
Thomas J. Cunningham (6215928)
tcunningham@lockelord.com

---

[5] Available at https://www.sec.gov/Archives/edgar/data/1366564/000106823806000721/ exhibit_10-1.htm, visited Dec. 5, 2016.

Chethan Shetty (6300848)
cshetty@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: 312-443-0700

Attorneys for Defendant
Ocwen Loan Servicing, LLC

- 7 -

## CERTIFICATE OF SERVICE

      I, Ryan A. Becker, an attorney, certify that I caused the foregoing to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on December 7, 2016.

                              /s/ Ryan A. Becker
                              Ryan A. Becker