IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH SNYDER and SUSAN MANSANAREZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br> v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant.<br><br>TRACEE A. BEECROFT,<br><br>    Plaintiff,<br> v.<br><br>OCWEN LOAN SERVICING, LLC,<br><br>    Defendant. | CONSOLIDATED NO. 1:14-cv-08461<br><br>Class Action<br><br>Jury Trial Demand<br><br>Honorable Matthew F. Kennelly<br><br><br>Case No.: 1:16−cv−08677 |

**DECLARATION OF ADRIENNE D. MCENTEE IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

I, Adrienne D. McEntee, declare as follows:

  1.  I am a member of the law firm of Terrell Marshall Law Group PLLC ("TMLG"), counsel of record for Plaintiffs in this matter. I am admitted to practice before this Court and am a member in good standing of the bar of the state of Washington. I respectfully submit this declaration in support of Plaintiffs' Motion for Class Certification of the above-captioned class action. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

  2.  Attached hereto as **Exhibit 1** is a true and correct copy of the transcript of proceedings of the April 3, 2017 evidentiary hearing held in this matter. Defendant designated

numerous exhibits discussed in the hearing as "Confidential" and the Court conducted the hearing as a closed proceeding. Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

3. Attached hereto as **Exhibit 2** is a true and correct copy of email correspondence dated June 10, 2014 between Sherri Goodman and Steven Pester of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN531188-531199. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

4. Attached hereto as **Exhibit 3** is a true and correct copy of a September 7, 2016 email from Meghna Kenneth to Sherri Goodman of Ocwen. Defendant has designated this document "Confidential." This document was produced by Defendant in this matter under Bates Nos. OCWEN539806-539807. Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

5. Attached hereto as **Exhibit 4** is a true and correct copy of email correspondence dated May 13 and 14, 2014 between Adam Russell, Steven Pester, Sherri Goodman, Richard Volel, Rustin Mccoy, and Kristie Huynh of Ocwen and Dorean Kass of Neustar. This document was produced by Defendant in this matter under Bates Nos. OCWEN542190-542191. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

6. Attached hereto as **Exhibit 5** is a true and correct copy of a December 11, 2014 email from Steven Pester to Tiffany Luck and Mark Ehrenreich of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN557993-558008. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

7. Attached hereto as **Exhibit 6** is a true and correct copy of an August 19, 2016 email from Sherri Goodman to Scott Anderson, Ronald Faris, and Marc Trees. This document was produced by Defendant in this matter under Bates Nos. OCWEN526582-526584. Defendant

has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

8. Attached hereto as **Exhibit 7** is a true and correct copy of a November 7, 2016 email from Sherri Goodman to Scott Anderson of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN531651-531652. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

9. Attached hereto as **Exhibit 8** is a true and correct copy of an April 2014 PowerPoint presentation. This document was produced by Defendant in this matter under Bates Nos. OCWEN571577-571579. Defendant has designated this document "Confidential – Attorneys' Eyes Only." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

10. Attached hereto as **Exhibit 9** is a true and correct copy of email correspondence dated April 9 and 10, 2014 between Colin Mohammed of Aspect, Claudine Gonzalez Underwood, Sachin Bharadwaj, and Julie Carter of Altisource, which was forwarded by Ms. Gonzalez Underwood to Richard Volel and Sherri Goodman of Ocwen on April 15, 2014. This document was produced by Defendant in this matter under Bates Nos. OCWEN537421-537424.

11. Attached hereto as **Exhibit 10** is a true and correct copy of a May 2014 PowerPoint presentation. This document was produced by Defendant in this matter under Bates Nos. OCWEN570182-570187. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

12. Attached hereto as **Exhibit 11** is a true and correct copy of a December 19, 2014 memorandum from Scott Anderson, EVP and Chief Servicing Officer at Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN561418-561421. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

13. Attached hereto as **Exhibit 12** is a true and correct copy of a January 7, 2015 email from Sherri Goodman to Steven Pester and Tiffany Luck of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN561334-561372. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

14. Attached hereto as **Exhibit13** is a true and correct copy of the Third Expert Report of Jeffrey A. Hansen, dated May 26, 2017.

15. Attached hereto as **Exhibit 14** is a true and correct copy of email correspondence dated November 16 and 17, 2015 between Michael Hollerich, Scott Anderson, Sherri Goodman, and Brandon Wirth of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN537236-237238. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

16. Attached hereto as **Exhibit 15** is a true and correct copy of excerpts from the deposition of Marc Trees, taken in this matter on June 21, 2016.

17. Attached hereto as **Exhibit 16** is a true and correct copy of email correspondence dated September 2, 2014 between Rustin Mccoy and Sherri Goodman of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN532367-532369. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

18. Attached hereto as **Exhibit 17** is a true and correct copy of email correspondence dated December 20, 2016 from Nidhi Rasne and Marc Trees to the Ocwen skip tracing team. This document was produced by Defendant in this matter under Bates Nos. OCWEN539978-539980. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

19. Attached hereto as **Exhibit 18** is a true and correct copy of Defendant's records of calls to Plaintiff Beecroft. This document was produced by Defendant in this matter and was

marked as Exhibit 24 to the deposition of Tracee A. Beecroft, taken in this matter on February 10, 2017. This exhibit was also submitted in support of Plaintiffs' Motion for Preliminary Injunction at Dkt. No. 97-3, Ex. 3.

20. Attached hereto as **Exhibit 19** is a true and correct copy of excerpts from the deposition of Tracee A. Beecroft, taken in this matter on February 10, 2017.

21. Attached hereto as **Exhibit 20** is a true and correct copy of a September 12, 2016 memorandum from Scott Anderson, EVP and Chief Servicing Officer at Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN539999-540001. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

22. Attached hereto as **Exhibit 21** is a true and correct copy of email correspondence dated August 29-September 13, 2014 between Ronald Faris, Scott Anderson, and Sherri Goodman of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN541321-541323. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

23. Attached hereto as **Exhibit 22** is a true and correct copy of email correspondence dated February 2 and 4, 2015 between Scott Anderson, Ronald Farris, Jason Shane, Sherri Goodman, Lindsay Decker, and Marcus Bontrager of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN541351-541352. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

24. Attached hereto as **Exhibit 23** is a true and correct copy of email correspondence dated December 9, 2014 between Sherri Goodman, David Smith, Markus Schaefer, Feyera Milkessa, Steven Pester, Cling Harris, Eric Morris, and Jurgest Proko of Ocwen. This document was produced by Defendant in this matter under Bates Nos. OCWEN525580-525583. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

25. Attached hereto as **Exhibit 24** is a true and correct copy of a document describing status codes related to TCPA authorization. This document was produced by Defendant in this matter under Bates Nos. OCWEN564800-564802. Defendant has designated this document "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68).

26. Attached hereto as **Exhibit 25** is a true and correct copy of excerpts from the deposition of Susan Mansanarez, taken in this matter on February 2, 2016.

27. Attached hereto as **Exhibit 26** is a true and correct copy of Defendant's records of calls to Plaintiff Mansanarez. This document was produced by Defendant in this matter. This exhibit was also submitted in support of Plaintiffs' Reply on Motion for Preliminary Injunction at Dkt. No. 136-3.

28. On April 28, 2017, Ocwen produced files which it contends comprise "consent information" for ten loans, randomly selected from the sample of 200 loans. I reviewed the files associated with ten loans and found evidence that the borrower provided his or her cell phone to Ocwen, or a prior loan servicer, for just three of the ten loans: Numbers 71924104, 80298649, and 7180007002. Defendant has designated these files "Confidential." Plaintiffs are therefore filing it under seal in compliance with the Stipulated Protective Order (Dkt. No. 68)

a. For loan number 5705603, Ocwen produced seven files. The oldest file, dated May 31, 2013, is a recording, in Spanish, of a call made to phone number 713-732-6135. I searched the list of Unique Cell Phone Numbers Called, which Plaintiffs' expert Jeffrey Hansen prepared, and found this number. Attached hereto as **Exhibit 27** is a true and correct transcript prepared by a member of our office staff fluent in Spanish. On page three, the call recipient states unequivocally: "You need to remove this phone number and stop bothering me because when I'm at work my phone is just ringing and ringing." Rather than honor the call recipient's request for no calls, Ocwen's call detail records show that Ocwen called the same cell phone number 515 times after May 31, 2013.

b. For loan number 71924104, Ocwen produced two files, one of which contained phone number 305-282-6246, which I found in the list of Unique Cell Phone Numbers Called that Plaintiffs' expert Jeffrey Hansen prepared. The evidence Ocwen produced suggests that the borrower provided the cell phone number to Ocwen prior to the time that Ocwen called the number, and therefore Ocwen was authorized to call the cell phone number.

c. For loan number 80298649, Ocwen produced four files, containing phone number 215-858-8195, which I found in the list of Unique Cell Phone Numbers Called. The evidence Ocwen produced suggests that the borrower provided the cell phone number to Ocwen prior to the time that Ocwen called the number, and therefore Ocwen was authorized to call the cell phone number.

d. For loan number 80630841, Ocwen produced five files, some of which contain phone number 304-629-3859, which I found in the list of Unique Cell Phone Numbers Called. Based on Ocwen's files, the earliest date the borrower provided the cell phone number to Ocwen was January 25, 2012. Yet Ocwen's call detail records show that Ocwen called the cell phone number seven times prior to this date. Ocwen has not identified evidence that the recipient consented to the pre-January 25, 2012 calls.

e. For loan number 706097086, Ocwen produced four files, including an inbound recording dated September 28, 2011 wherein the borrower agreed to be called on phone number 865-310-5964, which I found in the list of Unique Cell Phone Numbers Called. Therefore, subsequent calls to this number were consensual. However, Ocwen's call detail records show that Ocwen called the same cell number over 100 times prior to September 28, 2011. Ocwen has not identified evidence that the recipient consented to the pre-September 28, 2011 calls.

f. For loan number 7090731949, Ocwen produced 23 recordings of inbound and outbound calls and a comments file from REALServicing. Ocwen used skip trace methods to find and call Ms. Golinski's cell phone number on December 7, 2011. On that same day, the comments file proves that Ms. Golinski spoke with Ocwen and clearly and unequivocally

advised Ocwen she did not want any calls. Ocwen ignored her request and called Golinski on its Aspect dialer a dozen times between December 7, 2011 and September 29, 2014.

        g.      For loan number 7092335608, Ocwen produced two files, the first a recording in which the recipient reported Ocwen had reached the wrong number. The second was a comments file from REALServicing, which shows that the borrower called Ocwen on January 25, 2017 and consented to calls on his cell phone. This evidence is well outside the Class Period and irrelevant here.

        h.      For loan number 7147013762, Ocwen produced 11 files, some of which contain phone number 904-599-5203, which I found in the list of Unique Cell Phone Numbers Called. Ocwen's call detail records show that Ocwen called the cell phone number ten times starting April 9, 2013, but Ocwen has not identified evidence that the recipient consented to receiving calls on this cell phone number.

        i.      For loan number 7180007002, Ocwen produced six files, some of which contain phone number 610-633-1108, which I found in the list of Unique Cell Phone Numbers Called. The evidence Ocwen produced suggests that the borrower provided the cell phone number to Ocwen prior to the time that Ocwen called the number, and therefore Ocwen was authorized to call the cell phone number.

        j.      For loan number 7195977520, Ocwen produced five files, including a December 15, 2014 documents in which the borrower provided number 631-766-9870, which I found in the list of Unique Cell Phone Numbers Called. Therefore, subsequent calls to this number were consensual. However, Ocwen's call detail records show that Ocwen called the same cell number prior to December 15, 2014. Ocwen has not identified evidence that the recipient consented to a pre-December 15, 2014 call.

        29.      Plaintiffs Beecroft and Mansanarez have both actively participated in the litigation by responding to discovery, sitting for depositions, and otherwise assisting counsel in their prosecution of this case.

30.     I reviewed Mr. Hansen's list of unique cell phone numbers that received a call from Ocwen using the Aspect dialer after the cell phone number was obtained through skip tracing and Plaintiff Beecroft's cell phone number is included in that list.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 26th day of May, 2017, at Seattle, Washington.

_____
Adrienne D. McEntee, *Admitted Pro Hac Vice*

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on May 26, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Chethan G. Shetty
>Email: cshetty@lockelord.com
>Simon A. Fleischmann
>Email: sfleischmann@lockelord.com
>Thomas J. Cunningham
>Email: tcunningham@lockelord.com
>David F. Standa
>Email: dstanda@lockelord.com
>LOCKE LORD LLP
>111 South Wacker Drive
>Chicago, Illinois 60606
>Telephone: (312) 443-0700
>Facsimile: (312) 443-0336
>
>Brian V. Otero, *Admitted Pro Hac Vice*
>Email: botero@hunton.com
>Stephen R. Blacklocks, *Admitted Pro Hac Vice*
>Email: sblacklocks@hunton.com
>Ryan A. Becker, *Admitted Pro Hac Vice*
>Email: rbecker@hunton.com
>HUNTON & WILLIAMS LLP
>200 Park Avenue, Suite 52
>New York, New York 10166
>Telephone: (212) 309-1000
>Facsimile: (212) 309-1100
>
>*Attorneys for Defendant*

DATED this 26th day of May, 2017.

                TERRELL MARSHALL LAW GROUP PLLC

                By: /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
                   Beth E. Terrell, *Admitted Pro Hac Vice*
                   Email: bterrell@terrellmarshall.com
                   936 North 34th Street, Suite 300
                   Seattle, Washington 98103-8869
                   Telephone: (206) 816-6603
                   Facsimile: (206) 319-5450

                *Attorneys for Plaintiffs*