# — EXHIBIT 1 —

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between and among Plaintiffs Keith Snyder, Susan Mansanarez, and Tracee A. Beecroft ("Plaintiffs"), on behalf of themselves and all Settlement Class Members as defined herein on the one hand, and Ocwen Loan Servicing, LLC ("Ocwen"), on the other. Plaintiffs and Ocwen are referred to collectively in this Settlement Agreement as the "Parties."

## 1.      RECITALS

1.1.      On October 27, 2014, Plaintiff Snyder filed the Snyder Litigation, a putative nationwide class action in the United States District Court, Northern District of Illinois, alleging violations of the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collections Practices Act ("FDCPA"). On April 16, 2016, Plaintiff Snyder amended his class action complaint to add Plaintiff Mansanarez as a class representative for the putative TCPA class alleged in the Snyder Litigation. On January 25, 2015, Plaintiff Beecroft filed the Beecroft Litigation in the United States District Court, District of Minnesota, a putative nationwide class action alleging violations of the TCPA, in which she also alleged individual claims for violations of the FDCPA and Fair Credit Reporting Act, invasion of privacy, and credit defamation.

1.2.      On September 9, 2016, the Beecroft Litigation was transferred to the Northern District of Illinois.  On September 28, 2016, the Beecroft Litigation was then consolidated with the Snyder Litigation.

1.3.      On February 9, 2017, Plaintiff Beecroft stipulated to the dismissal of her non-TCPA individual claims.

1.4.     In the Consolidated Litigation, Plaintiffs assert that Ocwen violated the TCPA by calling their cell phones using an automatic dialing system without consent, and seek to certify two classes and a sub-class.

1.5.     The Parties engaged in day-long, in-person mediation sessions with the Honorable James Holderman (ret.) on May 25, 2016, and again with Rodney A. Max, Esq., on October 14, 2016, but were unable to reach a settlement.

1.6.     On October 4, 2016, Plaintiffs filed a motion seeking limited class certification under Rule 23(b)(2) for purposes of obtaining preliminary injunctive relief.  Ocwen opposed this motion on December 21, 2016; that motion was fully briefed on January 12, 2017.  On June 28, 2017, the Court issued a decision holding that Plaintiffs had established the basis for certification of a limited class under Rule 23(b)(2) and an entitlement to some of the preliminary injunctive relief they sought, but deferred a class certification order and a preliminary injunction pending further submissions by the Parties.

1.7.     On May 26, 2017, Plaintiffs filed a motion for class certification under Rule 23(b)(3), seeking damages.  Ocwen opposed this motion on July 24, 2017.

1.8.     The Parties engaged in another day-long, in-person mediation on July 20, 2017, in Chicago, with the Honorable Morton Denlow (ret.).

1.9.     On July 28, 2017, a settlement in principle was reached and the Parties' counsel executed a settlement outline that identified the material terms for this Settlement Agreement.

1.10.    Ocwen maintains that it has substantial factual and legal defenses to all claims and class allegations in the Consolidated Litigation.  Without admitting any liability or wrongdoing whatsoever, Ocwen agrees to the terms of this Agreement in order to resolve all issues relating to the subject matter of the Released Claims in the Consolidated Litigation.

2.      **DEFINITIONS**

As used herein, the following terms have the meanings set forth below.

2.1.      "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

2.2.      "Agreement" or "Settlement Agreement" means this Settlement Agreement and Release, including all exhibits thereto.

2.3.      "Approved Claim" means a Claim submitted by a Settlement Class Member that is timely and submitted in accordance with the directions on the Claim Form and the terms of this Agreement.

2.4.      "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel by the Court to compensate them (and all other attorneys for Plaintiffs or the Settlement Class) for their fees and all expenses incurred by Plaintiffs or Class Counsel in connection with the Consolidated Litigation.

2.5.      "Beecroft Litigation" means the civil action styled *Beecroft v. Ocwen Loan Servicing, LLC*, No. 1:16-cv-8677 MFK (N.D. Ill.) (originally filed as *Beecroft v. Ocwen Loan Servicing LLC*, No. 15-cv-00094 MJD-JSM (D. Minn.)).

2.6.      "Claim" means a written request for Settlement Relief submitted by a Settlement Class Member to the Settlement Administrator, pursuant to the Claim Form in a form substantially similar to one of the documents attached as <u>Exhibit D</u> to this Agreement or as ultimately approved by the Court.

2.7.      "Claim Form" means documents in forms substantially similar to those attached as <u>Exhibit D</u> to this Agreement or as ultimately approved by the Court.

2.8.      "Claimant" means any Settlement Class Member who submits an Approved Claim pursuant to this Settlement Agreement.

2.9.    "Class Counsel" means the Burke Law Offices, LLC, the Terrell Marshall Law Group PLLC, the Ankcorn Law Firm PLLC, the Cabrera Firm, APC, and the Heaney Law Firm, LLC.

2.10.    "Class Notice" means the program of notice described in Section 6 of this Agreement to be provided to potential Settlement Class Members, including the Mail Notice, Email Notice, and Website Notice on the Settlement Website, which will notify potential Settlement Class Members about, among other things, their rights to opt out or object to the Settlement, the preliminary approval of the Settlement, the manner by which to submit a Claim, and the scheduling of the Final Approval Hearing.

2.10.1.    "Mail Notice" means the notice that is mailed by the Settlement Administrator to potential Settlement Class Members, in a form substantially similar to Exhibit A to this Agreement and/or as ultimately approved by the Court.

2.10.2.    "Email Notice" means the notice that is emailed by the Settlement Administrator to potential Settlement Class Members, in a form substantially similar to Exhibit B to this Agreement and/or as ultimately approved by the Court.

2.10.3.    "Website Notice" means the long form notice that is available to Settlement Class Members on the Settlement Website, in a form substantially similar to Exhibit C to this Agreement and/or as ultimately approved by the Court.

2.11.    "Consolidated Litigation" means the Snyder Litigation and the Beecroft Litigation collectively.

2.12.    "Court" means the United States District Court for the Northern District of Illinois.

2.13.  "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  Further, when computing any period of time prescribed or allowed by this Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

2.14.  Deadlines.  As used herein, the Parties agree to the following deadlines, subject to Court approval:

2.14.1.  "Notice Deadline" means the last day for the Settlement Administrator to send Mail Notice and Email Notice to potential Settlement Class Members. Mail Notice shall be sent not less than forty-five (45) Days after the Court's Preliminary Approval Order.

2.14.2.  "Fee and Incentive Motion Deadline" means the last day for Plaintiffs to file a motion for an award of Attorneys' Fees and Expenses, and an Incentive Award to the Named Plaintiffs from the Settlement Fund. The Fee and Incentive Motion shall be filed not later than thirty (30) Days after the Notice Deadline.

2.14.3.  Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section 12 of this Agreement to be able to object to the Settlement.  The Objection Deadline shall be not later than ninety (90) Days after the Notice Deadline.

2.14.4.  "Opt Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with the Settlement Administrator in accordance with Section 11 of this Agreement in order for a

potential Settlement Class Member to be excluded from the Settlement Class. The Opt-Out Deadline shall be no later than ninety (90) Days after the Notice Deadline.

2.14.5. "Claim Deadline" means the last date by which a Claim submitted to the Settlement Administrator by a Settlement Class Member must be postmarked or submitted electronically, which will be ninety (90) Days after the Notice Deadline. All Claims postmarked or submitted electronically at the Settlement Website on or before the Claim Deadline shall be timely, and all Claims postmarked or submitted electronically at the Settlement Website after the Claim Deadline shall be untimely and barred from entitlement to any Settlement Relief.

2.14.6. "Final Approval Motion Deadline" means the date by which Class Counsel shall file the motion seeking final approval of the Settlement. The Final Approval Motion Deadline shall be no later than one-hundred (100) Days after the Notice Deadline.

2.15. "Defense Counsel" means the law firm of Hunton & Williams LLP.

2.16. "Final" with respect to the Final Approval Order, the Judgment, and any award of Attorneys' Fees and Expenses means that the time for appeal or writ review has expired or, if an appeal or petition for review is taken and dismissed or the Settlement (or award of Attorneys' Fees and Expenses) is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired. If the Final Approval Order and/or Judgment is set aside, modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Final Approval Order and/or Judgment shall not become Final.

2.17. "Final Approval" means the entry of the Judgment after the Final Approval Hearing.

2.18.    "Final Approval Order" means the Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiffs' Claims, to be entered by the Court pursuant to the Settlement and in a form substantially similar to Exhibit F.

2.19.    "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Agreement are fair, reasonable, and adequate for the Settlement Class as a whole, and whether the Final Approval Order and the Judgment should be entered. The Parties shall seek to have the Final Approval Hearing on a date not earlier than one hundred and twenty (120) Days after the Notice Deadline.

2.20.    "Final Settlement Date" means the earliest date on which both the Final Approval Order and the Judgment are Final (as defined in Section 2.16).  If no appeal has been taken from the Final Approval Order or the Judgment, the Final Settlement Date means the day after the last date on which either the Final Approval Order or the Judgment could be appealed.  If any appeal has been taken from the Final Approval Order or from the Judgment, the Final Settlement Date means the date on which all appeals of either the Final Approval Order or the Judgment, including petitions for rehearing, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Final Approval Order and the Judgment.

2.21.    "Incentive Award" means Court-approved compensation for Plaintiffs for their time and effort undertaken in the Consolidated Litigation.

2.22.    "Internet Advertising" means the targeted internet banner ad campaign supplementing the direct Mail and Email Notices.

2.23.    "Judgment" means the judgment to be entered by the Court pursuant to Final Approval Order in a form substantially similar to Exhibit F-1.

2.24.    "Notice and Administrative Costs" means all reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Relief.

2.25.    "Ocwen" means Ocwen Loan Servicing, LLC.

2.26.    "Plaintiffs" means Keith Snyder, Susan Mansanarez, and Tracee A. Beecroft.

2.27.    "Preliminary Approval Application" means Plaintiffs' motion for the Court to approve the Settlement preliminarily and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto.

2.28.    "Preliminary Approval Order" means the order in a form substantially similar to Exhibit E and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; preliminary certification of the Settlement Class for settlement purposes only; dissemination of the Class Notice to potential Settlement Class Members; and a finding that the proposed Class Notice is reasonably calculated to apprise potential Settlement Class Members of the pendency of the Consolidated Litigation, the material terms of the proposed Settlement, and potential Settlement Class Members' options and rights with respect thereto.

2.29.    "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Persons, as provided for in Section 10 of the Settlement Agreement.

2.30.   "Released Claims" means the claims released as provided for in Section 10 of the Settlement Agreement.

2.31.   "Released Persons" means: (a) Ocwen and each of its respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, any direct or indirect subsidiary of Ocwen and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; (b) any person or entity making calls to Settlement Class Members on behalf of Ocwen, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities, and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities.  For the avoidance of doubt, "Released Persons" specifically does not include Altisource Portfolio Solutions S.A., Altisource Solutions S.à r.l., Altisource Business Solutions Pvt. Ltd., or any other Affiliate or member of the Altisource family of companies.

2.32.   "Releasing Persons" means Plaintiffs, all Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

2.33.   "Request for Exclusion" means a written request from a potential Settlement Class Member that seeks to exclude the potential Settlement Class Member from the Settlement Class and that complies with all requirements in Section 11 of this Agreement.

2.34.   "Settlement" or "Stipulation of Settlement" means the settlement set forth in this Agreement.

2.35.   "Settlement Administrator" means a third-party agent or administrator selected jointly by the Parties after a competitive bidding process to help implement and effectuate the terms of this Settlement Agreement. The Parties agree to propose a Settlement Administrator for Court approval.

2.36.   "Settlement Class" or "Class" means the class of persons that will be certified by the Court for settlement purposes only, as more fully described in Section 3.1 herein.

2.37.   "Settlement Class Member" means any person who falls within the definition of the Settlement Class and who has not submitted a valid Request for Exclusion.

2.38.   "Settlement Class Period" shall commence on October 27, 2010, and shall continue through and including the date of the Preliminary Approval Order.

2.39.   "Settlement Class Recovery" means the amount of the Settlement Fund available for distribution to Claimants after payment of Notice and Administrative Costs and any Court-approved Attorneys' Fees and Expenses and Incentive Awards.

2.40.   "Settlement Fund" means the $17,500,000 described in Section 4.5 that Ocwen has agreed to pay pursuant to the terms of this Settlement Agreement.

2.41.   "Settlement Relief" means the payment to be made from the Settlement Fund to Settlement Class Members who submit Approved Claims.

2.42.   "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to Section 6.3 of this Agreement, which shall have the Uniform Resource Locator of www.OcwenTCPASettlement.com.

2.43.   "Settling Parties" means, collectively, Ocwen, Plaintiffs, and all Releasing Persons.

2.44. "Snyder Litigation" means the civil action styled *Snyder, et al., v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-8461 MFK (N.D. Ill.).

3. **CLASS DEFINITION AND CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT**

3.1. The "Settlement Class" shall be as follows:

All persons who were called by Ocwen on the 1,685,757 unique cell phone numbers listed on Exhibit G to this Agreement (filed with the Court under seal) using its Aspect dialing system between October 27, 2010 and through and including the date of the Preliminary Approval Order ("Settlement Class Period"). Excluded from the Settlement Class are: (i) those persons who were called by Ocwen using its Aspect dialing system during the Settlement Class Period only on numbers not included on Exhibit G; (ii) individuals who are or were during the Settlement Class Period officers or directors of Ocwen or any of its Affiliates; (iii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iv) all individuals who file a timely and proper request to be excluded from the Settlement Class.

3.2. This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below. In the event that the Settlement is not finally approved, Ocwen shall be refunded any money that has not yet been expended.

3.3. <u>Condition No. 1: District Court Approval</u>. The Settlement must be approved by the Court in accordance with the following steps:

3.3.1. <u>Application for Preliminary Approval of Proposed Settlement, Class Certification, and Class Notice</u>. After good-faith consultation with Defense Counsel, Class Counsel will present a Preliminary Approval Application to the Court no later than September 15, 2017, or as otherwise set by the Court. The Preliminary Approval Application shall include Class Notice, in forms substantially similar to Exhibits A, B, and C. The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order.

3.3.2.    Settlement Class Certification.  In connection with the proceedings on Preliminary and Final Approval of the proposed Settlement, Plaintiffs shall seek orders (preliminary and final, respectively) certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.3.3.    CAFA Notice.  Ocwen shall serve the notices required by the Class Action Fairness Act, 28 U.S.C. § 1715(b). No later than 10 days before the Final Approval Hearing, Ocwen shall file with the Court one or more declarations stating that Ocwen has complied with its notice obligations.

3.3.4.    Entry of Preliminary Approval Order.  The Court shall enter a Preliminary Approval Order in a form substantially similar to Exhibit E, which shall, among other things:

(a)    Certify for purposes of settlement a nationwide Settlement Class, approving Plaintiffs as class representatives and appointing Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)    Preliminarily approve the Settlement as fair, reasonable and adequate;

(c)    Order the issuance of Class Notice to the Settlement Class, and determine that such Class Notice complies with all legal requirements, including, but not limited to, the Due Process Clause of the United States Constitution;

(d)    Schedule a date and time for a Final Approval Hearing to determine whether the Preliminary Approval Order should be finally approved by the Court;

(e)    Require Settlement Class Members who wish to exclude themselves to submit an appropriate and timely written request for exclusion by the Opt-Out

Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

(f)     Require Settlement Class Members who wish to object to the Settlement Agreement to submit an appropriate and timely written statement by the Objection Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall prevent those Settlement Class Members from doing so;

(g)     Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

(h)     Issue related orders to effectuate the preliminary approval of the Settlement Agreement.

3.3.5.   <u>Issuance of Class Notice</u>.  Pursuant to the Preliminary Approval Order to be entered by the Court, the Settlement Administrator shall cause the Class Notice to be issued in accordance with Section 6 below.

3.3.6.   <u>Final Approval Hearing</u>.  In connection with the Preliminary Approval Application, the Parties shall request that the Court schedule and conduct a hearing after dissemination of Class Notice, at which time it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs, after good faith consultation with Defense Counsel, shall request that, on or after the Final Approval Hearing, the Court: (i) enter the Final Approval Order and the Judgment; (ii) determine the Attorneys' Fees and Expenses that should be awarded to Class Counsel as contemplated in the Settlement Agreement; and (iii) determine the Incentive Award(s), if any, that should be awarded as contemplated by the Settlement Agreement.  The Settling Parties agree to support entry of the Final Approval Order and the Judgment.  The

Settling Parties will reasonably cooperate with one another in seeking entry of the Final Approval Order and of the Judgment.

3.4.    <u>Condition No. 2: Finality of Judgment</u>.  The Court shall enter the Final Approval Order and the Judgment in forms substantially similar to Exhibits F and F-1, respectively.  The Final Approval Order and the Judgment must become Final in accordance with Section 2.16 above, and shall, among other things:

(a)    Find that (1) the Court has personal jurisdiction over all Settlement Class Members; (2) the Court has subject matter jurisdiction over the claims asserted in this Consolidated Litigation; and (3) venue is proper;

(b)    Finally approve the Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as fair, reasonable, and adequate;

(c)    Finally certify the Settlement Class for settlement purposes only;

(d)    Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)    Enter the Final Approval Order and the Judgment with respect to the claims of all Settlement Class Members and dismiss the claims of all Settlement Class Members and the Consolidated Litigation with prejudice;

(f)    Make the Releases in Section 10 of the Settlement Agreement effective as of the date of Final Approval;

(g)    Permanently bar Plaintiffs and all Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or

participating in (as class members or otherwise) any action in any jurisdiction for the Released Claims;

(h)     Find that, by operation of the entry of the Judgment, Plaintiffs and all Settlement Class Members who have not opted out of the Settlement shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims;

(i)     Authorize the Settling Parties to implement the terms of the Settlement Agreement, including entry of an injunction as described herein;

(j)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Approval Order, and the Judgment, and for any other necessary purpose; and

(k)     Issue related orders to effectuate the Final Approval of the Settlement Agreement and its implementation.

3.5.    Condition Three:  Dismissal of Related Actions.  In the Snyder Litigation, the Beecroft Litigation, and the civil action styled *Snyder, et al. v. U.S. Bank, N.A., et al.*, No. 1:16-cv-11675 MFK (N.D. Ill.): (1) The dismissal without prejudice of Plaintiffs' claims that are not Released Claims, including those under the FDCPA; and (2) the dismissal with prejudice of all Released Claims.

## 4.     SETTLEMENT CONSIDERATION, BENEFITS, AND OTHER RELIEF

4.1.    In consideration for the Releases set forth in Section 10, Ocwen will provide the following benefits.

4.2.    Injunctive Relief.  Subject to Section 4.4 below, Ocwen agrees to entry of an injunction commencing no later than sixty (60) Days after the Final Settlement Date, requiring the following procedures:

15

4.2.1.  Ocwen will re-set to "P" in REALServicing a borrower's consent to receiving automated calls whenever a new phone number is added to a borrower's account.

4.2.2.  Ocwen will conduct a search for all loans reflecting a NEWP and NVLS code entered in REALServicing on the same day between December 1, 2014 and the date of Preliminary Approval.  Ocwen will reset the value in the consent field to "P" for all borrowers identified by that search.

4.2.3.  Ocwen will add an additional prompt to its agent scripts for inputting new phone numbers to track the means by which any particular phone number for a borrower was obtained:

(a)  When an agent clicks on the "new phone number" button to add a new phone number to an account, the agent will be prompted to add the source of the new phone number.

(b)  The phone number source will be selected from a drop-down menu prepopulated with potential sources of a new phone number.

(c)  The agent will then be required to select the phone number's source before proceeding.

(d)  If the phone number was not obtained directly from the owner or subscriber of the cell phone, the consent field for the borrower will then be set to "P," which will prevent any of the borrower's cell phone numbers from being called from Ocwen's Aspect system.

(e)  Ocwen shall not use Aspect to call any cell phone associated with any borrower where there is a P or N in the consent field, except in instances in which Ocwen is calling borrowers for the Home Retention Manager appointment scheduled by the borrower.

4.2.4.  Ocwen agrees to use the following language in its scripts when requesting consent to use its automatic dialing system to call cell phones:  "May we please have your consent to use our automatic dialing system to call your cell phone of xxx-xxx-xxxx?" After the borrower provides a response, a script will instruct Ocwen's representative to state:  "If you change your mind at any time, please let us know. We will honor such a request."

4.2.5.  If, when Ocwen solicits a borrower's consent to be called with an automatic dialing system, that borrower does not give separate consent for each of his or her cell phone numbers, the borrower's consent field will be set to "N," which will prevent any of the borrower's cell phone numbers from being called from Ocwen's Aspect system.

4.2.6.   In any individual case commenced between the date of the Preliminary Approval Order and a date that is two years from the date of Final Approval, if it is found liable for a TCPA violation, Ocwen agrees to pay not less than the amounts set forth below for each automated call through its Aspect system to a cell phone, where the consent field in Ocwen's REALServicing system should have been "N" or "P" as of the date of the Preliminary Approval Order:

(a)   For the first 10 calls placed to a cell phone as described in this Section 4.2.6, Ocwen shall pay $1,000 for each such call.

(b)   For 11-50 calls placed to a cell phone as described in this Section 4.2.6, Ocwen shall pay $1,250 for each such call.

(c)   For over 50 calls placed to a cell phone as described in this Section 4.2.6, Ocwen shall pay $1,500 for each such call.

The terms of Section 4.2.6 shall not apply in any case in which a plaintiff brings claims on behalf of an alleged class of persons similarly situated.

4.3.   Ocwen shall provide Class Counsel with a declaration with regard to its compliance the terms of Section 4.2 within 75 Days of the Final Settlement Date.

4.4.   If Ocwen believes any provision of Section 4.2 conflicts or is inconsistent with any subsequently adopted statute, regulation, FCC rule, or court order, Ocwen shall confer with Class Counsel, and if after conferring Ocwen believes the law has changed such that the relief in Section 4.2 is no longer consistent with the law, Ocwen may bring a motion to amend the Final Approval Order and Judgment.

4.5.   Settlement Monetary Consideration.

4.5.1.   Ocwen will fund a non-reversionary common Settlement Fund of $17,500,000, from which all Settlement Relief, Attorneys' Fees and Costs, Notice and Administrative Costs, and Incentive Awards will be deducted.  The Settlement Fund represents the limit and total extent of Ocwen's monetary obligations under this Agreement and the

Settlement. In no event shall Ocwen's total financial liability with respect to this Agreement and the Settlement exceed $17,500,000.

4.5.2. Ocwen will fund the Settlement Fund as follows: (a) within thirty (30) Days following entry of the Preliminary Approval Order, Ocwen will transfer $17,500,000 to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to Ocwen) to an interest-bearing escrow account. The Settlement Administrator will hold those amounts until such time as the Settlement Administrator is authorized to use or pay those funds, including for any authorized up-front Notice and Administrative Costs, pursuant to the Settlement Agreement, the Preliminary Approval Order, the Final Approval Order, or the Judgment.

4.5.3. The Court shall retain continuing jurisdiction over the Settlement Fund sufficient to satisfy the requirements of 26 C.F.R. § 1.468B-1. The Settlement Administrator shall at all times seek to have the Settlement Fund treated as a "qualified settlement fund" as that term is defined in 26 C.F.R. § 1.468B-1. The Settlement Administrator shall cause any taxes imposed on the earnings of the Settlement Fund, if any, to be paid out of such earnings and shall comply with all tax reporting and withholding requirements imposed on the Settlement Fund under applicable tax laws. The Settlement Administrator shall be the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3).

4.5.4. Each Claimant, upon certification that he is or was the user or subscriber of the cell phone number, shall be entitled to receive Settlement Relief for up to three cell phone numbers. The amount of Settlement Relief shall be equal to the Settlement Class Recovery divided by the total number of Approved Claims after accounting for Attorney's Fees and Costs,

Notice and Administration costs and Incentive Awards. No interest shall be included as an element of, or be payable or paid on, any claimed amount.

4.5.5.    All payments issued to Claimants via check will state on the face of the check that the check will expire and become null and void unless cashed within one hundred and eighty (180) Days after the date of issuance.

4.5.6.    No amount of the Settlement Fund shall revert to Ocwen. If, after payments to Claimants have been made and the deadline for cashing Claimants' checks has passed, funds remain in the Settlement Fund sufficient to make it feasible to make a second payment to Claimants (e.g., payment of $1.00 or more, after administrative expenses for issuing and mailing that check), a second distribution shall be made to Claimants who cashed their checks in the prior round of payments. Such redistributions shall be made until administratively infeasible. Any unclaimed funds after the second distribution will be disbursed to an appropriate consumer advocacy organization. Ocwen agrees not to object to the suggestion that the Court distribute unclaimed funds evenly between the National Consumer Law Center and Public Justice Foundation.

4.5.7.    If for any reason the Final Approval Order and/or the Judgment does not become Final within the meaning of Section 2.16, all money in the Settlement Fund, including the interest accumulated, shall be returned to Ocwen within five (5) Days after the occurrence of the condition or event that prevents the Final Approval Order and/or the Judgment from becoming Final.

## 5.    RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS

5.1.    The Parties agree to jointly propose a Settlement Administrator, to process claims, field calls and correspondence from Settlement Class Members, and disburse amounts from the Settlement Fund.

5.2.     The Parties jointly propose the Settlement Administrator after a competitive bidding process.

5.3.     All Notice and Administrative Costs will be paid from the Settlement Fund, and Ocwen's only responsibility regarding such costs is to fund the Settlement Fund.

5.4.     The Settlement Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Settlement Administrator shall be responsible for Mail Notice, Email Notice, Website Notice, the Settlement Website, Internet Advertising (all as described in Section 6), administration of Settlement Relief, and providing all other related support, reporting, and administration as further stated in this Agreement.

5.5.     Ocwen will coordinate with the Settlement Administrator to provide Mail Notice and Email Notice to the Settlement Class, as provided in this Settlement Agreement, with Class Counsel's participation and oversight. Because the information about Settlement Class Members that will be provided to the Settlement Administrator will consist of confidential information, non-public personal information, and other information protected by privacy laws, any such information shall be deemed "Confidential-Attorneys' Eyes Only" under ¶¶ 2(a) and (c) of the protective order entered in the Snyder Litigation, as amended March 11, 2016 [ECF 68], and shall be used only for the purpose of administering this Settlement.

5.6.     W9 Forms. The Settlement Administrator shall complete and provide to Ocwen any W9 forms necessary for Ocwen to implement this Settlement.

## 6.     NOTICE TO THE CLASS

6.1.     <u>Mail Notice</u>:  Subject to the requirements of the Preliminary Approval Order, Notice to those members of the Settlement Class for whom the electronic records of Ocwen

20

reflect a last known mailing address, shall be by means of separate first class mailings to those names and addresses.

6.1.1.   The Mail Notices shall all be mailed not less than forty-five (45) Days after the Court's Preliminary Approval Order.

6.1.2.   The Mail Notice of Class Action, Proposed Settlement, Final Approval Hearing, Right to Appear, Instructions and Class Action Claim Form shall detail how those Settlement Class members so desiring may opt out or object to the settlement, and how members of the Class may make a claim for settlement relief as described in Section 7.1 below.

6.1.3.   The Mail Notice shall include Instructions and a detachable postage-paid Claim Form in a form substantially similar to Exhibit A to this Agreement or as ultimately approved by the Court (provided that the font size, folding, and other printing elements or presentation may be adjusted to accommodate a booklet format and for efficient envelope and postage considerations). The Settlement Administrator shall run the mailing list through the National Change of Address database ("NCOA'') before mailing.

6.1.4.   The Parties shall also prepare a Spanish-language translation of the Mail Notice, Claim Instructions, and Claim Form, to be made available at the Settlement Website.

6.1.5.   After posting of the Mail Notice by the Settlement Administrator with the United States Postal Service, for any Mail Notices returned as undeliverable, the Settlement Administrator may run reverse-lookups to obtain better addresses for such returned Notices, and should such efforts indicate a possible alternate address, the Settlement Administrator may post the returned Mail Notice to the alternative address; provided, however, that if a determination is made in good faith by the Settlement Administrator that it is not possible to further update any particular Settlement Class Member's address(es) in sufficient time to repost the Class Notice(s)

at least twenty (20) Days before the scheduled Final Approval Hearing, then the Settlement

Administrator need make no further efforts to provide further Mail Notice to such person(s).

      6.1.6.  All costs of Mail Notice will be paid from the Settlement Fund, and

Ocwen's only responsibility regarding such costs is to fund the Settlement Fund.

    6.2.   <u>Email Notice</u>:  Ocwen will provide the Settlement Administrator with email

addresses for Class Members to the extent those email addresses are known and readily available

in Ocwen's records.

      6.2.1.  The Settlement Administrator will send an Email Notice of the Settlement

to the email addresses provided by Ocwen no later than the posting of the Mail Notice, in a form

substantially similar to Exhibit B to this Agreement or as ultimately approved by the Court.  The

text of the Email Notice will also contain a link to the Settlement Website described in Section

6.3, at which copies of the Stipulation of Settlement and Exhibits, the Mail Notice, Instructions

and the Class Action Claim Form may be downloaded, and where Claims may be submitted.

      6.2.2.  All costs of Email Notice will be paid from the Settlement Fund, and

Ocwen's only responsibility regarding such costs is to fund the Settlement Fund.

    6.3.   <u>Settlement Website</u>:  No later than the posting of the Mail Notice, the Settlement

Administrator shall establish a Settlement Website which shall contain the Website Notice, in a

form substantially similar to Exhibit C, copies of the Settlement Agreement and Exhibits, and the

Mail Notice.  The Settlement Website shall also contain Instructions and a Class Action Claim

Form which may be downloaded or printed from the Internet site.  The Settlement Website shall

have a Uniform Resource Locator which identifies the Settlement Website as

www.OcwenTCPASettlement.com.

6.3.1.   The Settlement Website shall remain open and accessible for not less than thirty (30) Days after the last day to cash any check drawn on the Settlement Fund. Settlement Class Members shall also have the option of completing their Claim Form online within the Settlement Website, utilizing an e-signature format.

6.3.2.   All costs associated with the Settlement Website will be paid from the Settlement Fund, and Ocwen's only responsibility regarding such costs is to fund the Settlement Fund.

6.4.    <u>Internet Advertising</u>:  The Settlement Administrator will supplement the direct Mail and Email Notices with a targeted internet banner ad campaign commencing no later than the posting of the Mail Notice.

6.4.1.   Internet Advertising will be directed to Settlement Class Members in a form and content recommended by the Settlement Administrator and mutually acceptable to Class Counsel and Ocwen.

6.4.2.   All costs for Internet Advertising will be paid from the Settlement Fund, and Ocwen's only responsibility regarding such costs is to fund the Settlement Fund.

6.5    Toll-Free Settlement Hotline. The Settlement Administrator will establish and maintain an automated toll-free telephone line (which shall not have live operators) for persons in the Settlement Class to call with, and/or to leave questions or messages regarding, Settlement-related inquiries, to answer the questions of persons who call with or otherwise communicate such inquiries to Class Counsel (except that the Settlement Administrator shall not give, and shall not be expected to give, legal advice).  All costs associated with this telephone line and arising from its operation will be paid from the Settlement Fund, and Ocwen's only responsibility regarding such costs is to fund the Settlement Fund.

23

7.     **CLAIM FILING, REVIEW, AND APPROVAL PROCESS**

7.1.     <u>Claim Filing Process</u>. Settlement Class Members shall be permitted to make a

Claim for Settlement Relief in one of two ways:

> (a)     By mailing (either through posting with the United States Postal Service or through a private mail carrier, such as UPS or Federal Express, provided that proof of the mail date is reflected on the label of the mailing) a written Claim Form providing the required information, to the Settlement Administrator, on a date no later than the Claim Deadline. A written Claim Form will also be available on the Settlement Website for Settlement Class Members to download or print out and mail to the Settlement Administrator pursuant to this Section; or

> (b)     By completing an online Claim Form within the Settlement Website utilizing an e-signature format.

7.2.     Any Settlement Class Member who does not properly submit a completed Claim

Form on or before the Claim Deadline shall be deemed to have waived any claim to Settlement

Relief and any such Claim Settlement Form will be rejected.

7.3.     <u>Claim Review Process</u>.  As soon as practicable, the Settlement Administrator

shall confirm that each Claim Form submitted is in the form required, that each Claim Form was

submitted in a timely fashion, and that the person submitting the Claim is a member of the

Settlement Class.

7.4.     <u>Notification</u>.  Within ten (10) Days after the Claims Deadline, the Settlement

Administrator shall provide Class Counsel and Ocwen with a list of all Settlement Class

Members who filed a Claim, whether the Claim was rejected or accepted, and if rejected, the

reason it was rejected. The Parties will use their best efforts to amicably resolve any dispute

about the processing of any Claim.

7.5.     The Settlement Administrator shall have sixty (60) Days after the Final

Settlement Date within which to process the Claims and remit the appropriate Settlement Relief

amounts by check to Claimants from the Settlement Fund.

7.6.    Information Available to Class Counsel and Ocwen.  Class Counsel and Ocwen shall have the right to communicate directly with the Settlement Administrator regarding the administration of this Settlement, provided that each notifies the other contemporaneously of all such interactions.

## 8.    COVENANTS

The Settling Parties covenant and agree as follows:

8.1.    Covenant Not to Sue.  Plaintiffs and the Settlement Class Members covenant and agree: (i) not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims against any of the Released Persons; and (b) that the foregoing covenant and this Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons. However, this Agreement is not intended to and does not prohibit a Settlement Class Member from responding to inquiries from federal, state or local agencies and/or law enforcement, even if the inquiries relate to the Released Claims. Similarly, this Agreement is not intended to and does not prohibit a Settlement Class Member from bringing their concerns to federal, state or local agencies and/or law enforcement, even if those inquiries relate to the Released Claims.

8.2.    Cooperation.  The Settling Parties agree to cooperate reasonably and in good faith with the goal of obtaining entry of the Final Approval Order and the Judgment as quickly as is reasonably practicable and expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this Settlement Agreement, including, but not limited to, the expeditious agreement to the terms of all class notice documents and settlement administration protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court.

9.      **REPRESENTATIONS AND WARRANTIES**

9.1.    Plaintiffs' Representations and Warranties.

9.1.1.   Plaintiffs represent and warrant that they are the sole and exclusive owners of all of their own Released Claims and that they have not assigned or otherwise transferred any interest in any of their Released Claims against any of the Released Persons, and further covenant that they will not assign or otherwise transfer any interest in any of their Released Claims.

9.1.2.   Plaintiffs represent and warrant that they have no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

9.2.    The Settling Parties' Representations and Warranties.  The Settling Parties, and each of them on his, her, or its own behalf only, represent and warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Settlement Agreement.  Each of the Settling Parties assumes the risk of mistake as to facts or law.

10.    **Releases.**

10.1.    <u>Released Claims of Settlement Class</u>.  Upon Final Approval, each member of the Settlement Class shall, by operation of the Judgment, be deemed to have fully, conclusively,

irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, that relate to or arise out of Ocwen's use of equipment or methods to contact or attempt to contact Settlement Class Members by telephone for servicing or debt collection purposes during the Settlement Class Period, including but not limited to claims that relate to or arise out of Ocwen's use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the Telephone Consumer Protection Act. For the avoidance of doubt, "Released Claims" include claims relating to or arising out of the equipment or method used to contact or attempt to contact Settlement Class Members by telephone, but do not include claims based on other aspects of calls, such as the substance of the calls, or the time/date of any such calls. For the avoidance of doubt, no claims arising in *Beecroft v. Altisource Business Solutions Pvt. Ltd.*, No. 0:15-cv-02184-SRN-BRT (D. Minn.), are released.

10.2.    Without in any way limiting their scope, the Released Claims cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, Plaintiffs, or any Settlement Class Members in connection with or related in any

manner to this Settlement, the administration of this Settlement, and/or the Released Claims, except to the extent otherwise specified in the Settlement Agreement.

10.3.    In connection with the Releases in paragraph 10.1, and without expanding their scope in any way, Plaintiffs and each Settlement Class Member shall be deemed, as of the date of Final Approval, to have waived any and all provisions, rights, benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

To the extent that anyone might argue that these principles of law are applicable -- notwithstanding that the Settling Parties have chosen Illinois law to govern this Settlement Agreement -- Plaintiffs hereby agree, and each Settlement Class Member will be deemed to agree, that the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released.  The Plaintiffs recognize, and each Settlement Class Member will be deemed to recognize, that, even if they may later discover facts in addition to or different from those which they now know or believe to be true, they fully, finally, and forever settle and release any and all claims covered by these Releases upon entry of the Judgment. The Settling Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Agreement.

10.4.    This Agreement and the Releases herein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 11 of this Settlement Agreement.

10.5.    The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court.  The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases contained in the Agreement.  The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

10.6.    Upon entry of the Final Approval Order and the Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s) except as set forth in this Agreement; and (iii) Settlement Class Members who have not opted out shall be permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims.

10.7.    Nothing in this Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein.  The Releases set forth herein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

10.8.    All of the Plaintiffs' claims in the Consolidated Litigation that are not Released Claims (e.g., the FDCPA claims), will be dismissed without prejudice.

**11.    OPT-OUT RIGHTS.**

11.1.    A potential Settlement Class Member who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a Request for Exclusion that is

postmarked no later than the Opt Out Deadline. The Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number at which that potential Settlement Class Member was called by Ocwen during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement.  Mass or class opt-outs shall not be allowed.

      11.2.    Any potential member of the Settlement Class who properly opts out of the Settlement Class shall: (a) not be bound by any orders or judgments relating to the Settlement; (b) not be entitled to relief under, or be affected by, the Agreement; (c) not gain any rights by virtue of the Agreement; and (d) not be entitled to object to any aspect of the Settlement.

      11.3.    The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests for Exclusion within seven (7) Days after the Opt Out Deadline.

      11.4.    If 4,000 or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by Ocwen without penalty or sanction.

      11.5.    Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion in accordance with Section 11, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief.

**12.    OBJECTIONS.**

      12.1.   <u>Overview</u>.  Any potential Settlement Class Member who does not opt out of the Settlement will be a Settlement Class Member and may object to the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Agreement.

12.2.    Process.  Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in Section 18), no later than the Objection Deadline.

12.2.1. The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the cellular telephone number at which the Settlement Class Member was called by Ocwen during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the basis for the objection; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

12.2.2. Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

12.3.    Appearance.  Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 12.2 and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of

31

intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

12.3.1. The Notice of Intention to Appear must include the Settlement Class Member's full name, address, and telephone number, as well as copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

12.3.2. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## 13. SETTLEMENT APPROVAL.

13.1.    Plaintiffs shall, no later than September 15, 2017, or as otherwise set by the Court, apply to the Court for entry of the proposed Preliminary Approval Order and setting of a Final Approval Hearing.

13.2.    Not later than seven (7) Days before the Final Approval Motion Deadline, the Settlement Administrator will provide Class Counsel with a declaration that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Requests for Exclusion to the Settlement, along with the number of claims received to date.

## 14. CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS FOR SETTLEMENT PURPOSES.

14.1.    Plaintiffs shall move for Final Approval of the Settlement and entry of the Final Approval Order and Judgment, and shall request that the preliminary certification of the nationwide Settlement Class for settlement purposes be made final.

14.2.    If the Settlement is not granted Final Approval, or this Agreement is otherwise terminated or rendered null and void, the certification of the above-described nationwide Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied; in such circumstances, Ocwen reserves and shall have all rights to challenge certification of any settlement class or any other class for trial purposes in the Consolidated Litigation, or in any other action, on all available grounds as if no nationwide Settlement Class had been certified.

## 15.    ATTORNEYS' FEES, EXPENSES, AND PLAINTIFFS' INCENTIVE AWARDS.

15.1.    Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses from the Settlement Fund.

15.1.1.    The Settlement Administrator shall pay the amount of Attorneys' Fees and Expenses awarded by the Court from the Settlement Fund to the account(s) of Class Counsel via wire instructions provided by Class Counsel to the Settlement Administrator within five (5) Days after the Final Settlement Date.

15.2.    Class Counsel may also apply to the Court for Incentive Awards for each Plaintiff to be paid solely from the Settlement Fund.

15.2.1.    The Settlement Administrator shall deliver to Class Counsel separate checks made payable from the Settlement Fund to each Plaintiff awarded an Incentive Award within five (5) Days after the Final Settlement Date.

15.2.2. If the Court awards any Plaintiff an Incentive Award, that Plaintiff shall provide the Settlement Administrator a completed W9 form within 10 Days after the Final Settlement Date.

15.3.    The procedure for and the grant or denial or allowance or disallowance by the Court of the Attorneys' Fees and Expenses and Incentive Awards are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses and Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order or Judgment approving the Agreement and the Settlement, except as provided for in Section 15.1.

## 16.    TERMINATION AND EFFECT THEREOF.

16.1.    This Agreement shall be terminable by any Party if any of the conditions of Section 3 are not fully satisfied, or if the conditions of Section 11.4 occur, unless the relevant conditions are waived in writing signed by authorized representatives of each of the Plaintiffs and Ocwen.

16.2.    This Agreement shall also terminate at the discretion of any named Plaintiff or Ocwen if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Agreement or the proposed Settlement that is material, including without limitation, the terms or relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, or restricts, or expands, any portion of the Final Approval Order or Judgment, or any of the Court's findings of fact or conclusions of law, that is material; or (3) if all of the conditions required to be met before the Final Settlement Date do not occur.

16.3.    If this Agreement is terminated as provided herein, either automatically or by a Party, the Settlement shall be null and void from its inception and the Settling Parties will be

restored to their respective positions in the Consolidated Litigation as of the day prior to the date

of the Preliminary Approval Order. In such event, the terms and provisions of this Agreement

will have no further force and effect with respect to the Settling Parties and will not be used in

the Consolidated Litigation, or in any other proceeding for any purpose, and any judgment or

order entered by the Court in accordance with the terms of this Agreement will be treated as

vacated, nunc pro tunc.

## 17.   MISCELLANEOUS PROVISIONS

17.1.   There will be no offset to any amounts received by any Plaintiff or Settlement

Class Member under this Settlement to account for any payments to Plaintiffs or Settlement

Class Members under the National Mortgage Settlement or any other settlement between Ocwen

and any governmental or private entity. Nor will any payments to any Plaintiff or Settlement

Class Member be an offset against any payments to Plaintiffs or Settlement Class Members

under the National Mortgage Settlement or any other settlement between Ocwen and any

governmental or private entity.

17.2.   The Settling Parties acknowledge that it is their intent to consummate this

Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and

implement all terms and conditions of this Agreement and to exercise their best efforts to

accomplish the foregoing terms and conditions of this Agreement.

17.3.   The Settling Parties intend the Settlement to be a final and complete resolution of

all disputes between them with respect to the Consolidated Litigation. The Settlement

compromises claims that are contested and will not be deemed an admission by any Settling

Party as to the merits of any claim or defense. The Settling Parties agree that the consideration

provided to the Settlement Class and the other terms of the Settlement were negotiated in good

faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached

voluntarily after consultation with competent legal counsel. The amounts paid are to compromise the Claimants' claims for damages and the amounts paid represent the Claimants' compensation for such alleged damages.

17.4. Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of Ocwen; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault, omission, wrongdoing, or liability of Ocwen in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Ocwen may file this Agreement (including the Exhibits thereto, except Exhibit G, which may only be filed under seal), the Final Approval Order, and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including, without limitation, those based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

17.5. All agreements made and orders entered during the course of the Consolidated Litigation relating to the confidentiality of information will survive this Agreement.

17.6. All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

17.7. This Agreement may be amended or modified only by a written instrument signed by or on behalf of each Plaintiffs and Ocwen or their respective successors-in-interest. Any material changes must be approved by the Court.

17.8.    This Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized herein. Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

17.9.    This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.  A complete set of counterparts will be submitted to the Court.

17.10.  This Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

17.11.  The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

17.12.  None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Agreement or its Exhibits for purposes of construing the provisions thereof.  The language in all parts of this Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any Settling Party as the drafter thereof.

17.13.  The Settlement shall be governed by the laws of the State of Illinois, except to the extent that the law of the United States governs any matters set forth herein, in which case such federal law shall govern.

17.14.  The following principles of interpretation apply to the Agreement: (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successors-in-

interest; and (c) whenever the words "include," includes," or 'including" are used in the

Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words

"without limitation."

17.15.  The Settlement Agreement shall not be subject to collateral attack by any

Settlement Class Member or any recipient of the notices of the Settlement Class after the Final

Approval Order and Judgment are entered.

## 18.    NOTICES

18.1.    All notices (other than the Class Notice) required by the Agreement shall be made

in writing and communicated by email and mail to the following addresses:

18.2.    All notices to Class Counsel shall be sent to Class Counsel, c/o:

> Alexander H. Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, Illinois 60601
>
> Beth E. Terrell
> Terrell Marshall Law Group PLLC
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
>
> Counsel for Plaintiffs and Class

18.3.    All notices to Defense Counsel shall be sent to Defense Counsel, c/o:

> Brian V. Otero
> Hunton & Williams LLP
> 200 Park Avenue, 52nd Floor
> New York, New York 10166
>
> Counsel for Ocwen

18.4.    The notice recipients and addresses designated above may be changed by written

agreement of Plaintiffs and Ocwen.

18.5.    Upon the request, the Parties agree to promptly provide each other with copies of objections, Requests for Exclusion, or other similar documents received from Settlement Class Members in response to the Class Notice.

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.

**On Behalf of Defendant Ocwen Loan Servicing LLC:**

Dated: _____9/14/17_____       By: _____Annie Zaffuto_____

Name: _____Annie T. Zaffuto_____
Associate General Counsel
Title: _____

**On Behalf of Plaintiffs and the Settlement Class:**

Dated: _____       By: _____

Keith Snyder

Dated: _____       By: _____

Susan Mansanarez

Dated: _____       By: _____

Tracee A. Beecroft

18.5.   Upon the request, the Parties agree to promptly provide each other with copies of objections, Requests for Exclusion, or other similar documents received from Settlement Class Members in response to the Class Notice.

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.

**On Behalf of Defendant Ocwen Loan Servicing LLC:**

Dated: _____       By: _____

                                      Name: _____

                                      Title: _____

**On Behalf of Plaintiffs and the Settlement Class:**

Dated: 9/14/2017_____       By: _____
                                          *Keith Snyder*
                                          749B3D81A214455...

                                      Keith Snyder

Dated: _____       By: _____

                                      Susan Mansanarez

Dated: _____       By: _____

                                      Tracee A. Beecroft

18.5.    Upon the request, the Parties agree to promptly provide each other with copies of objections, Requests for Exclusion, or other similar documents received from Settlement Class Members in response to the Class Notice.

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.

**On Behalf of Defendant Ocwen Loan Servicing LLC:**

Dated: _____    By: _____

                                     Name: _____

                                     Title: _____

**On Behalf of Plaintiffs and the Settlement Class:**

Dated: _____    By: _____

                                     Keith Snyder

Dated: _9/14/17_____    By: _____

                                     Susan Mansanarez

Dated: _____    By: _____

                                     Tracee A. Beecroft

18.5.   Upon the request, the Parties agree to promptly provide each other with copies of objections, Requests for Exclusion, or other similar documents received from Settlement Class Members in response to the Class Notice.

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Settlement on the dates set forth below.


**On Behalf of Defendant Ocwen Loan Servicing LLC:**

Dated: _____     By: _____

                                      Name: _____

                                      Title: _____


**On Behalf of Plaintiffs and the Settlement Class:**

Dated: _____     By: _____

                                      Keith Snyder


Dated: _____     By: _____

                                      Susan Mansanarez


Dated: __9/13/2017__                  By: _____

                                      Tracee A. Beecroft

**Approved as to form and content:**

For Plaintiffs:                                  For Ocwen Loan Servicing, LLC:



Alexander H. Burke
aburke@burkelawllc.com
Daniel J. Marovitch
dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, Illinois 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

Beth E. Terrell
Email: bterrell@terrellmarshall.com
Adrienne D. McEntee
Email: amcentee@terrellmarshall.com
TERRELL MARSHALL LAW GROUP
PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Mark Ankcorn
Email: mark@ankcornlaw.com
Ann Marie Hansen
Email: Annmarie@ankcornlaw.com
ANKCORN LAW FIRM PLLC
200 West Madison Street, Suite 2143
Chicago, Illinois 60606
Telephone: (321) 422-2333
Facsimile: (619) 684-3541

Guillermo Cabrera
Email: gil@cabrerafirm.com
Jared Quient
Email: jared@cabrerafirm.com
THE CABRERA FIRM, APC
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 500-4880
Facsimile: (619) 785-3380

Mark L. Heaney
Email: mark@heaneylaw.com

Brian V. Otero
botero@hunton.com
Stephen R. Blacklocks
sblacklocks@hunton.com
Ryan A. Becker
rbecker@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000

Simon Fleischmann (6274929)
sfleischmann@lockelord.com
Thomas J. Cunningham (6215928)
tcunningham@lockelord.com
Chethan Shetty (6300848)
cshetty@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: 312-443-0700

_____

Alexander H. Burke
aburke@burkelawllc.com
Daniel J. Marovitch
dmarovitch@burkelawllc.com
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, Illinois 60601
Telephone: (312) 729-5288
Facsimile: (312) 729-5289

Beth E. Terrell
Email: bterrell@terrellmarshall.com
Adrienne D. McEntee
Email: amcentee@terrellmarshall.com
TERRELL MARSHALL LAW GROUP
PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Mark Ankcorn
Email: mark@ankcornlaw.com
Ann Marie Hansen
Email: Annmarie@ankcornlaw.com
ANKCORN LAW FIRM PLLC
200 West Madison Street, Suite 2143
Chicago, Illinois 60606
Telephone: (321) 422-2333
Facsimile: (619) 684-3541

Guillermo Cabrera
Email: gil@cabrerafirm.com
Jared Quient
Email: jared@cabrerafirm.com
THE CABRERA FIRM, APC
600 West Broadway, Suite 700
San Diego, California 92101
Telephone: (619) 500-4880
Facsimile: (619) 785-3380

Mark L. Heaney
Email: mark@heaneylaw.com

_____

Brian V. Otero
botero@hunton.com
Stephen R. Blacklocks
sblacklocks@hunton.com
Ryan A. Becker
rbecker@hunton.com
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 309-1000

Simon Fleischmann (6274929)
sfleischmann@lockelord.com
Thomas J. Cunningham (6215928)
tcunningham@lockelord.com
Chethan Shetty (6300848)
cshetty@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: 312-443-0700

HEANEY LAW FIRM, LLC
601 Carlson Parkway, Suite 1050
Minnetonka, MN 55305
Telephone: (952) 933-9655

— **EXHIBIT A** —

Claim ID: xxxxxxxxxxxxxx

Confirmation No: xxxxxxxxxxxxxx

**Snyder, et al. v. Ocwen Loan Servicing, LLC, No. 1:14-cv-08461**

**SETTLEMENT CLAIM FORM**
**CLAIM FORM MUST BE FULLY COMPLETED, SIGNED AND POSTMARKED BY**
.

**You may also submit your claim online at www.OcwenTCPASettlement.com.**

Full Name:
bbbbbbbbbbbbbbbbbbbbbbbbbbbbbbb

Address:
bbbbbbbbbbbbbbbbbbbbbbbbbbbbbbb

| City: | State: | Zip: | Zip 4 (optional): |
|---|---|---|---|
| bbbbbbbbbbbb | bb | bbbbb - bbbb | |

Contact Phone Number:

Cell Phone Number to which You Received a Call:

(xxx) xxx - xxxx          (xxx) xxx - xxxx

Your cell phone number must be listed in our records as one of the phone numbers that was called by Ocwen and included as part of the Settlement. If you are not certain which of your cell phone numbers may have been called, you may submit each of them separately.

**CERTIFICATION**
By signing and submitting this Claim Form, I certify that I received a call from Ocwen on the above cell phone number, and was the subscriber or user of the cell phone number.

**Signature:** _____

This process takes time; please be patient.

**Para ver este aviso en español, visite www.OcwenTCPASettlement.com.**

**For more information, visit www.OcwenTCPASettlement.com.**

**LEGAL NOTICE**

*Snyder v. Ocwen Loan Servicing, LLC*,

No. 1:14-cv-08461 (N.D. Ill.)

A settlement has been proposed in this lawsuit pending in the U.S. District Court for the Northern District of Illinois ("Court").

This case claims that Ocwen Loan Servicing, LLC ("Ocwen"), violated the Telephone Consumer Protection Act by calling cell phones using an automatic telephone dialing system without consent ("Automatic Calls"). Ocwen denies it did anything wrong.

Who Is Included? You may be in the Settlement as a "Class Member" if you received one or more Automatic Calls to your cell phone from Ocwen between October 27, 2011 and _____, 2017. If you received this notice, Ocwen's records suggest that you are very likely a Class Member.

**Snyder v. Ocwen**

**c/o Administrator**
**P.O. Box XXXXX**
**[City, State ZIP]**

_____

**Forwarding Service Requested**

Claim ID: xxxxxxxxxxxxxxx

Confirmation No: xxxxxxxxxxx

JANE CLAIMANT
123 4TH AVE
APT 5
SEATTLE, WA 67890



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

## BUSINESS REPLY MAIL
FIRST-CLASS MAIL   PERMIT NO. 75   DUBLIN, OH

POSTAGE WILL BE PAID BY ADDRESSEE

OCWEN TCPA SETTLEMENT
C/O [ADMIN]
P.O. BOX XXXXX
[CITY, STATE  ZIP]

---

*Snyder v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461 (N.D. Ill.). **You might get a payment from this Settlement.**

**Summary of the Settlement**: Ocwen agreed to establish a Settlement Fund of $17,500,000 to pay Class Members who make valid and timely claims; pay any service awards to the three Class Representatives; pay attorneys' fees and costs; and pay settlement notice and administration costs. Plaintiffs will request up to $25,000 each in incentive awards, and up to $5,833,333.33 in attorneys' fees, plus costs. Any remaining monies from uncashed settlement checks may be redistributed or paid to a non-profit. This is a summary notice only; additional details of the Settlement can be found at **www.OcwenTCPASettlement.com** or by calling 1-XXX-XXX-XXXX.

**Can I Get Money from the Settlement?** Yes, each Class Member who submits a valid and timely Settlement Claim will receive a cash award, the amount of which depends on how many people make approved claims. Class Members who received calls on more than one cell phone may submit one claim per cell phone number, up to three. Class Counsel estimate that the amount of the cash award may be within the range of $50 to $90. Ocwen has also agreed to change its calling practices.

**How Do I Make A Settlement Claim?** To make a claim **1)** fill out, sign, and mail this claim form back; **2)** submit a claim online at www.OcwenTCPASettlement.com; **OR 3)** print and complete the form from the Settlement website and mail to the address below.

**Do I Have a Lawyer?** Yes. The Court appointed Burke Law Offices, LLC, Terrell Marshall Law Group PLLC,

Ankcorn Law Firm PLLC, Heaney Law Firm, LLC, and The Cabrera Firm, APC as counsel for the class. The lawyers will be paid from the Settlement Fund. You may enter an appearance in the case through your own attorney if you so desire.

**What Should I Do?** Class Members have four options: **(1) Submit a Claim** to the Settlement Administrator for a share of the Settlement Fund by _____. If the Settlement is approved, you will not have the right to sue separately for damages of $500 per call, or $1,500 per calls made willfully. **(2) Remain a Class Member but object** to the Settlement. Instructions for objecting are available at www.OcwenTCPASettlement.com. Objections and supporting documents must be sent to Class Counsel and Defense Counsel, and filed with the Court by _____. You may choose to pay for and be represented by a lawyer who may send the objection for you. **(3) Exclude yourself** from the Settlement by mailing a request to the Settlement Administrator (not the Court). You must state in writing your name, address, the cell number at which Ocwen called you, and that you want to be excluded from this Settlement. Exclusions must be signed and postmarked no later than _____. **(4) Do Nothing**: If you do nothing, you will remain part of the Settlement Class and will release your claims against the Released Parties, but you will not receive any money from this Settlement.

**Scheduled Hearing**: The judge scheduled a hearing for [date], at [time] in Courtroom 2103 of the U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and class representative awards. The hearing may be changed without notice. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

**For more information:** Visit: www.OcwenTCPASettlement.com: Call: 1-XXX-XXX-XXXX; or write to: Ocwen TCPA Settlement, c/o [Administrator], P.O. Box XXXXX, [City, State  ZIP].

— **EXHIBIT  B** —

# Court-Approved Class Action Settlement Notice

*Snyder, et al. v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461
United States District Court for the Northern District of Illinois

**This is not a lawsuit against you. You might get a payment from this settlement.**

A class action settlement has been reached in the lawsuit *Snyder, et al. v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461, which is pending in the U.S. District Court for the Northern District of Illinois ("Court").

This lawsuit claims that Ocwen Loan Servicing, LLC ("Ocwen") violated the Telephone Consumer Protection Act by calling cell phones using an automatic telephone dialing system without proper consent. Ocwen denies it did anything wrong.

## <u>Who is included</u>?
You may be in the Settlement as a "Class Member" if you received one or more calls to your cell phone from Ocwen between October 27, 2010 and _____, 2017. The class is limited to individuals called on 1,685,757 specific cell phone numbers. If you received this notice, Ocwen's records suggest that you are very likely a Class Member.

## <u>Summary of the Settlement</u>:
Under the proposed Settlement, Ocwen has agreed to establish a Settlement Fund of $17,500,000 to: (1) pay Class Members who make valid and timely claims; (2) pay any service award to the three Class Representatives; (3) pay attorneys' fees and costs awarded by the Court; and (4) pay settlement notice and administration costs. Plaintiffs will request service awards of no more than $25,000 each, and attorneys' fees of up to $5,833,333.33, plus costs. Any remaining monies from uncashed settlement checks may be redistributed to Claimants or paid to a non-profit organization with the proposed recipient(s) to be posted on the Settlement Website. Additional details of the Settlement can be found at www.OcwenTCPASettlement.com or by calling 1-XXX-XXX-XXXX.

As part of the settlement, Ocwen has also agreed to an injunction requiring it to improve its procedures designed to prevent calls from being autodialed to cell phones without consent, and has agreed to enhanced damages for certain persons whose cell phones are called as a result of gaps in its recordkeeping and calling practices.

## <u>Can I get money from the Settlement</u>?
Yes, each Class Member who submits a valid and timely Settlement Claim will receive a cash award, the amount of which depends on how many people make approved claims. Class Members who received calls on more than one cell phone may submit one claim per cell phone number, up to three. Class Counsel estimate that the amount of the cash award may be within the range of $50 to $90.

## How do I make a Settlement claim?

You can make a claim by: (1) submitting your claim online at www.OcwenTCPASettlement.com; or (2) printing a copy of the claim from [insert hyperlink] and mailing the completed form to Ocwen TCPA Settlement, c/o [Administrator] [Address].

## Do I have a lawyer?

Yes. The Court has appointed lawyers from the following firms to represent Class Members: Burke Law Offices, LLC, Terrell Marshall Law Group PLLC, Ankcorn Law Firm PLLC, Heaney Law Firm, LLC and The Cabrera Firm, APC. The lawyers will be paid from the Settlement Fund. You may enter an appearance through your own attorney if you so desire.

## What should I do?

Class Members have four options:

**(1) Submit a Claim** to the Settlement Administrator for a share of the Settlement Fund by [DATE]. For non-emergency calls made using an automatic telephone dialing system and/or an artificial or prerecorded voice, without the prior express consent of the called party, the TCPA provides for damages of $500 per call, and up to $1,500 per call if making the call is found to be willful. If the Settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately for the TCPA claims in the lawsuit.

**(2) Remain a Class Member but object to the Settlement**. Instructions for objecting are available at www.OcwenTCPASettlement.com. Objections and supporting documents must be sent to Class Counsel and Defense Counsel, and filed with the Court by [DATE]. You may choose to pay for and be represented by a lawyer who may send the objection for you.

**(3) Exclude yourself from the Settlement** by mailing a request to the Settlement Administrator (not the Court). You must state in writing your name, address, the cell number at which you were called by Ocwen, and that you want to be excluded from the Settlement. Exclusions must be signed by you and postmarked no later than [DATE].

**(4) Do Nothing**. If you do nothing, you will remain part of the Settlement Class and will release your claims against the Released Parties, but you will not receive any money from this Settlement.

**Scheduled Hearing**: The judge scheduled a hearing for [date], at [time], in Courtroom 2103 of the U.S. District Court, Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and class representative awards. The hearing may be changed without notice. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

## For more information:

Visit: www.OcwenTCPASettlement.com; call: 1-XXX-XXX-XXXX; or write to: Ocwen TCPA Settlement, c/o [Administrator] [Address].

**En el sitio web, www.OcwenTCPASettlement.com, hay una notificación completa del acuerdo en Español.**

# — EXHIBIT  C —

*Snyder, et al. v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461
United States District Court for the Northern District of Illinois

**If you received a <u>call</u> on a <u>cell phone</u> from <u>Ocwen Loan Servicing, LLC</u> between October 27, 2010 and _____, 2017, you <u>may be entitled to benefits under</u> a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Three consumers ("Class Representatives") brought a lawsuit alleging that Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"), violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by using an automatic telephone dialing system to call cell phones ("Automatic Calls") without proper consent.

- A settlement has been reached in this case, which affects certain individuals who received an Automatic Call from Ocwen between October 27, 2010 and _____, 2017 ("Settlement Class Period").

- The settlement, if approved, will provide a $17,500,000 fund from which eligible persons who file valid and timely claims will receive cash awards ("Settlement Fund"). The cash awards are estimated to be approximately $55 to $90 per claim.

- You are in the "Settlement Class" if you were called on one or more of 1,685,757 specific cell phone numbers to which Ocwen made Automatic Calls during the Settlement Class Period.

- In addition to paying settlement awards to Settlement Class Members, the Settlement Fund will be used to pay attorneys' fees and costs to attorneys representing the Class Representatives and the Settlement Class ("Class Counsel"), any service awards to each of the three Class Representatives, the reasonable costs of notice and administration of the settlement, and a possible charitable contribution if there are uncashed settlement award checks.

- Ocwen has also agreed to alter its recordkeeping practices as to whether it has obtained consent to call cell phone numbers, and has agreed to pay certain minimum amounts in future lawsuits that may arise.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

- **En el sitio web, www.OcwenTCPASettlement.com, hay una notificación completa del acuerdo en Español. Para un operador telefónico de habla Español, llame al 1-XXX-XXX-XXXX.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment. You can submit a valid and timely claim form online at www.OcwenTCPASettlement.com or by mail to Ocwen TCPA Settlement, c/o [Administrator] [ADDRESS]. If you fail to submit a claim, you will not receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue Ocwen or anyone else separately regarding the legal claims in this case. |
| **Exclude Yourself or "Opt Out" of the Settlement** | Get no payment. If you exclude yourself, you will not waive any rights you may have against Ocwen or anyone else with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. Even if you file a valid and timely objection, you can still submit a claim form to receive a payment. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement if you file a valid and timely objection. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice. The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................**PAGE 4**
1.  Why is there a notice?
2.  What is this class action lawsuit about?
3.  Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ...............................................................**PAGE 4**
4.  How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET**...........................................**PAGE 5**
5.  What does the Settlement provide?

**HOW YOU GET A PAYMENT** ...................................................................**PAGE 6**
6.  How and when can I get a payment?
7.  What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................................**PAGE 7**
8.  How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU**.........................................................**PAGE 8**
9.  Do I have a lawyer in this case?
10. How will the lawyers and Class Representatives be paid?

**OBJECTING TO THE SETTLEMENT** ...........................................................**PAGE 8**
11. How do I tell the Court that I do not think the Settlement is fair?

**THE COURT'S FAIRNESS HEARING**...........................................................**PAGE 9**
12. When and where will the Court decide whether to approve the Settlement?
13. May I speak at the hearing?

**IF YOU DO NOTHING** ............................................................................**PAGE 10**
14. What happens if I do nothing at all?

**GETTING MORE INFORMATION**................................................................**PAGE 10**
15. How do I get more information?

# BASIC INFORMATION

**1. Why is there a notice?**

A court authorized this Notice because you have a right to know about a proposed settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice in the mail, it is because Ocwen's records indicate you may have received one or more Automatic Calls from Ocwen between October 27, 2010 and _____, 2017.

More specifically, the Settlement Class comprises individuals that Ocwen called on 1,685,757 cell phone numbers using its Aspect telephone equipment during the Settlement Class Period.

The Court in charge of the case is the United District Court for the Northern District of Illinois, and the case is known as *Snyder, et al., v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461 (N.D. Ill.). The proposed Settlement would resolve all claims in this case, as well as the claims at issue in a related case, *Snyder, et al. v. U.S. Bank, N.A., et al.*, No. 1:16-cv-11675 (N.D. Ill.), which seeks to hold certain trustees liable for Ocwen's calls, too. The people who sued are called the "Plaintiffs" or "Class Representatives," and the company sued, Ocwen Loan Servicing, LLC, is referred to herein as "Ocwen" or the "Defendant."

On June 28, 2017, the Court issued an opinion in the *Snyder* case indicating that the requirements for certifying an injunctive class were present. That ruling also indicated that Ocwen's Aspect telephone system, used to call Class Members, was an automatic telephone dialing system for purposes of this case. The parties settled after that ruling, but before the Court issued a more formal class certification opinion, and before the Court entered a formal injunction.

**2. What is this class action lawsuit about?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representatives filed and/or pursued this Action alleging that Ocwen violated the TCPA by using an automatic telephone dialing system to call cell phones without the prior express consent of the recipients.

Ocwen denies that it did anything wrong, or that this case is appropriate for treatment as a class action.

**3. Why is there a settlement?**

The Court did not decide in favor of the Class Representatives or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and their attorneys think the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT?

**4. How do I know if I am part of the Settlement?**

The Court has certified a class action for settlement purposes only. You are in the Settlement Class if

you are a person whom Ocwen called using its Aspect dialing system on one or more of 1,685,757 specific cell phone numbers between October 27, 2010 and ___, 2017.

Excluded from the Class are individuals who were not users or subscribers of the 1,685,757 specific cellular telephone numbers during the Settlement Class Period, are officers or directors of Ocwen or of any Ocwen Affiliate, any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons, and all persons who validly exclude themselves or opt out of the Settlement Class.

If you have questions about whether you are a Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.OcwenTCPASettlement.com for more information.

## THE SETTLEMENT BENEFITS - WHAT YOU GET

### 5. What does the Settlement provide?

Ocwen has agreed to pay a total settlement amount of $17,500,000, which will be used to create a Settlement Fund to pay cash awards to Settlement Class Members who submit a valid and timely claim, pay Class Counsel's attorneys' fees and costs, pay a service award to the Class Representatives, and pay costs and expenses of settlement administration.

Ocwen has also agreed to an injunction requiring it to alter its practices having to do with keeping track of whether it has consent to make autodialed phone calls to cell phones. More details about the injunction are available in the Settlement Agreement at Paragraph 4.2.

Ocwen has also agreed to enhanced damages for certain TCPA lawsuits filed after _____, 2017, if nonconsensual Automatic Calls from Ocwen result from certain gaps in Ocwen's recordkeeping and calling practices:

> In any individual case commenced between the date of the Preliminary Approval Order and a date that is two years from the date of Final Approval, if it is found liable for a TCPA violation, Ocwen agrees to pay not less than the amounts set forth below for each automated call placed after the date of the Preliminary Approval Order through its Aspect system to a cell phone, where the consent field in Ocwen's REALServicing system should have been "N" or "P" as of the date of the Preliminary Approval Order. For the first 10 such calls Ocwen agrees to pay $1,000 for each such call; for the next 11-50 calls agrees to pay $1,250 for each such call, and any call more than 50 Ocwen agrees to pay $1,500 for each call.

Any remaining monies from uncashed Settlement Relief may be redistributed in further distributions to Settlement Class Members who submitted valid and timely claims and cashed settlement checks. However, if a further distribution would be administratively infeasible (e.g., less than $1 per qualifying Claimant), the remaining monies will instead be donated to a *cy pres* recipient. Plaintiffs have proposed that such money be split between the National Consumer Law Center and the Public Justice Foundation.

# HOW YOU GET A PAYMENT

**6. How and when can I get a payment?**

Each Settlement Class Member who submits a valid and timely Claim Form will receive Settlement Relief. Settlement Relief is a cash payment. The final cash payment amount will depend on the total number of valid and timely claims filed by all Settlement Class Members. Settlement Class Members who received calls on more than one cell phone may submit one claim per cell phone number, up to three. Class Counsel estimate that the amount of the cash award (while dependent upon the number of claims) may be within the range of $55 to $90. Eligible Settlement Class Members may make one claim per associated unique cellular telephone number called.

Claims may be submitted electronically via the Settlement Website, www.OcwenTCPASettlement.com, or by mail to:

Ocwen TCPA Settlement, c/o [Administrator][ADDRESS]

The Court will hold a hearing on _____, 2017, to decide whether to approve the Settlement. If the Settlement is approved, appeals may still follow. Whether the appeals, if any, can be resolved is uncertain, and resolving them can take time, perhaps more than a year. Please be patient.

**7. What am I giving up to get a payment or stay in the Class?**

If you are a Settlement Class Member, unless you exclude yourself, you will be bound by the release of claims in the Settlement. This means that, if the Settlement is approved, you can't sue, continue to sue, or be part of any other lawsuit against Ocwen or anyone else having to do with TCPA violations arising out of Automatic Calls made by Ocwen between October 27, 2010 and _____, 2017, and all of the decisions and judgments by the Court will bind you.

For non-emergency calls or text messages to a cell phone number made using an automatic telephone dialing system without the prior express consent of the called party, the TCPA provides for damages of $500 per violation, or up to $1,500 for willful violations, plus an injunction limiting future conduct. However, Ocwen has denied that it made any illegal calls or sent any illegal texts to anyone, and in any future lawsuit it will have a full range of potential defenses, including that it had prior express consent to make the calls. In addition, the TCPA does not provide for attorneys' fees to prevailing individual plaintiffs. This Settlement permits class members the opportunity to obtain a smaller amount of money, risk-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Ocwen from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Settlement Class means that you, as well as anyone claiming through you such as heirs, administrators, successors, and assigns, relinquish and discharge each and all of the Released Parties from each of the Released Claims (as defined below).

Claims Released: Upon Final Approval, each member of the Settlement Class shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, that relate to or arise out of Ocwen's use of equipment or methods to contact or attempt to contact Settlement Class Members by telephone for servicing or debt collection purposes during the Settlement Class Period, including but not limited to claims that relate to or arise out of Ocwen's use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the Telephone Consumer Protection Act. For the avoidance of doubt, "Released Claims" include claims relating to or arising out of the equipment or method used to contact or attempt to contact Settlement Class Members by telephone, but do not include claims based on other aspects of calls, such as the substance of the calls, or the time/date of any such calls. For the avoidance of doubt, no claims arising in *Beecroft v. Altisource Business Solutions Pvt. Ltd.*, No. 0:15-cv-02184-SRN-BRT (D. Minn.), are released.

The Settlement Agreement (available at the website) provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Parties or the Released Claims or what they mean.

The release does not apply to Settlement Class Members who timely opt-out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Ocwen on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement.

### 8. How do I exclude myself from the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from *Snyder v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461 (N.D. Ill.). Be sure to include your full name, address, and the cell phone number(s) at which you were called by Ocwen. You must also include a statement that you wish to be excluded from the Settlement and sign the statement. **You must mail your exclusion request postmarked no later than [MONTH DAY, YEAR]**, to:

Ocwen TCPA Settlement, c/o [Administrator], [ADDRESS]

If you ask to be excluded, you will not get any Settlement Relief, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Ocwen in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion.

# THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

The Court appointed the following law firms to represent you and other Class Members:

Terrell Marshall Law Group, PLLC, Burke Law Offices, LLC, Ankcorn Law Firm PLLC, Heaney Law Firm, LLC, and The Cabrera Firm, APC.

All of these lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

### 10. How will the lawyers and Class Representatives be paid?

Class Counsel will ask the Court to approve payment of up to $5,833,333.33 to compensate them for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus costs. Class Counsel will also request an award of $25,000 to each of the three Class Representatives, as compensation for their time and effort. The Court may award less than these amounts. These payments, along with the costs of administering the Settlement, will be made out of the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 11. How do I tell the Court that I do not think the Settlement is fair?

If you are a Settlement Class Member and do not exclude yourself, you can object to the Settlement, or any part of the Settlement, for example if you do not think the Settlement is fair. You can state reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Snyder v. Ocwen Loan Servicing, LLC*, No. 1:14-cv-08461 (N.D. Ill.). Be sure to include your full name, address, current phone number, cellular telephone number(s) Ocwen called you on, the reasons you object to the Settlement, and whether you intend to appear at the fairness hearing on your own behalf or through counsel. All objections shall identify any lawyer that represents you as to your objection and provide that lawyer's address and telephone number, but you do not have to have a lawyer. Any documents that you wish for the Court to consider must also be attached to the objection, and your objection should also be sent to Class Counsel and counsel for Ocwen. **Your objection to the Settlement must be filed no later than [DATE]**.

The objection must be provided as follows to the following:

| For Filing: | By Mail: |
|---|---|
| *Snyder v. Ocwen, No. 1:14-cv-08461*<br>*U.S. District Court, Northern District of Illinois*<br>219 South Dearborn Street<br>Chicago, IL 60604 | Beth E. Terrell<br>Adrienne D. McEntee<br>Terrell Marshall Law Group, PLLC<br>936 N. 34th St., Suite 300<br>Seattle, WA 98103<br><br>Alexander H. Burke<br>Burke Law Offices, LLC<br>155 N. Michigan Ave., Suite 9020<br>Chicago, IL 60601<br><br>***Attorneys for Plaintiffs and the Settlement Class***<br><br>Brian V. Otero<br>Hunton & Williams, LLP<br>200 Park Avenue, 52nd Floor<br>New York, NY 10166<br><br>***Attorneys for Defendant*** |

# THE FAIRNESS HEARING

### 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Fairness Hearing will be held at _____ on _____, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, Illinois 60604, in Courtroom 2103. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and incentive awards to the Class Representatives as described above, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. You do not have to come to this hearing, but you may attend at your own expense. However, any Settlement Class Member who fails to object to the Settlement in the manner described in section 11 shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means.

### 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file a notice with the Court saying that you intend to appear at the Fairness Hearing in *Snyder v. Ocwen,* No. 1:14-cv-08461 (N.D. Ill.). Be sure to include your full name, address, and telephone number, as well as copies of any papers, exhibits or other evidence that you intend to present to the Court. Your notice of intention to appear must be filed no later than [date]. Copies of your notice of intent to appear must also be sent to the attorneys for the Plaintiffs and Settlement Class and to the attorneys for Defendant at the addresses provided above. You cannot speak at the hearing if you exclude yourself from the Settlement or do not file a timely notice of intent to appear.

# IF YOU DO NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, and are a Class Member, you will not receive a payment after the Court approves the Settlement and any appeals are resolved. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Ocwen or any other person having to do with the legal issues in this case.

# GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-XXX-XXX-XXXX, writing to: Ocwen TCPA Settlement, c/o [Administrator], [Address]; or visiting the website at www.OcwenTCPASettlement.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**En el sitio web, www.OcwenTCPASettlement.com, hay una notificación completa del acuerdo en Español.**

— **EXHIBIT  D** —

**Exhibit D – Electronic Claim Form**

*Snyder, et al. v. Ocwen Loan Servicing, LLC*
**U.S.D.C., Northern District of Illinois, Case No. 1:14-cv-08461**

**Settlement Administrator**
**PO Box [_____]**
**[_____]**

**Toll Free Number: x-xxx-xxx-xxxx**
**Website: www.OcwenTCPASettlement.com**

**<<mail id>>**
**<<Name1>>**
**<<Name2>>**
**<<Address1>>**
**<<Address2>>**
**<<City>><<State>><<Zip>>**

## ELECTRONIC CLAIM FORM

**TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE**
**ALL OF THE INFORMATION BELOW AND YOU MUST ELECTRONICALLY SIGN THIS CLAIM FORM.**

**YOUR CLAIM FORM MUST BE SUBMITTED BY _____, 2017.**

**1. CLAIMANT INFORMATION:**

_____ _____ _____
FIRST NAME                     MIDDLE NAME        LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____ _____ _____ - _____
CITY                                                                         STATE        ZIP              (optional)

CONTACT PHONE NUMBER:            CELL PHONE NUMBER TO WHICH YOU RECEIVED A CALL:

(XXX) XXX – XXXX                          (XXX) XXX - XXXX

**2. CERTIFICATION:**

By signing and submitting this Claim Form, I certify that I received a call from Ocwen on the above cell phone number, and was the subscriber or user of the cell phone number.

Signature: _____

Date: _____

**Para ver este aviso en español, visite www.OcwenTCPASettlement.com.**

**For more information, visit www.OcwenTCPASettlement.com.**

— **EXHIBIT E** —

<u>**EXHIBIT E**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Keith Snyder and Susan Mansanarez, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | Case No. 1:14-cv-08461 |
| ) | |
| Plaintiffs, ) | |
| ) | Honorable Matthew F. Kennelly |
| ) | |
| v. ) | |
| ) | Consolidated |
| ) | |
| Ocwen Loan Servicing, LLC, ) | |
| ) | |
| Defendant. | |

| | |
|---|---|
| Tracee A. Beecroft, on behalf of herself and all others similarly situated, ) ) ) | |
| ) | Case No. 1:14-cv-08461 |
| Plaintiff, ) | |
| ) | |
| v. ) | Honorable Matthew F. Kennelly |
| ) | |
| Ocwen Loan Servicing, LLC, ) | |
| ) | |
| Defendant. ) | Consolidated |
| ) | |

**[PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN, AND (4) SCHEDULING FINAL APPROVAL HEARING**

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, including the Parties' Settlement Agreement and Release (the "Settlement Agreement" or "Agreement") and all exhibits thereto, and the arguments of counsel, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement Terms**.  Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Agreement.

2. **Jurisdiction**.  The Court has jurisdiction over the subject matter of the Consolidated Litigation, the Parties, and all members of the Settlement Class.

3. **Scope of Settlement.**  The Agreement resolves all Released Claims against (a) Ocwen and each of its respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, any direct or indirect subsidiary of Ocwen and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; (b) any person or entity making calls to Settlement Class Members on behalf of Ocwen, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities, and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities. The Agreement does not resolve Settlement Class Members' claims that are not Released Claims, including those brought under the Fair Debt Collection Practices Act, and the Released Persons specifically do not include Altisource

Portfolio Solutions S.A., Altisource Solutions S.à r.l., Altisource Business Solutions Pvt. Ltd., or any other Affiliate or member of the Altisource family of companies.

4.      **Preliminary Approval of Proposed Settlement.**  The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement.  Based on this preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. A, B, and C to the Agreement), that notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice plan, the notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement.

5.      **Class Certification for Settlement Purposes Only.**  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement only, the following Settlement Class:

> All persons who were called by Ocwen on the 1,685,757 unique cell phone numbers listed on Exhibit G to the Settlement Agreement (filed with the Court under seal) using its Aspect dialing system between October 27, 2010 and through and including the date of the Preliminary Approval Order ("Settlement Class Period"). Excluded from the Settlement Class are: (i) those persons who were called by Ocwen using its Aspect dialing system during the Settlement Class Period only on numbers not included on Exhibit G; (ii) individuals who are or were during the Settlement Class Period officers or directors of Ocwen or any of its Affiliates; (iii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iv) all individuals who file a timely and proper request to be excluded from the Settlement Class.

6.     The Court makes the following determinations as to certification of the Settlement Class:

a.     The Settlement Class is so numerous that joinder of all members is impracticable;

b.     There are questions of law or fact common to the members of the Settlement Class;

c.     The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

d.     Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

e.     Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

f.     The Settlement Class is ascertainable; and

g.     Resolution of the Released Claims in this Consolidated Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7.     **Designation of Class Representatives.**  The Court appoints Plaintiffs Keith Snyder, Susan Mansanarez, and Tracee A. Beecroft as representatives of the Settlement Class ("Class Representatives") for the sole purpose of seeking a settlement of the Consolidated Litigation.

8.     **Designation of Class Counsel.**  The law firms of Burke Law Offices, LLC, Terrell Marshall Law Group PLLC, Ankcorn Law Firm PLLC, The Cabrera Firm, APC, and Heaney Law Firm, LLC, are hereby designated as Class Counsel for the Settlement Class.

9.      **Final Approval Hearing.**  A hearing regarding final approval of the Settlement will be held at ___ a.m/p.m. on _____, to determine, among other things, whether to: (i) finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Consolidated Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested Attorneys' Fees and Expenses and the proposed Incentive Awards to Plaintiffs.

10.      **Settlement Administrator.** _____ is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11.      **Class Notice.**

a.      The Court approves the Class Notice in the Settlement Agreement, including the Mail, Email, and Website Notices attached as Exhibits A, B, and C to the Settlement Agreement and the manner of providing Mail and Email Notice to Settlement Class Members described in Section 6 of the Settlement Agreement.  The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the

5

terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class.  The Court further finds that the Mail, Email, and Website Notices are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than _____, 2017 ("Notice Deadline").

b.      The Settlement Administrator will file with the Court by no later than _____, 2017, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

c.      Ocwen shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement.  No later than 10 calendar days before the Final Approval Hearing, counsel for Ocwen shall file with the Court one or more declarations stating that Ocwen has complied with its notice obligations under 28 U.S.C. § 1715.

12.      **Exclusion from the Settlement Class.**  Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website.  Any such Request for Exclusion must be postmarked no later than ninety (90) Days after the Mail Notice Deadline.

a.      To be valid, the Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number(s) at which that potential Settlement Class Member was called by Ocwen during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member

6

requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement. Mass or class opt-outs shall not be allowed.

b. Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

c. If 4,000 or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by Ocwen without penalty or sanction.

13. **Objections and Appearances.** Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing not later than ninety (90) Days after the Mail Notice Deadline, as specified in the Class Notice and this Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel, no later than ninety (90) Days after the Mail Notice Deadline, at the following addresses:

> <u>Class Counsel</u>
>
> Alexander H. Burke
> Burke Law Offices, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, Illinois 60601

Beth E. Terrell
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869

Counsel for Plaintiffs and Settlement Class

<u>Defense Counsel</u>

Brian V. Otero
Hunton & Williams LLP
200 Park Avenue, 52nd Floor
New York, NY 10166

Counsel for Ocwen

14.    A valid written objection must include: (a) the name, address, and telephone number of the objecting Settlement Class Member and, if different, the cellular telephone number at which the Settlement Class Member was called by Ocwen during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of his or her counsel; (c) the basis for the objection; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

15.    Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

16.    Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 12 of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and

reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

17.     **Service of Papers.** Defense Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defense Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

18.     **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes

9

shall be automatically vacated; neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

19.     **Use of Order Following Termination of Settlement.**  This Order shall be of no force and effect if the Settlement does not become Final.  This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order.  Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

a.     the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Consolidated Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Consolidated Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b.     any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

c.     any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

20.    **Necessary Steps.**  The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

21.    **Schedule of Future Events**.  Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| _____, 201<br><br>[45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| _____, 201<br><br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 201<br><br>[90 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 201<br><br>[90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| _____, 201<br><br>[100 days after the Notice deadline] | Deadline to File Motion for Final Approval |
| _____, 201<br><br>[7 Days Prior to Filing Motion for Final Approval] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Claims Received |
| _____, 201<br><br>[10 Days Prior to Final Approval Hearing] | Ocwen Shall File with the Court One or More Declarations Stating that Ocwen has Complied with its Notice Obligations |
| _____, 2018 at ____ _.m.<br><br>[No earlier than 120 days after Notice Deadline] | Final Approval Hearing |

DONE and ORDERED in Chambers in Chicago, Illinois, this _____ day of _____, 2017.

_____
Matthew F. Kennelly
UNITED STATES DISTRICT JUDGE


cc: All Counsel of Record

— **EXHIBIT F** —

<u>**EXHIBIT F & F-1**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Keith Snyder and Susan Mansanarez, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:14-cv-08461 |
| | ) | |
| Plaintiffs, | ) | Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | Consolidated |
| | ) | |
| Ocwen Loan Servicing, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Tracee A. Beecroft, on behalf of herself and all others similarly situated, | ) ) | Case No. 1:14-cv-08461 |
| | ) | |
| Plaintiff, | ) | Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | Consolidated |
| | ) | |
| Ocwen Loan Servicing, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**[PROPOSED] ORDER GRANTING FINAL
APPROVAL OF CLASS ACTION SETTLEMENT
<u>AND DISMISSING CLASS PLAINTIFFS' CLAIMS</u>**

This Court, having held a Final Approval Hearing on _____, having provided

notice of that hearing in accordance with the Preliminary Approval Order, and having considered

all matters submitted to it in connection with the Final Approval Hearing and otherwise, and

finding no just reason for delay in entry of this Order Granting Final Approval of Class Action

Settlement and Dismissing Class Plaintiffs' Claims (the "Final Approval Order" or this "Order")

and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     Unless otherwise defined, all capitalized terms in this Final Approval Order shall

have the same meaning as they do in the Settlement Agreement, a copy of which is attached to

this Order as Exhibit 1.

2.     The Court has jurisdiction over the subject matter of the Consolidated Litigation

and over the Parties, including all Settlement Class Members with respect to the Settlement Class

certified for settlement purposes, as follows:

> All persons who were called by Ocwen on the 1,685,757 unique cell phone
> numbers listed on Exhibit G to the Settlement Agreement (filed with the Court
> under seal) using its Aspect dialing system between October 27, 2010 and through
> and including the date of the Preliminary Approval Order ("Settlement Class
> Period"). Excluded from the Settlement Class are: (i) those persons who were
> called by Ocwen using its Aspect dialing system during the Settlement Class
> Period only on numbers not included on Exhibit G; (ii) individuals who are or
> were during the Settlement Class Period officers or directors of Ocwen or any of
> its Affiliates; (iii) any justice, judge, or magistrate judge of the United States or
> any State, their spouses, and persons within the third degree of relationship to
> either of them, or the spouses of such persons; and (iv) all individuals who file a
> timely and proper request to be excluded from the Settlement Class.

3.     The Court finds that the Settlement Agreement was negotiated at arm's length by

experienced counsel who were fully informed of the facts and circumstances of the Consolidated

Litigation and of the strengths and weaknesses of their respective positions.  Further, settlement

occurred only after the parties negotiated over a period of many weeks.  Counsel for the Parties

were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into

account the expense, risk, and uncertainty of protracted litigation with respect to numerous

difficult questions of fact and law.

4.      The Court finally certifies the Settlement Class for settlement purposes and finds, for settlement purposes, that the Consolidated Litigation satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure. Specifically: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action settlement is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.      The Court finally appoints the law firms of Burke Law Offices, LLC, Terrell Marshall Law Group PLLC, Ankcorn Law Firm PLLC, The Cabrera Firm, APC, and Heaney Law Firm, LLC, as Class Counsel for the Settlement Class.

6.      The Court finally designates Plaintiffs Keith Snyder, Susan Mansanarez, and Tracee A. Beecroft as the Class Representatives.

7.      The Court makes the following findings and conclusions regarding notice to the Settlement Class:

a.      The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

b.      The Class Notice:(i) constituted the best practicable notice under the circumstances to potential Settlement Class Members, (ii) constituted notice that was reasonably

3

calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Consolidated Litigation, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

       c.     The Court finds that Defendant has complied with its notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed Settlement.

    8.     The Court finally approves the Settlement Agreement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

    9.     The Court approves the plan of distribution for the Settlement Fund as set forth in the Settlement Agreement. The Settlement Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Settlement Relief, including a second payment, if feasible. Should any unclaimed funds be distributed, the Court hereby approves the National Consumer Law Center ("NCLC") and Public Justice Foundation as recipients who shall receive an equal distribution of those unclaimed funds, after accounting for the costs of administering that distribution. The funds to NCLC shall be earmarked for work associated with the FCC to protect consumer protections under the Telephone Consumer Protection Act ("TCPA"). This Court finds this organization closely aligned with the Settlement Class's interests.

10.     By incorporating the Agreement and its terms herein, this Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

11.     Class Counsel have moved pursuant to Fed. R. Civ. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

a.     that the Class Settlement confers substantial benefits on the Settlement Class Members;

b.     that the value conferred on the Settlement Class is immediate and readily quantifiable;

c.     that within 60 days after the Final Settlement Date, Settlement Class Members who have submitted valid Claim Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the TCPA;

d.     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

e.     that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

f.     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Ocwen, and was negotiated in good faith and in the absence of collusion;

g.     that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See,*

*e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

12.     Accordingly, Class Counsel are hereby awarded $_____ for attorneys' fees and $_____ in litigation expenses from the Settlement Fund, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

13.     The Class Representatives, as identified in the Preliminary Approval Order, are hereby compensated in the amount of $_____ each for their efforts in this case.

14.     The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

15.     The Releases, which are set forth in Section 10 of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Order; and the Released Persons are fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged by the Releasing Persons from all Released Claims.

a.     <u>Released Claims of Settlement Class</u>.  Upon Final Approval, each member of the Settlement Class shall, by operation of the Judgment to be entered pursuant to this Order, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished,

6

and discharged the Released Persons from any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of Final Approval, that relate to or arise out of Ocwen's use of equipment or methods to contact or attempt to contact Settlement Class Members by telephone for servicing or debt collection purposes during the Settlement Class Period, including but not limited to claims that relate to or arise out of Ocwen's use of an "automatic telephone dialing system" or "artificial or prerecorded voice" as defined in the Telephone Consumer Protection Act.  For the avoidance of doubt, "Released Claims" include claims relating to or arising out of the equipment or method used to contact or attempt to contact Settlement Class Members by telephone, but do not include claims based on other aspects of calls, such as the substance of the calls, or the time/date of any such calls.  For the avoidance of doubt, no claims arising in *Beecroft v. Altisource Business Solutions Pvt. Ltd.*, No. 0:15-cv-02184-SRN-BRT (D. Minn.), are released.

        b.     Without in any way limiting their scope, the Released Claims cover by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, or consultant fees, interest, or litigation fees, or any other fees, costs, and/or disbursements incurred by Class Counsel, Plaintiffs, or any Settlement Class Members in connection with or related in any manner to this Settlement, the administration of this Settlement, and/or the Released Claims, except to the extent otherwise specified in the Settlement Agreement.

c. In connection with the Releases and without expanding their scope in any way, Plaintiffs and each Settlement Class Member shall be deemed, as of the date of Final Approval, to have waived any and all provisions, rights, and benefits conferred by Section 1542 of the California Civil Code, and any statute, rule and legal doctrine similar, comparable, or equivalent to California Civil Code Section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

To the extent that anyone might argue that these principles of law are applicable, the provisions of all such principles of law or similar federal or state laws, rights, rules, or legal principles, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released. Each Plaintiff and each Settlement Class Member is deemed to recognize that even if they may later discover facts in addition to or different from those which they now know or believe to be true, they fully, finally, and forever settle and release any and all claims covered by these Releases upon entry of the Judgment. The Settling Parties acknowledge that the foregoing Releases were bargained for and are a material element of the Settlement Agreement.

d. The Settlement Agreement and the Releases therein do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section 11 of the Settlement Agreement.

e. The administration and consummation of the Settlement as embodied in the Settlement Agreement shall remain under the authority of this Court. This Court retains jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not

limited to, enforcement of the Releases contained in the Settlement Agreement. This Court retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

        f.      Upon entry of the Final Approval Order and the Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions of the Settlement Agreement; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s) except as set forth in the Settlement Agreement; and (iii) Settlement Class Members who have not opted out shall be permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims.

        g.      Nothing in the Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth therein are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

      16.      The Court dismisses without prejudice all of Plaintiffs' claims that are not Released Claims, including those brought under the Fair Debt Collection Practices Act. The Court dismisses all Released Claims, with prejudice, without costs to any Party, except as expressly provided for in the Settlement Agreement.

      17.      Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements

referred to therein, nor this Order, nor any of its terms and provisions nor the Judgment to be entered pursuant to this Order, nor any of its terms and provisions, shall be:

a. offered by any person or received against any Released Party as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Party of the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Consolidated Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Consolidated Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any Released Party; or

b. offered by any person or received against any Released Party as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any Released Party or any other wrongdoing by any Released Party; or

c. offered by any person or received against any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

18. This Order, the Judgment to be entered pursuant to this Order, and the Settlement Agreement (including the Exhibits thereto, except Exhibit G, which may only be filed under seal) may be filed in any action against or by any Released Person to support a defense of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

19. Without further order of the Court, the Settling Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

10

20.     This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry.  In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Consolidated Litigation or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

21.     A Judgment substantially in the form attached hereto as Exhibit F-1 will be entered forthwith.


DONE and ORDERED in Chambers in Chicago, Illinois, this _____ day of _____, 20____.


_____
Matthew F. Kennelly
UNITED STATES DISTRICT JUDGE

<u>**EXHIBIT F-1**</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Keith Snyder and Susan Mansanarez, individually and on behalf of all others similarly situated, | ) ) ) | Case No. 1:14-cv-08461 |
| | ) | |
| Plaintiffs, | ) | Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | Consolidated |
| | ) | |
| Ocwen Loan Servicing, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| Tracee A. Beecroft, on behalf of herself and all others similarly situated, | ) ) | Case No. 1:14-cv-08461 |
| | ) | |
| Plaintiff, | ) | Honorable Matthew F. Kennelly |
| | ) | |
| v. | ) | Consolidated |
| | ) | |
| Ocwen Loan Servicing, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>FINAL JUDGMENT</u>

This Action having settled pursuant to the Settlement Agreement and Release (the

"Settlement Agreement") and the Court having entered an Order Granting Final Approval of

Class Action Settlement and Dismissing Class Plaintiffs' Claims (the "Final Approval Order"),

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      Unless otherwise defined, all capitalized terms in this Judgment shall have the

same meaning as they do in the Settlement Agreement.

2.      All of Plaintiffs' claims in this Action that are not Released Claims, including those brought under the Fair Debt Collection Practices Act, are hereby dismissed without prejudice.  All of Plaintiffs' and Settlement Class Members' claims in this Action that are Released Claims are hereby dismissed on the merits and with prejudice, without fees (including attorneys' fees) or costs to any Party except as otherwise provided in the Final Approval Order.

      a.      "Plaintiffs" means Keith Snyder, Susan Mansanarez, and Tracee A. Beecroft.

      b.      "Settlement Class Members" are members of the "Settlement Class," which consists of the following:

> All persons who were called by Ocwen on the 1,685,757 unique cell phone numbers listed on Exhibit G to the Settlement Agreement (filed with the Court under seal) using its Aspect dialing system between October 27, 2010 and through and including the date of the Preliminary Approval Order ("Settlement Class Period"). Excluded from the Settlement Class are: (i) those persons who were called by Ocwen using its Aspect dialing system during the Settlement Class Period only on numbers not included on Exhibit G; (ii) individuals who are or were during the Settlement Class Period officers or directors of Ocwen or any of its Affiliates; (iii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iv) all individuals who file a timely and proper request to be excluded from the Settlement Class.

      c.      "Ocwen" means Ocwen Loan Servicing, LLC.

      d.      "Affiliate" of an entity means any person or entity which controls, is controlled by, or is under common control with such entity.

3.      All Releasing Persons have released the Released Claims as against the Released Persons, and are, from this day forward, hereby permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims.

a. "Released Claims" means the claims released as provided for in Section 10 of the Settlement Agreement.

b. "Released Persons" means: (a) Ocwen and each of its respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, any direct or indirect subsidiary of Ocwen and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; (b) any person or entity making calls to Settlement Class Members on behalf of Ocwen, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities, and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities. For the avoidance of doubt, "Released Persons" specifically does not include Altisource Portfolio Solutions S.A., Altisource Solutions S.à r.l., Altisource Business Solutions Pvt. Ltd., or any other Affiliate or member of the Altisource family of companies.

c. "Releasing Persons" means Plaintiffs, all Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

4. This Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and the Releases contained in therein, including jurisdiction to enter such further orders as may be necessary or appropriate to administer and implement the terms and provisions of the Settlement Agreement.

5.      Settlement Class Members shall promptly dismiss with prejudice all Released

Claims brought by any Settlement Class Member in any jurisdiction.


DONE and ORDERED in Chambers in Chicago, Illinois, this _____ day of
_____, 20___.

_____
Matthew F. Kennelly
UNITED STATES DISTRICT JUDGE

4