**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KEITH SNYDER and SUSAN MANSANAREZ, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 1:14-cv-08461<br>)<br>)<br>) Honorable Matthew F. Kennelly<br>) |
| v. | )<br>)<br>) Consolidated<br>) |
| OCWEN LOAN SERVICING, LLC, | )<br>)<br>) |
| Defendant. | )<br>) |
| TRACEE A. BEECROFT, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 1:14-cv-08461<br>)<br>) |
| v. | ) Honorable Matthew F. Kennelly<br>) |
| OCWEN LOAN SERVICING, LLC, | )<br>) |
| Defendant. | ) Consolidated<br>)<br>) |

ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN, AND (4) SCHEDULING FINAL APPROVAL HEARING

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class

Action Settlement, including the Parties' Settlement Agreement and Release (the "Settlement

Agreement" or "Agreement") and all exhibits thereto, and the arguments of counsel, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. **Settlement Terms**. Unless otherwise defined herein, all capitalized terms in this Order shall have the meanings ascribed to them in the Agreement.

2. **Jurisdiction**. The Court has jurisdiction over the subject matter of the Consolidated Litigation, the Parties, and all members of the Settlement Class.

3. **Scope of Settlement.** The Agreement resolves all Released Claims against (a) Ocwen and each of its respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, any direct or indirect subsidiary of Ocwen and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, and Affiliates, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities; (b) any person or entity making calls to Settlement Class Members on behalf of Ocwen, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities, and (c) any trustee of a mortgage securitization trust which included loans made to any Settlement Class Member, including, but not limited to, any direct or indirect subsidiary of any of them, and all of the officers, directors, employees, agents, brokers, distributors, representatives, and attorneys of all such entities. The Agreement does not resolve Settlement Class Members' claims that are not Released Claims, including those brought under the Fair Debt Collection Practices Act, and the Released Persons specifically do not include Altisource Portfolio Solutions S.A., Altisource Solutions S.à r.l., Altisource Business Solutions Pvt. Ltd., or any other Affiliate or member of the Altisource family of companies.

4. **Preliminary Approval of Proposed Settlement.** The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Settlement is fair, reasonable and adequate, and within the range of possible approval; (b) the Settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (c) with respect to the forms of notice of the material terms of the Settlement to persons in the Settlement Class for their consideration (Exs. A, B, and C to the Agreement), that notice provides due and sufficient notice to the Settlement Class and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; and (d) with respect to the proposed notice plan, the notice program constitutes the best notice practicable under the circumstances. Therefore, the Court grants preliminary approval of the Settlement.

5. **Class Certification for Settlement Purposes Only.** Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies for purposes of this Settlement only, the following Settlement Class:

> All persons who were called by Ocwen on the 1,685,757 unique cell phone numbers listed on Exhibit G to the Settlement Agreement (filed with the Court under seal) using its Aspect dialing system between October 27, 2010 and through and including the date of the Preliminary Approval Order ("Settlement Class Period"). Excluded from the Settlement Class are: (i) those persons who were called by Ocwen using its Aspect dialing system during the Settlement Class Period only on numbers not included on Exhibit G; (ii) individuals who are or were during the Settlement Class Period officers or directors of Ocwen or any of its Affiliates; (iii) any justice, judge, or magistrate judge of the United States or any State, their spouses, and persons within the third degree of relationship to either of them, or the spouses of such persons; and (iv) all individuals who file a timely and proper request to be excluded from the Settlement Class.

6. The Court makes the following determinations as to certification of the Settlement Class:

      a.      The Settlement Class is so numerous that joinder of all members is impracticable;

      b.      There are questions of law or fact common to the members of the Settlement Class;

      c.      The claims of the Plaintiffs are typical of the claims of the other members of the Settlement Class;

      d.      Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Settlement Class, in connection with the Settlement Agreement;

      e.      Common questions of law and fact predominate over questions affecting only individual members of the Settlement Class;

      f.      The Settlement Class is ascertainable; and

      g.      Resolution of the Released Claims in this Consolidated Litigation by way of a nationwide settlement is superior to other available methods for the fair and efficient resolution of the claims of the Settlement Class.

7.      **Designation of Class Representatives.**  The Court appoints Plaintiffs Keith Snyder, Susan Mansanarez, and Tracee A. Beecroft as representatives of the Settlement Class ("Class Representatives") for the sole purpose of seeking a settlement of the Consolidated Litigation.

8.      **Designation of Class Counsel.**  The law firms of Burke Law Offices, LLC, Terrell Marshall Law Group PLLC, Ankcorn Law Firm PLLC, The Cabrera Firm, APC, and Heaney Law Firm, LLC, are hereby designated as Class Counsel for the Settlement Class.

9.      **Final Approval Hearing.**  A hearing regarding final approval of the Settlement will be held at 9:30 a.m. on April 5, 2018 to determine, among other things, whether to: (i)

finally approve the Settlement as fair, reasonable, and adequate; (ii) dismiss the Released Claims in the Consolidated Litigation with prejudice pursuant to the terms of the Settlement Agreement; (iii) bind Settlement Class Members by the Releases set forth in the Settlement Agreement; (iv) permanently bar Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on the Released Claims; (v) find that the Class Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23; (vi) approve the plan of distribution of the Settlement Fund; (vii) finally certify the Settlement Class; and (viii) approve requested Attorneys' Fees and Expenses and the proposed Incentive Awards to Plaintiffs.

10. **Settlement Administrator.** Epiq Systems is hereby appointed as the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Agreement and this Order.

11. **Class Notice.**

a. The Court approves the Class Notice in the Settlement Agreement, including the Mail, Email, and Website Notices attached as Exhibits A, B, and C to the Settlement Agreement and the manner of providing Mail Notice, Email Notice, and Internet Advertising to Settlement Class Members described in Section 6 of the Settlement Agreement. The Court finds that this is the best practicable notice under the circumstances and is reasonably calculated, under all the circumstances, to apprise the Settlement Class Members of the pendency of this Action, the terms of the Settlement Agreement, and their right to object to the Settlement Agreement or exclude themselves from the Settlement Class. The Court further finds that the

5

Mail, Email, and Website Notices are reasonable, constitute due, adequate, and sufficient notice to all persons entitled to receive notice, and meet the requirements of due process. The Court hereby directs the Parties and the Settlement Administrator to complete all aspects of the Notice Plan no later than November 20, 2017 ("Notice Deadline").

      b.      The Settlement Administrator will file with the Court by no later than March 22, 2018, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order.

      c.      Ocwen shall comply with the obligation to give notice under the Class Action Fairness Act, 28 U.S.C. § 1715, in connection with the proposed settlement. No later than 10 calendar days before the Final Approval Hearing, by March 26, 2018, counsel for Ocwen shall file with the Court one or more declarations stating that Ocwen has complied with its notice obligations under 28 U.S.C. § 1715.

12.    **Exclusion from the Settlement Class.** Any potential Settlement Class Member who wishes to be excluded from the Class must send a written Request for Exclusion to the Settlement Administrator, by first-class mail, postage prepaid, to the address provided in the Mail Notice and Settlement Website. Any such Request for Exclusion must be postmarked no later than ninety (90) Days after the Mail Notice Deadline.

      a.      To be valid, the Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the cell phone number(s) at which that potential Settlement Class Member was called by Ocwen during the Settlement Class Period; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement. Mass or class opt-outs shall not be allowed.

        b.     Except for those potential members of the Settlement Class who timely and properly file a Request for Exclusion, all other potential members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Agreement, and upon Final Approval, will be bound by its terms, regardless of whether they receive any monetary relief or any other relief, including, but not limited to, the Releases in Section 10 of the Settlement Agreement.

        c.     If 4,000 or more potential members of the Settlement Class properly and timely opt out of the Settlement, then the Settlement may be deemed null and void upon notice by Ocwen without penalty or sanction.

    13.    **Objections and Appearances.**  Any Settlement Class Member who has not filed a timely written Request for Exclusion and who complies with the requirements of this Paragraph may object to any aspect of the proposed Settlement either on his or her own or through an attorney hired at his or her expense. Any Settlement Class Member who wishes to object to the Settlement must do so in writing not later than ninety (90) Days after the Mail Notice Deadline, as specified in the Class Notice and this Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel, no later than ninety (90) Days after the Mail Notice Deadline, at the following addresses:

        <u>Class Counsel</u>

        Alexander H. Burke
        Burke Law Offices, LLC
        155 N. Michigan Ave., Suite 9020
        Chicago, Illinois 60601

>Beth E. Terrell
>Terrell Marshall Law Group PLLC
>936 North 34th Street, Suite 300
>Seattle, Washington 98103-8869
>
>Counsel for Plaintiffs and Settlement Class
>
>Defense Counsel
>
>Brian V. Otero
>Hunton & Williams LLP
>200 Park Avenue, 52nd Floor
>New York, NY 10166
>
>Counsel for Ocwen

14.     A valid written objection must include: (a) the name, address, and telephone number of the objecting Settlement Class Member and, if different, the cellular telephone number at which the Settlement Class Member was called by Ocwen during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of his or her counsel; (c) the basis for the objection; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel;

15.     Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and in this Order shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by appeal or other means;

16.     Subject to approval of the Court, any Settlement Class Member who files and serves a written objection in accordance with Section 12 of the Settlement Agreement and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and

reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline. The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in the Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

17. **Service of Papers.** Defense Counsel and Class Counsel shall serve on each other and on all other parties who have filed notices of appearance, at or before the Final Approval Hearing, any further documents in support of the proposed Settlement, including responses to any papers filed by Settlement Class Members. Defense Counsel and Class Counsel shall promptly furnish to each other any and all objections or written requests for exclusion that may come into their possession and shall file such objections or requests for exclusion with the Court on or before the date of the Final Approval Hearing.

18. **Termination of Settlement.** This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Settlement Agreement; or (ii) the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement for any reason. In such event, and except as provided therein, the proposed Settlement and Settlement Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes

shall be automatically vacated; neither the Settlement Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

19. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final. This Order shall not be offered by any person as evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, other than to enforce or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto), including the Releases, or this Order. Neither shall this Order be offered by any person or received against any of the Released Parties as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Parties of:

a. the truth of the facts alleged by any person or the validity of any claim that has been or could have been asserted in the Consolidated Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Consolidated Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of any of the Released Parties;

b. any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties or any other wrongdoing by any of the Released Parties; or

c. any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding by any of the Released Parties.

20. **Necessary Steps.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement.

21. **Schedule of Future Events**. Accordingly, the following are the deadlines by which certain events must occur:

| | |
|---|---|
| **November 20, 2017**<br><br>[45 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **December 20, 2017**<br><br>[30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| **February 19, 2018**<br><br>[90 days after the Notice Deadline] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **February 19, 2018**<br><br>[90 days after the Notice Deadline] | Deadline for Settlement Class Members to Submit a Claim Form (Claim Period) |
| **February 28, 2018**<br><br>[100 days after the Notice deadline] | Deadline to File Motion for Final Approval |
| **February 21, 2018**<br><br>[7 Days Prior to Filing Motion for Final Approval] | Deadline for Settlement Administrator to Provide Class Counsel with Proof of Class Notice, Identifying the Number of Requests for Exclusion, and Number of Claims Received |
| **March 26, 2018**<br><br>[10 Calendar Days Prior to Final Approval Hearing] | Ocwen Shall File with the Court One or More Declarations Stating that Ocwen has Complied with its Notice Obligations |
| **April 5, 2018 at 9:30 a.m.**<br><br>[No earlier than 120 days after Notice Deadline] | Final Approval Hearing |

DONE and ORDERED in Chambers in Chicago, Illinois, this 5th day of October, 2017.

_____
Matt
UNI'

cc: All Counsel of Record