IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Snyder**, *et al.* | Case No. 1:14-cv-8461 |
| | (related to *Snyder v. U.S. Bank, N.A.,* |
| v. | *et al.,* No. 16-cv-11675) |
| **Ocwen Loan Servicing, LLC** | Hon. Matthew F. Kennelly |

**Declaration of Mark Ankcorn**

I, Mark Ankcorn, declare as follows:

1.      I am a member of the law firm of Ankcorn Law Firm PLLC ("Ankcorn Law Firm"), counsel of record for Plaintiffs and the settlement class in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the states of California and Florida. I submit this declaration in compliance with the Court's order of January 2, 2018 (dkt. 287). Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them.

2.      Neither I nor any member of my firm nor anyone acting on my behalf has provided any of the call data at issue in Defendant's motion for a hearing to the law firms of Hyde & Swigart or the Kazerouni Law Group APC. By "call data," I mean a list of calls showing the date, time, and target number of each call.

3.      I did provide from time to time a total count of calls to a specific number at the request of attorneys from the Hyde & Swigart law firm, after they had confirmed to me in writing that they represented a specific individual with respect to a specific phone number. There were approximately thirty-five of these requests and the last such request was dated March 13, 2017.

4.      Similar total call count information was listed for the plaintiffs in the lawsuit styled *Graham et al. v. Ocwen Loan Servicing*, No. 9:17-cv-80639 KAM (S.D.Fla.), in the notes for now-former clients of my firm. When those clients were referred to Hyde & Swigart, I shared my notes for each client which included the number of total calls. The process of moving those clients over to Hyde & Swigart began in October 2016 and continued through June 16, 2017.

5.      It has come to my attention since the filing of my supplemental declaration (dkt. 276) on December 8, 2017 that one of my statements in that declaration was incomplete. In Paragraph 29, I stated that I had "not accessed the Aspect Data nor the database I created to organize the call records since February or March of 2017 . . . ." That date should be March 13, 2017.

6.      However, I did go back to the original list of names and addresses to send a follow-up letter to a small group of persons who had received the first letter in August 2016. Those letters went out beginning in early February 2017 and the last such letter was mailed on June 2, 2017. This follow-up investigation was prompted by additional facts I learned in the course of the discovery related to the preliminary injunction motion and proved to be fruitless.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 3, 2018.

_____

Mark Ankcorn

**Certificate of Service**

I hereby certify that on January 3, 2018, I electronically filed the above and foregoing document through the Court's CM/ECF System, which perfected service on all counsel of record.

*/s/ Mark Ankcorn*