IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Synder**, *et al.* | Case No. 1:14-cv-8461 |
| v. | Hon. Matthew F. Kennelly |
| **Ocwen Loan Servicing, LLC** | |

### Declaration of Mark Ankcorn
### in Support of Plaintiffs' Motion for
### Attorneys' Fees, Costs, and Incentive Award

I, Mark Ankcorn, declare:

1. I am a member of the law firm of Ankcorn Law Firm PLLC ("Ankcorn Law Firm"), counsel of record for Plaintiffs and the Settlement Class in this matter. I am admitted to practice before this Court and am a member in good standing of the bars of the states of California and Florida. I submit this declaration in support of Plaintiff Snyder's Motion for Attorneys' Fees, Expenses and Incentive Award in the above-captioned class action. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration, and could testify competently to them.

2. Ankcorn Law Firm specializes in representing consumers in class actions involving financial fraud, dangerous products, invasions of privacy, and civil rights violations. The attorneys of Ankcorn Law Firm have extensive experience in class actions, and specifically class actions involving Telephone Consumer Protection ("TCPA") violations. They have been appointed lead or co-lead class counsel in numerous cases at both the state and federal level. They have negotiated settlements in excess of $210 million on behalf of more than 50 million consumers.

3. Ankcorn Law Firm has taken the lead in some of the largest nationwide class actions filed under the TCPA, including those filed against large financial

institutions such as Bank of America, Capital One, Discover Financial Services, Ocwen Loan Servicing, LLC, Chase Bank and Credit One Bank.

4.  Ankcorn Law Firm has extensive experience in consumer protection law. It has litigated or is litigating more than five hundred TCPA cases; about forty of those were or are class actions.

5.  Specifically, Ankcorn Law Firm is litigating or has recently settled the following TCPA and civil rights class actions:

- *Tannlund v. Real Time Resolutions, Inc.*, Case No. 1:14-cv-5149 (N.D.Ill.), filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent. Final approval of the $1.3 million settlement was granted in August 2017.

- *Gehrich v. Chase Bank USA, N.A. and JP Morgan Chase Bank, N.A.*, Case No. 1:12-cv-5510, filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the TCPA. Final approval of the $34 million settlement was granted in March 2016.

- *In re Capital One TCPA Litigation*, MDL No. 2416, Case No. 1:12-cv-10064 (N.D. Ill.), filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the TCPA. Final approval of the $75,455,098 settlement was granted in February 2015.

- *Steinfeld v. Discover Financial Services, et al.*, Case No. 3:12-cv-01118 (N.D. Cal.), filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the TCPA. Ankcorn Law Firm negotiated an $8.7 million settlement, which was granted final approval in March 2014.

- *Rose, et al. v. Bank of America Corporation, et al.*, Case No. 5:11-cv-02390-EJD, filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent within the meaning of the TCPA. Ankcorn Law Firm worked to negotiate a nationwide settlement of $32 million, which was granted final approval in August 2014.

- *A.D. v. Credit One Bank, N.A.*, filed in the United States District Court, Northern District of Illinois, Eastern Division, No. 14-cv-10106, filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express

consent within the meaning of the TCPA. On appeal to the 7th Circuit Court of Appeals.

- *Serrano v. Portfolio Recovery Assoc., LLC,* Case No. 37-2016-17796-CU-CTL, filed on behalf of consumers who received automated, prerecorded collection telephone calls on their cellular telephones without their prior express consent. Discovery is ongoing.

- *Tompkins v. 23andMe, Inc.*, Case No. 14-16405 (9th Cir.), filed on behalf of class of consumer purchasers of genetic testing kit, appointed lead counsel after contested 23(g) motion; pending in arbitration after appeal.

- *A.A. v. County of Riverside*, Case No. 5:14-cv-2556 (C.D.Cal.), civil rights action filed on behalf of plaintiff class of children seized by county social workers without parents' consent or prior judicial authorization.

- *B.R. v. County of Orange*, Case No. 8:15-cv-626 CJC (C.D.Cal.), civil rights action filed on behalf of plaintiff class of children seized by county social workers without parents' consent or prior judicial authorization.

- *N.L. v. Children's Hospital Los Angeles*, Case No. 2:15-cv-7200 AB (C.D.Cal.), civil rights action filed on behalf of plaintiff class of children subjected to invasive medical procedures without parents' consent or notice. On appeal to the Ninth Circuit Court of Appeals.

6. I am the lead attorney from Ankcorn Law Firm in the instant litigation. The founding member of Ankcorn Law Firm, I concentrate my practice in consumer protection law, as well as financial fraud and complex business disputes. I have served as co-lead counsel on numerous multi-state and nationwide class actions.

7. I received a B.A., magna cum laude, from the University of Redlands in 1990. In 1993, I received by J.D. from McGeorge School of Law. In law school I won the school's moot court competition and was an editor of the Pacific Law Journal. I received several book awards, and was a research assistant to two professors.

8. After law school, I was appointed as a Deputy District Attorney in Orange County California in 1993. I have tried more than 80 cases to verdict as first chair, including the county's first internet crime prosecution and several multiple co-

2

defendant gang and narcotics cases. For my exceptional work on my very first jury trial, I was given the Outstanding Prosecutor Award.

9. I also hold a master's degree in Rabbinic Literature and was ordained as a Rabbi in 2002 by the Zeigler School of Rabbinic Studies in Los Angeles, California, after completing a five year course of graduate study.

10. Ann Marie Hansen is Trial Counsel at Ankcorn Law Firm. Ms. Hansen received her B.A., with general and departmental honors, from the University of Miami in 2000. She received her J.D., with high distinction, from Ohio Northern University in 2006. Ms. Hansen began her legal career as the law clerk to United States Magistrate Judge Robert J. Johnston at the United States District Court, District of Nevada. Ms. Hansen is a member in good standing of the bars of the states of California and Nevada, as well as numerous district courts including this one. Ms. Hansen was named among Mountain States Super Lawyers Top 50 Women in Nevada in 2015. In 2015, she was also named by Nevada Legal Services, Champions of Justice, Gender Justice Attorney of the Year. She has received numerous other awards from Mountain States Super Lawyers. She was named among Nevada Business Magazine's Legal Elite in 2014.

11. Class Counsel undertook representation in this case on a pure contingency basis and have devoted substantial resources to the prosecution of this case with no guarantee that they would be compensated for our time or reimbursed for our expenses.

12. The risks presented by taking this case are not academic or hypothetical; Class Counsel have lost putative TCPA class actions against financial services companies before and recovered nothing for their efforts.

13. No counsel auction was conducted for this case and I am unaware of any consumer class action where an auction has been conducted.

14. The customary contingency fee agreement in this Circuit is 33% to 40% of the total recovery and our retainer agreements reflect this fee.

15. Each of the three named plaintiffs — Keith Snyder, Susan Mansanarez, and Tracee Beecroft — worked with Class Counsel to investigate the case, responded to written discovery requests, were kept abreast of the proceedings, reviewed and approved the proposed settlement, and sat for depositions.

16. Attached as Exhibit "A" is a true and correct copy of the Joint Prosecution Agreement dated October 16, 2015, entered into by the five law firms appointed as Class Counsel.

Dated: January 5, 2018        ANKCORN LAW FIRM PLLC

                                                 */s/ Mark Ankcorn*

# Exhibit A

# TERRELL | MARSHALL
## LAW GROUP PLLC

Beth E. Terrell
bterrell@terrellmarshall.com

Our File No. O-1859-001.F

October 16, 2015

*Via Email Only*

Mark Ankcorn
ANKCORN LAW FIRM
11622 El Camino Real, Suite 100
San Diego, California  2130

Mark L. Heaney
HEANEY LAW FIRM, LLC
13911 Ridgedale Drive, Suite 110
Minnetonka, Minnesota  55305

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 North Michigan Avenue, Suite 9020
Chicago, Illinois  60601

Re:   *Snyder v. Ocwen Loan Servicing, LLC*, 1:14-cv-8461 (N.D. Ill.)
      *Beecroft v. Ocwen Loan Servicing, LLC*, 15-CV-094-MJD-JJK (D. Minn.)
      *Beecroft v. Altisource Portfolio Solutions, S.A.*, 0:15-cv-02184-SRN-BRT (D. Minn.)
      Joint Prosecution Agreement

Dear Counsel:

This will confirm our agreement regarding prosecution of class litigation against Ocwen Loan Servicing, LLC and Altisource and related companies for legal claims arising from violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") between Terrell Marshall Law Group PLLC ("Terrell"), Ankcorn Law Firm, PC ("Ankcorn"), The Cabrera Firm, APC ("Cabrera"), Burke Law Offices, LLC ("Burke"), and Heaney Law Offices, LLC ("Heaney").

The Parties agree to jointly prosecute these cases, with all strategic decisions being made through consensus.  Such decisions shall include, but are not limited to, the hiring of experts and advancing substantial costs.  The Parties further agree to jointly issue any and all press releases.

Mark Ankcorn
Alexander H. Burke
Mark L. Heaney
October 16, 2015
Page 2

      The Parties agree to share External Litigation Costs on a percentage basis, in keeping with the fee division set forth below.  External Litigation Costs include depositions, experts, large copying jobs, etc.  Decisions regarding major expenses (e.g., depositions, retention of experts) shall be made jointly by the Parties.  Each Party shall pay for its own Internal Litigation Costs (e.g., telephone, photocopying).

      It is agreed that from any award of fees and costs in this case (the "Award"), the Parties to this agreement shall first recover whatever External Litigation Costs advanced by a law firm on behalf of the Parties.  The remainder of the Award shall be considered the "Net Fee."  For purposes of the payment of any attorneys' fees under this Agreement, each firm shall be entitled to a share of the Net Fee of the Award as follows:

      For class claims arising out of calls made by or through Altisource in its
      own or any affiliate's name (other than Ocwen):
      Terrell/Ankcorn/Cabrera: 25%; Burke/Heaney 75%

      For class claims arising out of debt collection calls made by or through
      Ocwen or in its own or any affiliate's name (other than Altisource):
      Terrell/Ankcorn/Cabrera: 75%; Burke/Heaney 25%

Individual claims, such as Tracee Beecroft's non-class claims against Ocwen, are not included in this joint prosecution agreement. The parties anticipate attempting to sever those claims from the class claims.

      Other than for individual claims, the Parties agree to be jointly responsible for these cases.  The Parties agree that any fee award earned in this case shall be split between the firms based on the fee division as set forth above.  The fee split shall be made after the Parties are reimbursed for External Litigation Costs advanced. The Parties will recover Internal Litigation Costs, including travel costs, after such fee split.

      If any disputes regarding this Agreement arise at any time, the Parties shall attempt to resolve any such dispute through good faith efforts.  If, after such good faith efforts, the Parties are unable to agree, then the Parties will seek resolution of

Mark Ankcorn
Alexander H. Burke
Mark L. Heaney
October 16, 2015
Page 3


any such dispute by submitting the said dispute to binding arbitration in front of a mutually agreeable arbitrator located in Chicago, Illinois. The Parties agree to be bound by such ruling and the prevailing party shall be awarded the costs of any dispute resolution proceeding. This agreement shall be governed by the laws of the state of California, and any litigation to compel or enforce this agreement shall be commenced in the Superior Court of San Diego County.

    The Parties to this Agreement knowingly and expressly disclaim and hereby waive any right or ability to assert the lack of enforceability of this Agreement or to challenge the adequacy of enforceability of this Agreement before any court, arbitrator, or mediator. This Agreement constitutes the full and complete agreement between the parties, and may be executed in counterparts and by facsimile.

                                                 Very truly yours,

                                               TERRELL MARSHALL LAW GROUP PLLC

                                               Beth E. Terrell

BET:bkk

I AGREE TO THESE TERMS:


Dated: ____October 16____, 2015.    ANKCORN LAW FIRM PC

                                               _____
                                               Mark Ankcorn

Mark Ankcorn
Alexander H. Burke
Mark L. Heaney
October 16, 2015
Page 4

Dated: __16 October__, 2015.   THE CABRERA FIRM, APC

_____
Guillermo Cabrera

Dated: __10/16__, 2015.   HEANEY LAW FIRM, LLC

_____
Mark L. Heaney

Dated: __Oct 16__, 2015.   BURKE LAW OFFICES, LLC

_____
Alexander H. Burke