- Exhibit G -

ANKCORN LAW FIRM

A Professional Limited Liability Company

April 13, 2018

Beth Terrell
Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103

via email to:
Beth Terrell <bterrell@terrellmarshall.com>
Adrienne McEntee <amcentee@terrellmarshall.com>
Alexander Burke <ABurke@burkelawllc.com>
Dan Marovitch <dmarovitch@burkelawllc.com>
Gil Cabrera <gil@cabrerafirm.com>
Jared Quient <jared@cabrerafirm.com>
Mark Heaney <mark@heaneylaw.com>

Re: *Snyder v. Ocwen Loan Servicing, LLC*, 14-cv-8461 (N.D.Ill.)

Counsel:

I write in response to the subpoena directed to my firm's retained vendor, ILYM Group, Inc., dated last week, a copy of which was received by my office today via email from Eden Nordby of the Terrell Marshall law firm.

This subpoena requests documents that are protected by both the attorney-client and attorney work product privileges. To the extent members of my firm have communicated with an outside vendor for investigative purposes on a pending lawsuit, the content of those communications are of course protected by the attorney-client privilege.

Courts have routinely maintained privilege claims in cases involving consultants, accountants, investigators, public relations firms, and non-testifying experts. See *NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 138 (N.D.N.Y. 2007) (investigators and accountants); *Stafford Trading, Inc. v. Lovely*, No. 05-C-4868, 2007 WL 611252 (N.D. Ill. Feb. 22, 2007) (consulting investment bankers); *H.W. Carter & Sons, Inc. v. William Carter Co.*, No. 95 CIV. 1274, 1995 WL 301351, at *3 (S.D.N.Y. May 16, 1995) (public relations consultants); *U.S. Postal Serv. v. Phelps Dodge Ref. Corp.*, 852 F. Supp. 156, 161 (E.D.N.Y. 1994) (accountants, and non-testifying experts); *see also In re Copper Mkt. Antitrust Litig.*, 200 F.R.D. 213, 217 (S.D.N.Y. 2001).

Beth Terrell
*Snyder v. Ocwen*
April 13, 2018

Further, under substantive California law — which as a California-based company ILYM Group, Inc., is obliged to follow even with its communications with individuals residing elsewhere — the privacy rights of the recipients of any letters from the Ankcorn Law Firm must be balanced against the needs of a litigant to discovery relevant facts. See, e.g., *Williams v. Superior Court*, 3 Cal. 5th 531, 538 (2017). Since this matter has settled, there can be no need for any disclosure of personal information relating to these letters.

The identities of any individuals who have responded to inquiries are similarly protected as attorney work product. See, e.g., *Sinohui v. CEC Entm't, Inc.*, No. 14-cv-2516 JLS (KKx), 2016 WL 2743458, at *7 (C.D. Cal. May 11, 2016) ("To the extent Plaintiff's counsel contacted the putative class member first as a potential witness, such information is protected by the attorney work-product doctrine.")

Further, we note that your cover letter misrepresents the Court's remarks during the recent Final Approval Hearing. At no point did Judge Kennelly "request[] information regarding ILYM Group, Inc.'s involvement in sending letters to members of the Settlement Class . . . ." The Court inquired as to how many of the persons opting out of the settlement had been sent investigation letters by my firm and I supplied the answer. There was no request for additional discovery or follow-up by the Court.

Issuing this subpoena undermines the statements by your firm and the Burke Law Offices, LLC, on January 26, 2018 (dkt. 303) that "[w]e do not take any position on the Order to Show Cause issued by this Court or to Mr. Ankcorn's response to it." There could be no purpose for seeking this information other than to disqualify my firm as class counsel.

Finally, after careful search, ILYM Group, Inc. reports that it has no data concerning the persons receiving the investigation letters. Its data security policy purges information after a few weeks as a routine matter for mailings not connected to a notice and administration plan. Because the mailing was nearly two years ago, that data has long since been destroyed from its systems.

Very truly yours,

Mark Ankcorn