IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Snyder.**, *et al.* <br><br> v. <br><br> **Ocwen Loan Servicing, LLC** | Case No. 1:14-cv-8461 <br> (related to *Snyder v. US Bank, N.A.*, No. 1:16-cv-11675) <br><br> Hon. Matthew F. Kennelly |

**Class Counsel Ankcorn Law Firm PLLC's**
**Statement of Lodestar Hours**

At the Final Approval Hearing, held April 5, 2018, the Court directed Class Counsel to file a supplemental statement showing the number of hours dedicated by the respective firms to the prosecution of this matter.

Compiling the hours and total lodestar figures from the five firms requesting fees in this matter, collectively Class Counsel's request for fees based on the percentage-of-fund method results in a lodestar multiplier of slightly greater than two. The details are as follows:

| Firm | Hours | Lodestar |
|---|---|---|
| Terrell Marshall | 1,946.8 | $ 805,922.50 |
| Burke | 1,263.0 | $ 804,562.50 |
| Ankcorn | 857.6 | $ 601,697.50 |
| Cabrera | 432.8 | $ 270,500.00 |
| Heaney | 190.0 | $ 104,500.00 |
| **Total** | 4,690.2 | $ 2,587,182.50 |
| Requested fees | | $ 5,289,250.00 |
| **Multiplier** | | 2.04 |

1

A risk multiplier of 2.04 is well within the allowable range in the Seventh Circuit. See, e.g., *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 974 (7th Cir.1991) (noting that "[a risk] multiplier is, within the court's discretion, appropriate when counsel assume a risk of nonpayment in taking a suit" and "[m]ultipliers anywhere between one and four . . . have been approved"). Class Counsel are requesting fees as a percentage of the common fund, using the same declining marginal percentage scale approach employed by other courts in this district in similar class settlements. See, e.g., *Aranda v. Caribbean Cruise Line, Inc.*, No. 1:12-cv-4069, 2017 WL 1369741, at *3 (N.D. Ill. Apr. 10, 2017) (Kennelly, J.); *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11 C 4462, 2015 WL 1399367, at *5 (N.D. Ill. Mar. 23, 2015) (St. Eve, J.); *In re Capital One TCPA Litig.*, 80 F. Supp. 3d 781, 803–06 (N.D. Ill. 2015) (Holderman, J.); but see *Young v. County of Cook*, No. 06 C 552, 2017 WL 4164238, at *5 (N.D. Ill. Sept. 20, 2017) (Kennelly, J.) ("the Court concludes that this case, unlike *Aranda*, falls squarely within the category of cases for which the use of a declining marginal percentage scale is not appropriate.") Nevertheless, the "lodestar cross-check" with a 2.04 multiplier shows that the fee requested is reasonable in light of the work actually performed to achieve the results obtained.

The attorneys of the Ankcorn Law Firm PLLC have spent a total of 857.6 hours on this matter through today's date. Additional details are set forth in the Declaration of Mark Ankcorn, filed with this statement.

Respectfully submitted,

Dated:   April 14, 2018                    ANKCORN LAW FIRM PLLC

                                            */s/ Mark Ankcorn*

                                            California Bar No. 166871
                                            Florida Bar No. 55334

*mark@ankcornlaw.com*
1060 Woodcock Road, Suite 128
Orlando, Florida 32803
(321) 422-2333 phone

Attorneys for Plaintiffs and Settlement Class

**Certificate of Service**

  I hereby certify that on the date listed above, I electronically filed the above and foregoing notice and motion through the Court's CM/ECF System, which perfected service on all counsel of record.

                */s/ Mark Ankcorn*