UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Keith Snyder and Susan Mansanarez, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-08461 |
| | Honorable Matthew F. Kennelly |
| | Consolidated |
| Ocwen Loan Servicing, LLC, | |
| Tracee A. Beecroft, on behalf of herself and all others similarly situated, | Case No. 1:16-cv-08677 |
| | Honorable Matthew F. Kennelly |
| | Consolidated |
| Ocwen Loan Servicing, LLC, | |

**PARTIES' JOINT STATUS REPORT IN RESPONSE TO
COURT'S JUNE 7, 2019 ORDER**

The Bank Defendants in <u>Snyder v. U.S. Bank N.A.</u>, Docket No. 1:16-cv-11675 have moved for summary judgment with respect to the vicarious liability claims alleged in the case.[1] The Bank Defendants have not moved for summary judgment with respect to Plaintiffs' direct claims. Ocwen agrees with the Bank Defendants' position regarding Plaintiffs' vicarious liability claims. Plaintiffs disagree, and contend that the Bank Defendants' motion must fail because the Court expressly reserved Plaintiffs' right to split their claims and pursue the Bank Defendants in a separate action, and later to ensure those claims would continue by limiting the Amended Settlement's release, decisions which never garnered the Bank Defendants' objection. Plaintiffs contend that, as such, the Bank Defendants have waived any <u>res judicata</u> defense. However, despite their different views concerning the merits of the Bank Defendants' argument regarding vicarious liability, neither Plaintiffs nor Ocwen see the Bank Defendants' motion as undermining the Court's adjudication that the Amended Settlement in this case is fair, reasonable and adequate.

**A. Plaintiffs and Ocwen did not release any of Plaintiffs' claims against the Bank Defendants.**

Plaintiffs have asserted two types of claims against the Bank Defendants: direct claims and vicarious liability claims. (Dkt. 1, 1:16-cv-11675.) Plaintiffs and Ocwen did not agree to the release of either category in the Amended Settlement.

Plaintiffs state that:

1. Their primary theory of liability in this case has always been that, as creditors on these notes and mortgages, the Bank Defendants are directly liable for these calls. In

---

[1] Ocwen understands that the defendants in <u>Snyder v. U.S. Bank N.A.</u>, Docket No. 1:16-cv-11675 have been sued in their capacity as trustees of mortgage securitization trusts and not as banks, so believes that referring to them as the "Bank Defendants" is misleading. Nevertheless, to make this Joint Report comprehensible, Ocwen will accede to the Plaintiffs' use of the term "Bank Defendants."

1

other words, the Bank Defendants are liable because "calls placed by a third-party collector on behalf of a creditor are treated as having been made by the creditor itself." Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 642 (7th Cir. 2012) (citing In re Rules and Regulations Implementing the TCPA of 1991, 23 FCC Rcd. 559, 565, ¶10 (Jan. 4, 2008)).

2. A creditor is defined as: "One to whom a debt is owed; one who gives credit for money or goods." Black's Law Dictionary (11th ed. 2019). And although they contend they are not "creditors," defendants Deutsche and Wilmington's interrogatory responses each concede that they hold "legal title" to the Plaintiffs' loans. As the owners of the debts, the trusts are the "creditors" to which Plaintiffs and the class members owe money for their mortgages. "A third party may assert a claim against a trust for a liability incurred in trust administration by proceeding against the trustee in the trustee's representative capacity, whether or not the trustee is personally liable." Restatement (Third) of Trusts §105. The Banks in their individual and Trustee capacities are therefore proper defendants.

3. Because they are the "creditors" on whose behalf Ocwen's calls were made, the Bank Defendants are directly liable for Ocwen's violations, separate and apart from any "vicarious" liability, for example arising under the Restatement of Agency. Harrington v. RoundPoint Mortg. Servicing Corp., 163 F. Supp. 3d 1240, 1245 (M.D. Fla. 2016) (denying mortgage trust vehicle's motion to dismiss, finding that MultiBank 2010-1 SFR Venture, LLC may be held directly liable for mortgage servicer's TCPA violations).

B. **Plaintiffs' statement of their position regarding the vicarious liability claims against the Banks.**

Plaintiffs' position was (and continues to be) that the Amended Settlement Agreement did not release <u>any</u> of their claims against the Bank Defendants, and until the Bank Defendants moved for summary judgment, were unaware that Ocwen viewed the situation any differently.

Under the doctrine of "claim splitting," "a party cannot avoid the effects of <u>res judicata</u> by splitting her cause of action into separate grounds of recovery and then raising the separate grounds in successive lawsuits." <u>Makor Issues & Rights, Ltd. v. Tellabs, Inc.</u>, 256 F.R.D. 586, 597 (N.D. Ill. 2009) (St. Eve, J.) (citations omitted). An exception to the rule against claims-splitting arises where "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action." Restatement (Second) of Judgments § 26(1)(b) (1982).

Class actions are also an exception to the general rule that a plaintiff must allege in one proceeding all claims for relief arising out of a single nucleus of operative facts, or be precluded from raising those claims in the future. Because of the special nature of class actions—representation in absentia and often without notice—"the doctrine of claim splitting generally does not apply to class actions." <u>Makor Issues & Rights, Ltd.</u>, 256 F.R.D. at 597.

In addition to these exceptions, when two cases based upon similar facts are proceeding simultaneously, the defendant bears the burden of objecting to the claim-splitting or losing the benefit of the <u>res judicata</u> defense. Charles Alan Wright, Arthur R. Miller, et al., 18 <u>Fed. Prac. & Proc</u>. § 4415 (2d ed.). Indeed, "[c]laim preclusion is an affirmative defense which may be deemed waived if not raised in the pleadings." <u>Rotec Indus., Inc. v. Mitsubishi Corp</u>., 348 F.3d 1116, 1119 (9th Cir. 2003).

Here, the Court permitted Plaintiffs to bring a separate class action against the Bank Defendants in the first instance, and subsequently reserved Plaintiffs' split claims against the

3

Banks when it granted final approval of the Amended Settlement Agreement. Because Plaintiffs' claims arise in putative class actions, it was proper for Plaintiffs to split their claims against Ocwen and the Bank Defendants. And the Court properly exercised its duty under Rule 23 when it expressly approved a release that reserved Plaintiffs' claims against the Bank Defendants in the Amended Settlement Agreement. *See* Restatement (Second) of Judgments § 26(1)(b) (1982) (providing an exception to claims-splitting where "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action.").

Gilbert v. Sycamore Mun. Hosp., 156 Ill. 2d 511, 528-29, 622 N.E.2d 788 (1993), cited by the Banks, is distinguishable because it did not arise as part of a class action, which requires Court approval. Moreover, the defendant in Gilbert was not given an opportunity to object, as the Banks here were. On the contrary, the Bank Defendants acquiesced to both the Court's decision to allow Plaintiffs to split their claims, and the Court's subsequent approval of the Amended Settlement Agreement that reserved Plaintiffs' claims against the Banks. Moreover, they failed to assert claim preclusion as an affirmative defense. Thus, even if Gilbert applied in the class action context, the Banks have waived any res judicata defense by failing to object.

Plaintiffs strongly disagree with the Bank Defendants' position.

**C. Ocwen's statement of its position regarding the vicarious liability claims against the Banks.**

Ocwen's belief regarding the Amended Settlement was that even though the Settlement Agreement would not release any of Plaintiffs' claims against the Bank Defendants, the settlement of Plaintiffs' claims against Ocwen would, by operation of law, extinguish Plaintiffs' vicarious liability claims against the Bank Defendants (i.e., claims against the Bank Defendants based on Ocwen's conduct). Ocwen did not believe that the Amended Settlement would affect any claims the Plaintiffs asserted against the Bank Defendants based on the Bank Defendants'

4

own conduct. Consistent with this view, Ocwen's Memorandum in Support of Plaintiffs' Motion for Approval of First Amended Settlement stated that "the amended settlement does not release class members' claims against the Bank Defendants for the Bank Defendants' own actions." (Dkt. 355 at 1.) Ocwen also believes that the fact that the Amended Settlement, like every settlement, extinguishes vicarious liability claims based on the settling defendant's released conduct, does not in any way undermine the Court's finding that the settlement provides a fair, reasonable and adequate remedy to the class.

### D. The Parties believe that the Bank Defendants' Motion for Summary Judgment does not undermine the Court's approval of the Ocwen settlement.

In holding that the Amended Settlement is fair, reasonable and adequate, the Court observed that the Amended Settlement "excludes the claims against the banks from settlement, meaning that litigation against them may still be viable." (Id.) This conclusion was correct. The Court's observation that the claims against the Bank Defendants "may still be viable" was correct at the time it was made (and Plaintiffs argue, remains correct), and is not undermined by the arguments the Bank Defendants now press that some of those claims are not viable in light of the Amended Settlement.

In approving the Amended Settlement, the Court recognized that (i) the Amended Settlement did not release claims against the Bank Defendants, and (ii) the viability of those claims remained to be decided. These two facts, which remain true, mean that the Amended Settlement improved the benefits to the class over the initial settlement with respect to the claims against the Bank Defendants. If the Court were now to determine, in ruling on the Bank Defendants' motion, that some claims -- the vicarious liability claims -- against the Bank Defendants are not viable, such a decision would not impugn the Court's earlier decision that the

removal of the release from the initial settlement was one of the improved benefits to the class in the Amended Settlement.

In addition, Plaintiffs and Ocwen submit that the Court's conclusion that the settlement was fair, reasonable and adequate was (and remains) amply supported by a fulsome record, including the fact that the settlement is in line with the benefits provided to classes asserting similar claims. See Schulte v. Fifth Third Bank, 805 F. Supp. 2d 560, 584 (N.D. Ill. 2011) (holding it "undoubtedly true" that comparison of settlements in similar cases is relevant to whether a settlement is fair, adequate and reasonable). Ocwen's Memorandum in Support of Plaintiffs' Motion for Approval (Dkt. 355, at 15-18) described various metrics showing that the Amended Settlement was in line with similar settlements, including that the per-class member recovery was greater than the per-class member amount in 76% of other approved settlement.

The Bank Defendants' motion does not in any way undermine the Court's finding that the settlement provides a fair, reasonable and adequate remedy to the class.

### E. Notice to the class stated that the (Initial) Settlement would resolve all claims against the Bank Defendants.

The notice to the class described the terms of the initial settlement, and stated: "The proposed Settlement would resolve all claims in this case, as well as claims at issue in a related case, Snyder v. U.S. Bank, N.A." (Available at https://www.ocwentcpasettlement.com/Content/Documents/Notice.pdf.) Plaintiffs and Ocwen agree that the Amended Settlement improved the terms for class members, because, among other things, the Amended Settlement did not resolve all the claims against the Bank Defendants.

In approving the Amended Settlement, the Court held that new notice to the class was not required, because the Amended Settlement improved the benefits to the class, including with

6

respect to the scope of the release. (Dkt. 360 at 19-20.) Plaintiffs and Ocwen believe that decision was correct and remains correct.

        Respectfully submitted,

        TERRELL MARSHALL LAW GROUP PLLC

        By: /s/ Beth E. Terrell, *Admitted Pro Hac Vice*
        Beth E. Terrell, *Admitted Pro Hac Vice*
        bterrell@terrellmarshall.com
        Adrienne D. McEntee, *Admitted Pro Hac Vice*
        amcentee@terrellmarshall.com
        936 North 34th Street, Suite 300
        Telephone: (206) 816-6603
        Facsimile: (206) 319-5450

        Alexander H. Burke, #6281095
        aburke@burkelawllc.com
        Daniel J. Marovitch, #6303897
        dmarovitch@burkelawllc.com
        BURKE LAW OFFICES, LLC
        155 North Michigan Avenue, Suite 9020
        Chicago, Illinois 60601
        Telephone: (312) 729-5288
        Facsimile: (312) 729-5289

        Guillermo Cabrera
        gil@cabrerafirm.com
        Jared Quient, *Admitted Pro Hac Vice*
        jared@cabrerafirm.com
        THE CABRERA FIRM, APC
        600 West Broadway, Suite 700
        San Diego, California 92101
        Telephone: (619) 500-4880
        Facsimile: (619) 785-3380

        Mark L. Heaney
        mark@heaneylaw.com
        HEANEY LAW FIRM, LLC

601 Carlson Parkway, Suite 1050
Minnetonka, Minnesota 55305
Telephone: (952) 933-9655

*Attorneys for Plaintiffs*

/s/ Simon Fleischmann
Simon Fleischmann (6274929)
sfleischmann@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700

Brian V. Otero, *Admitted Pro Hac Vice*
botero@huntonAK.com
Stephen R. Blacklocks, *Admitted Pro Hac Vice*
sblacklocks@huntonAK.com
Ryan A. Becker, *Admitted Pro Hac Vice*
rbecker@huntonAK.com
HUNTON ANDREWS KURTH
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1000

*Attorneys for Defendant*
*Ocwen Loan Servicing, LLC*

## CERTIFICATE OF SERVICE

      I, Simon Fleischmann, an attorney, certify that I caused the foregoing to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on June 17, 2019.

                                              /s/ Simon Fleischmann
                                              Simon Fleischmann
                                              Dated: June 17, 2019