```
 1                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3

    KEITH SNYDER, individually and on  ) Docket No. 14 C 8461
 4  behalf of all others similarly     )
    situated, et al.,                  )
 5                                     )
                   Plaintiff,          )
 6                                     )
               vs.                     )
 7                                     )
    OCWEN LOAN SERVICING, LLC,         )
 8                                     )
   _____Defendant._____)
 9  KEITH SNYDER, et al.,              ) Docket No. 16 C 11675
                                       )
10                 Plaintiffs,         )
                                       )
11             vs.                     )
                                       )
12  U.S. BANK, N.A., et al.,           ) Chicago, Illinois
                                       ) November 14, 2018
13                 Defendant.          ) 9:34 o'clock a.m.

14
                   TRANSCRIPT OF PROCEEDINGS - STATUS
15             BEFORE THE HONORABLE MATTHEW F. KENNELLY

16
    APPEARANCES:
17

18  For the Plaintiff:        BURKE LAW OFFICES, LLC
                              BY:  MR. ALEXANDER H. BURKE
19                            155 N. Michigan Ave, Suite 9020
                              Chicago, Illinois  60601
20
                              TERRELL MARSHALL LAW GROUP, PLLC
21                            BY:  MS. BETH E. TERRELL
                              936 North 34th Street, Suite 300
22                            Seattle, Washington  98103

23
    For Ocwen:                HUNTON ANDREWS KURTH, LLP
24                            BY:  MR. BRIAN V. OTERO
                              200 Park Avenue
25                            New York, NY 10166
```

```
 1   APPEARANCES (Cont'd):

 2
     For Wilmington Trust:         ALSTON & BIRD, LLP
 3                                 BY:  MR. FRANK A. HIRSCH, JR.
                                   555 Fayetteville Street, Suite 600
 4                                 Raleigh, North Carolina   27601

 5
     For U.S. Bank and             MORGAN, LEWIS & BOCKIUS, LLP
 6   Deutsche Bank:                BY:  MR. KENNETH M. KLIEBARD
                                   77 West Wacker Drive
 7                                 Chicago, Illinois   60601

 8                                 MORGAN, LEWIS & BOCKIUS, LLP
                                   BY:  MR. MICHAEL S. KRAUT
 9                                 101 Park Avenue
                                   New York, New York   10178
10

11   Court Reporter:               MR. JOSEPH RICKHOFF
                                   Official Court Reporter
12                                 219 S. Dearborn St., Suite 1232
                                   Chicago, Illinois   60604
13                                 (312) 435-5562

14
                    * * * * * * * * * * * * * * * * *
15
                          PROCEEDINGS RECORDED BY
16                         MECHANICAL STENOGRAPHY
                        TRANSCRIPT PRODUCED BY COMPUTER
17

18

19

20

21

22

23

24

25
```

1    THE CLERK: Case Nos. 14 C 8461, Snyder vs. Ocwen
2 Loan and 16 C 11675, Snyder vs. U.S. Bank.
3    THE COURT: Let's get everybody in a spot first
4 before you all start talking.
5    (Brief pause.)
6    THE COURT: Okay. So, once everybody gets up here,
7 we're going to start with whoever is on the far end and go
8 across.
9    MR. HIRSCH: Frank Hirsch here for Wilmington Trust.
10    MR. KRAUT: Mike Kraut of Morgan Lewis, for U.S.
11 Bank, National Association, and Deutsche Bank National Trust
12 Company.
13    MR. KLIEBARD: Good morning, your Honor, Ken Kliebard
14 also of Morgan Lewis on behalf of Deutsche Bank National Trust
15 Company and U.S. Bank in the 16 C 11675 matter.
16    THE COURT: So, everybody so far is from what I'll
17 call the bank case.
18    Go ahead.
19    MR. OTERO: Good morning, your Honor, Brian Otero,
20 Hunton Andrews Kurth, for Ocwen.
21    MS. TERRELL: Good morning, your Honor, Beth Terrell
22 on behalf of plaintiffs.
23    MR. BURKE: Alex Burke for plaintiffs.
24    THE COURT: So, did you have your meeting with Mort
25 Denlow?

1       MR. OTERO:  Yes.
2       MS. TERRELL:  We did, your Honor.
3       THE COURT:  And?
4       MS. TERRELL:  So, the plaintiffs and Ocwen have
5  reached an agreement in principle to settle the case.  It
6  includes additional consideration.
7       It is subject to board approval.  So, I think the
8  details need to be under wraps for now.
9       THE COURT:  And it's a different board at this point,
10 right?  Or at least you're going to have to get sign-off from
11 the new company?
12      MR. OTERO:  It's always changing.
13      THE COURT:  Right.  Okay.
14      MS. TERRELL:  Yeah.
15      And that settlement does not include a release for
16 the bank defendants.
17      THE COURT:  Okay.
18      And the bank defendants were at this mediation?
19      MS. TERRELL:  They were.
20      THE COURT:  So, that case is not going to be disposed
21 of?
22      MS. TERRELL:  That's correct.
23      THE COURT:  Okay.  All right.
24      So, I've already set a schedule for discovery in the
25 bank case.  So, we don't need to fiddle with that at all.  So,

1  I guess the question would be, when should I -- we can do it
2  by phone, I think, in terms of a report on where you are on
3  the Ocwen case.
4          When should I talk to you?
5          MR. OTERO:  We were thinking, your Honor, that maybe
6  a date -- I think we talked about January 11th -- to submit to
7  your Honor a renewed motion for final approval would work.
8          THE COURT:  That's fine.
9          So, this is just in the '14 case, Pam.
10         The deadline for submitting a revised motion for
11 approval -- settlement approval -- is January the 11th.
12         So, let me ask a question now that I'm thinking about
13 this.  So, I'm going to ask the question, and I'm going to
14 sort of suggest a possible answer.
15         So, one question would be, do we have to send out
16 another notice to the class?
17         So, if the settlement is likely to be better for the
18 class, an argument could be made nobody objected before, why
19 do we need to do that?
20         MS. TERRELL:  That's correct, your Honor.
21         THE COURT:  You've thought about this, I assume?
22         MS. TERRELL:  We've thought about it a fair amount.
23 I mean, it's a substantial amount of money.
24         So, our sense is -- and the case law supports it --
25 that --

```
1                THE COURT:  Is there law on this?  Okay.
2                MS. TERRELL:  Yeah, there's law on it.
3                -- that it's a betterment of the settlement; and, so,
4    class members don't have any need --
5                THE COURT:  You didn't get a single objection before,
6    right?
7                MS. TERRELL:  There were a couple -- there were three
8    that --
9                THE COURT:  Yeah, fair enough.  Okay.
10               MS. TERRELL:  Yeah.
11               THE COURT:  Fair enough.
12               I'm thinking maybe one of them was mostly about fees,
13   though, which is, you know --
14               MS. TERRELL:  I think that's right.
15               THE COURT:  Anyway, whatever.
16               So, your thinking is that you don't -- we don't need
17   to send it out again?
18               MS. TERRELL:  That's right.  We're thinking this
19   would be styled as a renewed motion --
20               THE COURT:  Yes.
21               MS. TERRELL:  -- for final approval.
22               THE COURT:  Fair enough.  Okay.
23               MS. TERRELL:  And we wouldn't have new claims.  We
24   wouldn't have new opt-outs.  It would really just be the
25   additional consideration made available to the class.
```

1       THE COURT:  That all makes sense to me.  My
2  suggestion is, in the motion, put the authority that
3  supports --
4       MS. TERRELL:  We will.
5       MR. OTERO:  Yes.
6       THE COURT:  -- not doing that.
7       MR. OTERO:  Of course.
8       MS. TERRELL:  Yes.
9       THE COURT:  And, then, I'm going to -- is January the
10 17th okay for a hearing date on it?
11      MS. TERRELL:  Yes.
12      THE COURT:  Do we have to go through --
13      MR. OTERO:  There may be --
14      THE COURT:  Is there like Attorney General-type --
15 state Attorney General-type -- stuff on this case?
16      MS. TERRELL:  Well, we sent the CAFA Notice.
17      THE COURT:  Do you have to do it again?  See, that's
18 --
19      MS. TERRELL:  I don't believe we would have to, but I
20 think we should look at that.
21      THE COURT:  You might want to look at that.
22      MR. OTERO:  We'll look at that as well, and --
23      THE COURT:  So, let's do this --
24      MR. OTERO:  -- there may be --
25      THE COURT:  I'm going to tentatively set it for a

1  fairness hearing on January the 17th at 9:30.  But what I'd
2  like to do is have a phone call with you in about a month.
3  Hopefully, that will give you a chance to have looked at this
4  stuff --
5          MS. TERRELL:  Yes.
6          THE COURT:  -- and kind of sort it all out.
7          MS. TERRELL:  Definitely.
8          THE COURT:  So, let's say 12 -- could you do a call
9  on the 19th of December at 8:45?
10         MS. TERRELL:  Yes, your Honor.
11         THE COURT:  So, this is just for Snyder.
12         Anybody else that wants to join in, you can; but,
13 technically, it's going to be just for Snyder.
14         So, the motion for interim class counsel, was it
15 really more directed to the bank case, or was it both of them;
16 or, is it effectively going to be just about the bank case at
17 this point, given what's happened?
18         MS. TERRELL:  I believe it's directed at both cases.
19         THE COURT:  Because you filed it before you had the
20 mediation, obviously.
21         MS. TERRELL:  We did.
22         We actually feel it's important to have that motion
23 decided one way or another for both cases.
24         THE COURT:  Do you know what Mr. Ankcorn's position
25 is on it?

1    I mean, I can give him a date to respond to it or
2 whoever wants --
3    MS. TERRELL:  We think you should give him a date to
4 respond to it.  I'm not sure what his response will be.
5    THE COURT:  Okay.  Fair enough.  All right.
6    And let's enter this order in both cases, then, Pam.
7    So, any objections to the motion for appointment of
8 interim lead class counsel are to be filed within two weeks,
9 which should be the 28th of November.
10   Okay.  So, what else is on the table?
11   MR. OTERO:  I think your Honor had recently set a
12 number of deadlines on sort of the adversarial track in the
13 Ocwen case.
14   THE COURT:  Yeah.
15   MR. OTERO:  And we want those adjourned.
16   THE COURT:  So, the revised discovery deadlines in
17 the '14 case -- which is Ocwen -- are vacated.  They stay in
18 effect on the other one.
19   So, what, if anything, do we need to talk about
20 regarding the 2016 case, then?  Anything at all or are you
21 just going to kind of --
22   MS. TERRELL:  So, I think we're --
23   THE COURT:  -- start gearing up and --
24   MS. TERRELL:  I think we've got a good path going
25 forward.  It includes a little bit of confirmatory discovery

1   on the injunctive relief component, and there's good news
2   there that we'll report to you when we file our papers.
3              THE COURT:  Okay.
4              MS. TERRELL:  But we do need to button that down.
5              THE COURT:  Okay.
6              MR. BURKE:  And in the 2016 case, we're just going to
7   litigate.
8              THE COURT:  Yeah --
9              MS. TERRELL:  Yeah.
10             THE COURT:  -- you're just going to sort of --
11             MS. TERRELL:  Yeah.
12             THE COURT:  -- move ahead.
13        Okay.  Anything anybody needs to report?
14      (No response.)
15             THE COURT:  Okay.  So, let's -- actually, it doesn't
16  hurt to make that phone call in December for both cases, and
17  then we'll separate them out after that.  So, let's make
18  the --
19        Does that date work for you all, too?
20        So, I think with so many people on the call, it's
21  going to make sense for somebody to set up a call-in number
22  that we can all call in to and just let everybody know --
23  somebody volunteer and just let everybody know -- a day ahead
24  of time.  Okay?
25             Great.  Thanks a lot.

1          MR. OTERO:  Thanks, your Honor.

2          MS. TERRELL:  Thanks, Judge.

3                    *     *     *     *     *

4

5   I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
6

7
    /s/ Joseph Rickhoff                    June 17, 2019
8   Official Court Reporter