UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Keith Snyder and Susan Mansanarez, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:14-cv-08461 |
| Plaintiffs, | ) ) | Honorable Matthew F. Kennelly |
| v. | ) ) | Consolidated |
| Ocwen Loan Servicing, LLC, | ) ) ) | |
| Defendant. | ) ) | |
| Tracee A. Beecroft, on behalf of herself and all others similarly situated, | ) ) ) | Case No. 16-cv-08677 |
| Plaintiff, | ) ) | Honorable Matthew F. Kennelly |
| v. | ) ) | Consolidated |
| Ocwen Loan Servicing, LLC, | ) ) ) | |
| Defendant. | ) | |

**OCWEN'S RULE 59(e) MOTION TO ALTER OR AMEND THE FINAL JUDGMENT AND FINAL APPROVAL ORDER OR, ALTERNATIVELY, FOR RULE 60(b) RELIEF**

Ocwen respectfully moves pursuant to Federal Rule of Procedure 59(e) to alter or amend the Final Judgment (Dkt. 369) and the Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiffs' Claims (Dkt. 362) ("Final Approval Order"), or, in the alternative, for limited relief from the Final Approval Order under Rule 60(b)(6).

The Final Approval Order requires the Settlement Administrator to distribute to Claimants approximately $15 million in settlement relief within 60 days after the Final Settlement Date. (Final Approval Order ¶ 20; Amended Settlement Agreement § 7.5 (Dkt. 252-1).) The Final Settlement Date is the date when the time for appeal of the Final Judgment has

passed, (*id.* § 2.16), that is, 30 days after the entry of a final judgment (Fed. R. App. P. 4(a)(1)(A)). The Final Approval Order also requires the Settlement Administrator to pay to class counsel $4,193,635.00 in attorneys' fees within 5 days after the Final Settlement Date, (Final Approval Order ¶ 19(d) & (e); Amended Settlement Agreement § 15.1.1), and to pay Plaintiffs' incentive awards of $30,000 by the same date. (Final Approval Order ¶ 23; Amended Settlement Agreement § 15.2.1.) These provisions mean that the Settlement Administrator would be required to start paying out millions of dollars to class members and Plaintiffs' counsel within the next few days.[1]

However, the Court has stated that if the settlement reflected in the Final Approval Order were held to have extinguished the vicarious liability claims against the trustee defendants in the related 16-cv-11675 case, "that would have serious implications for the continued viability of the *Ocwen* settlement." (July 14, 2019 Mem. Opinion and Order in 16-cv-11675 (Dkt. 157) at 6.) The Court also stated at the July 15, 2019 status conference in the 16-cv-11675 case that "if some day somebody else, you know, in a higher floor of this building concludes I was wrong about that, about the merits of the ruling that I made the other day, in other words, that concludes that those claims were extinguished, then I'm going to expect a Rule 60(b) motion because that will have been a material factor that I was misled on. I mean, a 60(b) motion in the Snyder case, and if I don't get one, I might do it on my own instance." (July 15, 2019 Tr. at 10:7-14).

There thus exists a credible possibility that the settlement here could be undone, depending on appellate review of the Court's ruling on the viability of the vicarious liability claims in the case against the trustees. Were withdrawal of final approval to happen after the

---

[1] This motion has the effect of staying the commencement of that pay out until the motion is decided because it will stay the time to take an appeal, so stay the finality of the settlement. Fed. R. App. P. 4(a)(4).

payments triggered by the Final Settlement Date were made, it would be infeasible to recover funds paid out to claimants, plaintiffs and counsel and Ocwen would have paid many millions of dollars for nothing. This outcome can be avoided though if the Court orders the definition of "Final" in the Amended Settlement Agreement to be changed to account for proceedings in the related case, thus extending the deadlines to make the payments described above.

Rule 59(e) allows a court to alter or amend an order or judgment to prevent "manifest injustice." S.E.C. v. Hollinger Int'l, Inc., 2004 WL 422729, at *6 (N.D. Ill. Mar. 2, 2004) (internal quotations omitted), order vacated in part, 2004 WL 1125904 (N.D. Ill. May 19, 2004).[2] The injustice to be prevented here is millions of dollars of Ocwen's funds being disbursed pursuant to a class settlement which may become void, with no feasible means to recover those funds. The deadline for these disbursements currently is based on final resolution of proceedings in this case. (Amended Settlement Agreement § 2.16.) But, as indicated by the Court, the proceedings in the 16-cv-11675 trustees' case may result in withdrawal of the Final Judgment and Final Approval Order in this case.[3] Hence, the way to avoid injustice is to alter the Final

---

[2] The Final Judgment was entered on July 1, 2019, so this motion is made within the 28-day time period for making Rule 59(e) motions. To the extent that entry of the Final Approval Order may be construed as starting the time period for a Rule 59(e) motion to amend that order, Ocwen had no basis prior to entry of the Court's July 14 order in the Trustee matter to move to amend the Final Approval Order, for it was not until that date that Ocwen could be certain that the vicarious liability claims would continue and that the settlement could be undone if the vicarious liability ruling was reversed on appeal. The unique circumstances regarding this sequence makes this motion timely under the "unique circumstances" exception to Rule 59(e)'s 28-day deadline. Mobley v. C.I.A., 806 F.3d 568, 577-78 (D.C. Cir. 2015) (holding under unique circumstances doctrine that litigant's late Rule 59 filing was justified based on his reliance on court's order in parallel case). This motion is being filed promptly after the transcript of the July 15 status conference became available, and so is being filed promptly after the complete record regarding this issue became available.

[3] The Final Approval Order is a "judgment" for purposes of Rule 59(e) because "Rule 59(e) applies to final judgments which include 'a decree and any order from which an appeal lies.'" Mary P. v. Illinois State Bd. of Educ., 934 F. Supp. 989, 991 (N.D. Ill. 1996).

Judgment and Final Approval Order to align the settlement deadlines in this matter with the 16-cv-11675 case. The revised definition of "Final" would read as follows, with all other provisions of the Final Judgment and Final Approval Order remaining the same:

> "Final" with respect to the Final Approval Order, the Judgment, and any award of Attorneys' Fees and Expenses means that (1) the time for appeal or writ review of the Final Approval Order, the Judgment, and any award of Attorneys' Fees and Expenses has expired or, if an appeal or petition for review is taken and dismissed or the Settlement (or award of Attorneys' Fees and Expenses) is affirmed, the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has expired, and (2) either (i) no timely Rule 60(b) motion for relief from the Judgment has been made after the time for any appeal or writ review for any final order or final judgment completely disposing of the civil action styled *Snyder, et al. v. U.S. Bank, N.A., et al.*, No. 1:16-cv-11675 MFK (N.D. Ill.), has expired or, if an appeal or petition for review is taken of such final order or final judgment, after the time period during which further petition for hearing, appeal, or writ of certiorari can be taken has passed, or (ii) if such a timely Rule 60(b) motion was made, that motion has been denied either by the Court or on a subsequent appeal or petition for review and the time period during which further petition for hearing, appeal, or writ of certiorari on the denial of that motion can be taken has expired. If the Final Approval Order and/or Judgment is set aside, modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Final Approval Order and/or Judgment shall not become Final.

In the alternative, Rule 60(b)(6) allows the Court to grant relief from any order for "any … reason [that] justif[ies] relief." The rule is intended to "cover unforeseen contingencies" in which "extraordinary circumstances or hardship is found." U.S. v. McDonald, 86 F.R.D. 204, 208 (N.D. Ill. 1980), quoting in part 7 Moore's Federal Practice ¶ 60.27(2). The prospect of irreparable injury is a reason justifying relief. Id. at 208-209 (granting Rule 60(b)(6) motion and amending foreclosure decree to allow for homestead exemption where defendant otherwise would have forfeited entitlement to $10,000 in foreclosure proceeds). The contingency here -- that the settlement may be voided after Ocwen's funds are disbursed -- would impose a significant hardship on Ocwen by depriving it of millions of dollars with no feasible means of recovering them.

4

Ocwen thus respectfully requests that the Court alter or amend the Final Judgment and Final Approval Order under Rule 59(e) to revise the definition of "Final" as set forth above, or that the Court provide relief to Ocwen pursuant to Rule 60(b)(6) by entering an order providing that settlement deadlines are to be calculated based on the revised definition of "Final" as set forth above.

Dated: July 24, 2019

                                          Respectfully submitted,

                                          OCWEN LOAN SERVICING, LLC

                                          By: /s/ Simon Fleischmann
                                                  One of Its Attorneys

Simon Fleischmann (6274929)
sfleischmann@lockelord.com
Thomas J. Cunningham (6215928)
tcunningham@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: 312-443-0700

Brian V. Otero, Admitted Pro Hac Vice
botero@hunton.com
Stephen R. Blacklocks, Admitted Pro Hac Vice
sblacklocks@hunton.com
Ryan A. Becker, Admitted Pro Hac Vice
rbecker@hunton.com
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1000

5

**CERTIFICATE OF SERVICE**

    I, Simon Fleischmann, an attorney, certify that I caused the foregoing to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on July 24, 2019.

    /s/ Simon Fleischmann