UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Keith Snyder and Susan Mansanarez, individually and on behalf of all others similarly situated, | Case No. 1:14-cv-08461 |
| Plaintiffs, | Honorable Matthew F. Kennelly |
| v. | Consolidated |
| Ocwen Loan Servicing, LLC, | |
| Defendant. | |
| Tracee A. Beecroft, on behalf of herself and all others similarly situated, | Case No. 16-cv-08677 |
| Plaintiff, | Honorable Matthew F. Kennelly |
| v. | Consolidated |
| Ocwen Loan Servicing, LLC, | |
| Defendant. | |

**Ocwen's Reply Memorandum in Further Support
of Its Motion for Relief Under Rules 59(e) or 60(b)**

The Court has made it clear that the class settlement in this case hangs in the balance. If the Court's opinion on vicarious liability in the separate but related case brought by Plaintiffs against the Trustees is ever reversed, the Court has indicated that it would expect a motion to be filed so that it can reconsider the approval of the settlement. That could result in the Court undoing the settlement and the release at its core. But the Court would be unable to undo the distribution of over $21 million to Plaintiffs, class members and their counsel. The result could be a forfeiture of many millions of dollars in exchange for nothing. Ocwen's motion proposes a

practical way to avoid such an injustice, by holding distribution of settlement funds in abeyance until the ultimate fate of the settlement is determined.

Against this appeal to basic fairness, Plaintiffs make an insupportable argument. Class counsel claim that Ocwen misled them by not telling them about basic principles of black-letter law. "You didn't tell us that the release of an agent might bar a claim against a principal based on the agent's conduct!" they lament. "How were we expected to know that?" But Plaintiffs' counsel are not innocents, thrust for the first time into litigation with "sophisticated lawyers," as they suggest. They have settled enough cases in their careers to know the law, and it is not credible -- not at all -- that they didn't understand the basics of agent-principal liability. But they're now ready to proclaim their ignorance, in order to preserve an imminent $4.5 million fee payout.

But what happens if the Court later decides to set aside the settlement? Plaintiffs don't say. Are class counsel going to hand back their $4.5 million fee? Are they going to keep it in escrow until then? Or are they going to force Ocwen to sue them to get it back? They are silent on this, as they are on how Ocwen might recover payments to the class when the settlement is undone. On this latter point, all they really offer is a shoulder shrug: too bad for you, Ocwen.

Plaintiffs' counsel are before the Court as zealous advocates, so not bound by principles of justice and fair dealing. But the Court is bound by those principles, so cannot merely shrug its shoulders and say "too bad." There is a real problem here if, as the Court has suggested, it scuppers the settlement if its decision on the vicarious liability of the Trustees is ever reversed. Ocwen will in such circumstances have paid out over $21 million that it is very unlikely to recover. The Court can prevent that injury if it grants Ocwen's motion.

2

Or the Court can deny the present motion, later undo the settlement, and then what? Nobody knows. That scenario will be simply unprecedented: research has revealed no occasion where a court has undone a settlement after a class has been paid, so we cannot advise the Court of what might happen then. There simply is no precedent. But this much is clear: such an outcome would inflict a huge injustice on Ocwen. There has been no determination of the merits of this case and Ocwen has substantial defenses to class certification and on the merits. Ocwen was willing to compromise its claims, but not willing to pay out the settlement amount only to have the class claims resuscitated by the Court if it is reversed on appeal in another case.

Plaintiffs urge the Court to deny the motion and punish Ocwen for not telling them and the Court about basic principles of law. Plaintiffs' urgings -- whether simply vindictive or just in eager anticipation of their $4.5 million payout -- should be resisted. The Court can prevent the injury that Plaintiffs ask it to visit upon Ocwen by granting this motion. The alternative is injustice.

Plaintiffs' legal arguments are also misplaced. They suggest that their consent is required to adjust the deadline triggering the payout of class relief and their fees. But the case they rely on doesn't stand for that proposition. <u>Keepseagle</u> says that any party seeking to modify an agreement "bears the burden of demonstrating a legal basis for doing so." <u>Keepseagle v. Vilsack</u>, 118 F. Supp. 3d 98, 115 (D.D.C. 2015). The legal basis here is Rules 59 or 60. <u>Keepseagle</u> doesn't hold that Rule 60 can't be used to amend a class settlement, only that the parties there had not met the burden for invoking it. <u>Id.</u> at 123-28 (discussing why requirements for Rule 60(b)(5) & (6) relief were not met in that case). Nor is consent required in order to make the Rule 59 or 60 application. How could it be? If extraordinary circumstances fundamentally change the fairness of a settlement agreement to the prejudice of just one party,

3

what incentive would an opposing party ever have to consent to that request for relief? The Federal Rules don't contemplate one party having veto power over the justice and fairness requirements of the Federal Rules.

Plaintiffs claim as well that relief under Rules 59 and 60 is not available for "procedural missteps." (Br. at 6.) The suggestion here is that Ocwen and its "sophisticated lawyers" hoodwinked an experienced federal jurist and a team of four plaintiffs' law firms about black-letter agent-principal law, and that this "gambit" justifies the multimillion dollar injury that will result from undoing the settlement after plaintiffs and their counsel have been paid. Even if, in some world very different from this one, it might plausibly be said that Ocwen deceived Plaintiffs by not "disclosing" a long-established principle of law, $21.5 million is a wildly disproportionate penalty -- one imposed, moreover, without the constitutional safeguards of due process and the right to appeal.

## Conclusion

Ocwen did not mislead Plaintiffs about <u>anything</u>. The Court should grant this motion to prevent a gross injustice.

Dated: August 5, 2019

Respectfully submitted,

/s/ Simon Fleischmann
Simon Fleischmann (6274929)
sfleischmann@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL 60606
Phone: 312-443-0700

        Brian V. Otero, Admitted Pro Hac Vice
botero@hunton.com
Stephen R. Blacklocks, Admitted Pro Hac Vice
sblacklocks@hunton.com
Ryan A. Becker, Admitted Pro Hac Vice
rbecker@hunton.com
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 309-1000

Attorneys for Defendant
Ocwen Loan Servicing, LLC

## CERTIFICATE OF SERVICE

      I, Simon Fleischmann, an attorney, certify that I caused the foregoing to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on August 5, 2019.

                                              /s/ Simon Fleischmann
                                              Simon Fleischmann

Dated: August 5, 2019